IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES L. ROBINSON,           )
    #121865,                 )
                             )
    Petitioner,              )
                             )
v.                           )       CASE NO.
                             )       1:06-CV-1061-MHT
                             )
JAMES DELOACH, WARDEN        )
    *et al.*,                )
                             )
    Respondents.             )

ANSWER
and
MOTION TO DISMISS PETITION
CHALLENGING MULTIPLE CONVICTIONS
IN A SINGLE PETITION

Come now the Respondents by and through the Attorney General of the

State of Alabama and in response to the petition for writ of habeas corpus make the

following answer and motion to dismiss Robinson's petition for writ of habeas

corpus.

1. Robinson is currently incarcerated in the Alabama state prison system at

Draper Correctional Facility.  In his petition currently before this Court, Robinson

challenges his May 4, 1999, guilty-plea convictions in the Houston County,

Alabama Circuit Court for possession of a forged instrument in the second degree

and breaking and entering an automobile.[1] Robinson further challenges his May 4, 1999, sentences of twenty-five years' imprisonment for each conviction, with the sentences to run concurrently with the sentences imposed in each of the other cases.

    2.  Respondents assert that Robinson's claim that his right to equal protection was violated is procedurally barred.

    3.  Respondents assert that Robinson's claim that his guilty plea was unlawfully induced and not knowingly entered is procedurally barred.[2]

    4.  Respondents deny that Robinson is innocent.

    5.  Respondents deny that any of Robinson's federal constitutional rights have been violated by the State of Alabama incident to his conviction and sentence in this case.

---

[1] On the same day, May 4, 1999, Robinson entered guilty pleas to five different cases in the Houston County Circuit Court:  CC-1998-1222 (possession of a forged instrument in the second degree), CC-1998-1486 (breaking and entering an automobile), CC-1998-1626 (forgery in the second degree), CC-1998-1627 (forgery in the second degree), and CC-1998-1628 (breaking and entering an automobile).  (See Exhibit A) Robinson only enumerates cases numbered CC-1998-1222 and CC-1998-1628 in his petition before this Court. (Robinson's petition, pg. 1)

[2] Robinson did not enumerate this issue in his petition; however, in his "Procedural History And Facts Of Case", he argued that he entered into the plea agreement based upon his understanding that he would be sentenced to twenty-five years, split, with ten years to serve.  Out of an abundance of caution, this writer will address this issue herein, as well as the equal protection argument that Robinson enumerated in his petition.

6. Respondents assert that Robinson's petition should be dismissed without prejudice because his petition challenges multiple convictions resulting from multiple indictments returned on different dates, and to allow Robinson to file separate petitions challenging his multiple convictions and to clarify which claims apply to each conviction.

7. Respondents aver that, based on the contents of this answer and accompanying exhibits, this petition is due to be denied and dismissed with prejudice, or in the alternative, dismissed without prejudice to allow Robinson to file a separate petition as to each conviction.

## CHRONOLOGY OF THE CASE

James Lenwood Robinson was indicted by the Houston County Grand Jury on August 19, 1998, for possession of a forged instrument in the second degree in case number CC-1998-1222. (Exhibit A, pg. 1)  Robinson was later indicted on November 9, 1998 for breaking and entering an automobile in case number CC-1998-1628.  (Exhibit A, pg. 9)

Robinson entered guilty pleas as charged on May 4, 1999, and was sentenced the same day to twenty-five years' imprisonment.  It should be noted that the trial court clearly sentenced Robinson to twenty-five years' imprisonment, with fifteen years to run concurrent with the remaining fifteen years Robinson had

3

to serve on case number CC-1988-125. No portion of the sentence was suspended, as Robinson contends. (Exhibit A, pg. 2, 10) Robinson did not pursue a direct appeal of his convictions to the Alabama Court of Criminal Appeals.

### CC-1998-1222

On May 24, 1999, Robinson filed a motion for "Reconsideration of Consecutive Sentences, For Order By Nunc Pro Tunc". The trial court denied the motion on May 26, 1999. (Exhibit A, pg. 2)

### CC-1998-1628

On May 24, 1999, Robinson filed a motion for "Reconsideration of Consecutive Sentences, For Order By Nunc Pro Tunc". The trial court denied the motion on May 26, 1999. (Exhibit A, pg. 10)

On January 19, 2005, Robinson filed a Petition or Writ of Habeas Corpus in the Houston County Circuit Court, alleging that:

1.  By law, he was entitled to "good time credit";

2.  Section 13A-5-9 was unevenly applied to his case, in violation to his right to equal protection;

3.  Split sentencing rules are unfair.

(Exhibit B) The trial court dismissed the petition and Robinson appealed to the Alabama Court of Criminal Appeals. The case was docketed as case number CR-04-1138. The State responded and on June 10, 2005, the Court of Criminal Appeals affirmed the lower court's ruling. (Exhibit H) The Alabama Court of

4

Criminal Appeals issued a Certificate of Judgment on July 20, 2005. (Exhibit I) Robinson did not apply for rehearing in the Alabama Court of Criminal Appeals, nor did he apply for a writ of certiorari in the Alabama Supreme Court.

On October 18, 2005, Robinson filed a "Motion To Vacate Order and Amend" and a "Motion To Amend and Supplement Under Statute's 13A-5-9.1 and Code Of Al. 1975 14-9-41(a)(e)", alleging that he qualified under Ex Parte Kirby to have his sentence reconsidered, that he should be entitled to earn "good time credit", and that failure to grant him reconsideration or "good time credit" violated his right to equal protection under the law . His motions were denied by the trial court because Robinson's sentence did not qualify for reconsideration under Alabama law. (Exhibit C)

On October 25, 2005, Robinson filed a notice of appeal. His case was docketed in the Alabama Court of Criminal Appeals as case number CR-05-0233. Robinson claimed that the trial court erred in denying his motion to reconsider his sentence on grounds that his sentence was not eligible for reconsideration. (Exhibit D)  The State responded and on January 20, 2006, Robinson filed a reply brief and argument. (Exhibit E)

On June 23, 2006, the Alabama Court of Criminal Appeals affirmed the trial court's denial of Robinson's motion to reconsider his sentence in an unpublished memorandum opinion, finding that Robinson's sentence in the underlying case was

not eligible for reconsideration under Section 13A-5-9.1 Alabama Code (1975).

(Exhibit F)  The Alabama Court of Criminal Appeals issued a Certificate of

Judgment on July 11, 2006. (Exhibit G)  Robinson did not apply for rehearing in

the Alabama Court of Criminal Appeals, nor did he apply for a writ of certiorari in

the Alabama Supreme Court.

### CC-1998-1222 and CC-1998-1628

On October 10, 2006[3], Robinson filed a Rule 32 petition in the Houston

County Circuit Court as to case numbers CC-1998-1222 and CC-1998-1628.  As

grounds for his petition, Robinson raised the following claims:

1.    His guilty plea was not knowingly entered because he thought
      he was being sentenced to twenty-five years' imprisonment,
      with fifteen years suspended; and,

2.    The actual length of his sentence was newly discovered
      information to him.

Even though this writer has not received official documentation, this writer

personally spoke to Circuit Judge Edward Jackson by telephone on December 19,

2006 and was informed that the petition has been dismissed on grounds that

Robinson's claims were insufficiently pleaded and time-barred.

On November 27, 2006, Robinson filed this present §2254 petition raising,

as best this writer can ascertain, the following grounds for relief:

---

[3] Robinson's petition was stamped as having been received and filed by the circuit
clerk on December 4, 2006.

1. That his right to equal protection was violated because his sentence was not eligible for reconsideration or "good time credit"; and,

2. That his guilty plea was unlawfully induced and not knowingly entered.

## GROUNDS FOR DISMISSAL

Respondents assert that Robinson's petition should be dismissed without prejudice to give him an opportunity to file separate petitions challenging his multiple convictions. As demonstrated by the procedural history above, the two convictions challenged differ in that they were indicted at different times and involve different criminal acts. Further, Robinson has treated them differently in the various post-trial motions and petitions that he has filed. Rule 2(e) of the United States Code Governing Section 2254 cases provides that, "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Respondents aver that Rule 2(e) prohibits challenging multiple, unrelated convictions in a single petition. Ordinarily, the Respondent would recommend that this petition be dismissed on these grounds; however, such action would be futile because Robinson's claims as to both of his convictions are barred by the statute of limitation as set forth below.

## STATUTE OF LIMITATION

State inmates seeking federal habeas review of their claims have a one-year statute of limitation, unless the conviction was final before the effective date of the AEDPA, which was April 24, 1996. Robinson was sentenced (in both cases challenged in his petition) on May 4, 1999. His last day to file a notice of appeal in state court was June 16, 1999.[4] From that date, over six years passed until Robinson filed his motions in the trial court in case number CC-1998-1222, and more than five years passed until Robinson filed his habeas corpus petition in the trial court in case number CC-1998-1628. Clearly, more than one year elapsed between the day Robinson's judgment became final until he filed any motion or petition in the state court that would toll the time within which he could timely file his §2254 petition. Thus, his petition is time-barred.

## EXHAUSTION

Moreover, the claims in this petition are either technically exhausted for having been presented in state court or are effectively exhausted because there is no longer an available state remedy as the time has long expired to take a direct appeal. Further, the case action summary in case number CC-1998-1628 indicates

---

[4] According to Rule 4.1, Alabama Rules of Appellate Procedure, Robinson's motion for reconsideration of sentence did not toll the time within which he could file a timely notice of appeal.

that Robinson currently has a Rule 32 petition pending in the trial court. Any

additional post-conviction petition in case number CC-1998-1628 would be

precluded by Alabama Rules of Criminal Procedure Rule 32.2(b) as a successive

petition, and any post-conviction petition in case number CC-1998-1222 would be

time-barred, absent a showing by the petitioner that the trial court lacked

jurisdiction, or that material newly discovered evidence exists which could not

have been discovered earlier.


## PROCEDURAL DEFAULT

The claims raised by Robinson in this present habeas petition are also

procedurally defaulted on more than one basis. First, the grounds are procedurally

defaulted for not having raised them on direct appeal. *See,* Bailey v. Nagle, 172 F.

2d 1299, 1302-1303 (11th Cir. 1999), *citing* Wainwright v. Sykes, 433 U.S. 72, 87

(1977). The claims are also procedurally defaulted for having failed to present

them to the highest state court either on direct appeal or appeal of the denial of the

state habeas petition. O'Sullivan v. Boerckel, 526 U.S. 838, 843-845 (1999).

Additionally, the grounds of the petition that were presented to the state court in

his state habeas petition are procedurally barred for Robinson's having failed to

present them on appeal from the denial of the state habeas petition. *See*, Collier v.

Jones, 910 F. 2d 770 (11th Cir. 1990).

In sum, no further habeas review or relief is due on this petition until such time that Robinson establishes cause and prejudice for his default and this Court determines this issue adversely to Respondents. *See*, <u>Jones v. White</u>, 992 F. 2d 1546, 1565 (11th Cir. 1993).

## CONCLUSION

Based on the foregoing, this petition is due to be denied and dismissed with prejudice.

## EXHIBIT LIST

Exhibit A -    Copies of the trial court's Case Action Summaries. CC-1998-1222, CC-1998-1486, CC-1998-1626, CC-1998-1627, and CC-1998-1628.

Exhibit B -    Copy of the record on appeal to the Alabama Court of Criminal Appeals regarding the appeal of the dismissal of Robinson's petition for a writ of habeas corpus in State court in case number CC-1998-1628.  Alabama Court of Criminal Appeals case number CR-04-1138.

Exhibit C -    Copy of the record on appeal to the Alabama Court of Criminal Appeals regarding the appeal of the denial of Robinson's motions to reconsider his sentence in case number CC-1998-1628.  Alabama Court of Criminal Appeals case number CR-05-0233.

Exhibit D -    Copy of Robinson's brief on appeal.  Alabama Court of Criminal Appeals case number CR-05-0233.

10

Exhibit E -   Copy of Robinson's reply brief and argument. Alabama
Court of Criminal Appeals case number CR-05-0233.

Exhibit F -   Memorandum opinion of the Alabama Court of Criminal
Appeals affirming the trial court's summary dismissal of
Robinson's motions to reconsider his sentence in CC-
1998-1628. Alabama Court of Criminal Appeals case
number CR-05-0233.

Exhibit G -   Certificate of Judgment issued by the Alabama Court of
Criminal Appeals as to CC-1998-1628. (Alabama Court
of Criminal Appeals case number CR-05-0233.)

Exhibit H -   Memorandum opinion of the Alabama Court of Criminal
Appeals affirming the trial court's summary dismissal of
Robinson's motions to reconsider his sentence in CC-
1998-1628. Alabama Court of Criminal Appeals case
number CR-04-1138.

Exhibit I -   Certificate of Judgment issued by the Alabama Court of
Criminal Appeals as to CC-1998-1628. (Alabama Court
of Criminal Appeals case number CR-04-1138.)

Exhibit J -   Copy of Robinson's "Habeas Corpus - Rule 32 Relief"
petition filed in the circuit court on October 10, 2006.

Respectfully submitted,

Troy King, ID #KIN047
*Attorney General*
By-

s/Nancy M. Kirby
Nancy M. Kirby ID #KIR031
*Deputy Attorney General*

11

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of December, 2006, I electronically filed the foregoing Answer and exhibits with the Clerk of the Court using the CM/ECF; and I hereby certify that I have mailed by United States Postal Service the foregoing (including all exhibits) to the following non-CM/ECF participants:

James Lenwood Robinson, AIS #121865, 565 Bibb Lane, Brent, AL 35034.

Respectfully submitted,

s/Nancy M. Kirby (KIR031)
Nancy M. Kirby (KIR031)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone:  (334)  242-7300
Fax:  (334)  242-2848
E-Mail: nancykirbylaw@bellsouth.net

2115022/102559-001

ACS0970              ALABAMA  JUDICIAL INFORMATION SYSTEM        CASE: CC 98 001222.00
OPER: PAS                    CASE ACTION SUMMARY
PAGE:  1                      CIRCUIT  CRIMINAL                  RUN DATE: 09/23/98
IN THE CIRCUIT COURT OF  HOUSTON
                                                                       JUDGE: SE.

STATE OF  ALABAMA                    VS        ROBINSON JAMES LENWOOD
                                               616 PINTO DR
CASE: CC 98 001222.00
                                               DOTHAN, AL  36301 0000

DOB: 01/20/52           SEX: M  RACE: B  HT: 5 09  WT: 210  HR: BLK EYES: BRO
SSN: 420729201   ALIAS NAMES:

CHARGE1: POSS FORGED INSTR 2N          CODE1: CFF2 LIT: POSS FORGED INS TYP: F
MORE?:       OFFENSE DATE: 11/11/97  AGENCY/OFFICER: 0380100 KILPATR

DATE WAR/CAP ISS:                    DATE ARRESTED: 11/12/97
DATE   INDICTED: 08/19/98            DATE   FILED: 09/23/98
DATE  RELEASED: 11/12/97             DATE  HEARING:
BOND    AMOUNT:    $10,000.00               SURETIES: PROPERTY

DATE 1: 10/14/98   DESC: ARRG         TIME: 0900 A
DATE 2: 11/16/98   DESC: TRIAL        TIME: 0830 A
     DEF/ATY: Jack Blumenfeld (A)  TYPE:
PROSECUTOR: VALESKA, DOUGLAS A                                        TYPE:
OTH CSE: 9700287500       CHK/TICKET NO: WR97 6166
COURT REPORTER:              SID NO:         000000000          GRAND JURY: 000238
DEF STATUS: BOND          DEMAND:
                                                                      OPER: PAS
NOTE:    WARRANT ISSUED 111297
DATE    ACTIONS, JUDGEMENTS, AND NOTES        Case closed

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|------|-------------------------------|
| 10-14-98 | Arraignment Continued — L. Cord Judge |
| 10-23-98 | Transport Order. (in file) |
| 11-4-98 | WAIVER OF ARRAIGNMENT |
| 11-5-1998 | RECIPROCAL DISCOVERY ORDER  Within 14 days of this order, the State and Defendant will make available for inspection and copying all materials discoverable under the Alabama Rules of Criminal Procedure.  In addition, the State will make any exculpatory materials available to the defense.  The State will make its materials available at the District Attorney's office and the defense will do likewise at defense counsel's office.  (11-10-98 N — J.B. + D.V.)  Edward Jackson, Judge  CIRCUIT JUDGE |
| 11-6-98 | Motion for discovery. |
| 4-15-99 | Consolidation Order. (In File) |
| 4-15-99 | Motion to Transport |
| 4-16-99 | Order (In File) |
| 4-21-99 | Opposition to consolidation. |

4-28-99 — NOTICE TO DEFENDANT OF PREVIOUS CONVICTIONS &
NOTICE OF INTENT TO USE SUCH CONVICTIONS FOR IMPEACHMENT PURPOSES

May 3, 1999 — Motion To Transport

_____ 5/4 ,19 99

On this day appeared the Defendant with his attorney and,
with the consent and approval of his attorney, withdrew his

plea of not guilty and entered a plea of guilty to _____
_____ Poss of mryl[?]____

Before accepting Defendant's plea of guilty, the Court advised
the Defendant of all of his constitutional rights with the
colloquy being taken _____ The Court
then permitted the _____ plea of not guilty
and enter a plea or plea _____ Court inquired
of Defendant if he had _____ judgment and
sentence should _____ him and Defendant
said nothing. It is _____ judged by the
Court that the Defendant _____ here and as a
punishment Defendant _____ is to

☑ the penitentiary _____ term of 25 years under FHOA, 15 years ought to
☐ Houston County _____ run cont with CC 88-125
on which he is being _____ incar-
cerated pending the _____ he is by

restitution to _____ in the amount of
_____, a fine of $100 _____ crime compensation
assessment of $180 _____ and all Court Costs.

The sentence is suspended for a period of _____ on payment
of fine, costs, and restitution and good behavior.

_____Judson_____
JUDGE

State to file rebuttal order w/ in 10 day
after which Def. to file objection w/in 10 day

, 5-13-99 notifd Ruth
5-17-99 gave back copies of CAS

5-24-99    Filed Motion for Reconsideration of Consecutice Sentences, For Order by
           Nunc Pro Tunc.

5/26/99 Motion denied. Judson, J[?]
     5-21-99 - N. Da Dept.

```
AC890870          ALABA      UDICIAL INFORMATION SYST              CASE: CC 98 001486.00
OPER: PAS                    CASE ACTION SUMMARY
PAGE:   1                       CIRCUIT  CRIMINAL                  RUN DATE: 11/20/98
```

IN THE CIRCUIT COURT OF  HOUSTON                                            JUDGE: SEJ

STATE  OF  ALABAMA                 VS     ROBINSON JAMES LENWOOD
CASE: CC 98 001486.00                     616 PINTO DRIVE

                                          DOTHAN, AL  36301 0000

DOB: 01/20/52          SEX: M  RACE: B  HT: 5 10  WT: 230   HR: BLK EYES: BRO
SSN: 420789201  ALIAS NAMES:

CHARGE1: BREAK/ENTER AUTO                    CODE1: BEMV LIT: BREAK/ENTER AUT TYP: F
MORE?:       OFFENSE DATE: 08/29/98   AGENCY/OFFICER: 0380100 S OWENS

DATE WAR/CAP ISS:                    DATE ARRESTED: 08/29/98
DATE    INDICTED: 11/09/98           DATE    FILED: 11/20/98
DATE    RELEASED: 08/29/98           DATE  HEARING:
BOND    AMOUNT:    $3,000.00              SURETIES: PROPERTY

DATE 1: 12/09/98  DESC: ARRG          TIME: 0900 A
DATE 2: 01/11/99  DESC: TRAL          TIME: 0830 A

DEF/ATY: BLUMENFELD, JACK A          TYPE: A                              TYPE:
PROSECUTOR: VALESKA, DOUGLAS A

OTH CSE: 9800195000     CHK/TICKET NO: WR98 7059          GRAND JURY: 000205
COURT REPORTER:                    STD NO:     000000000
DEF STATUS: BOND               DEMAND:                                 OPER: PAS

NOTE:    WARRANT ISSUED 082998

| DATE | ACTIONS,  JUDGEMENTS,  AND  NOTES | Consolidated |
|------|-----------------------------------|--------------|
| 12-2-98 | Motion To Transport | |
| 12-1-98 | Std up Order. (In File) | |
| 12-9-98 | **WAIVER OF ARRAIGNMENT** 12-9-__-98  Within 14 days of this order, the state and the defendant will make available for inspection and copying all materials discoverable under the Alabama Rules of Criminal Procedure. In addition, the state will make any exculpatory materials available to the defense. The state will make its materials at the District Attorney's office and the defense will do likewise at defense counsel's office. _Denny Holmes_ **CIRCUIT JUDGE** | (12-23-98 n. J. B. & D.V.) |
| 12-22-98 | Motion For Discovery. | |
| 4-8-99 | Motion To Transport | |
| 4-20-99 | Consolidation Order. (In 1st File) | |

4-21-99--Opposition to consolidation.

4-28-99—NOTICE TO DEFENDANT OF PREVIOUS CONVICTIONS &
NOTICE OF INTENT TO USE SUCH CONVICTIONS FOR IMPEACHMENT PURPOSES

5-3-99— Motion To Transport.

_____  5/4 ,19 99

On this day appeared the Defendant with his attorney and,
with the consent and approval of his attorney, withdrew his

plea of not guilty and entered a plea of guilty to _____

Rec E Automoble

Before accepting Defendant's plea of guilty, the Court advised
the Defendant of all his constitutional rights with the
colloquy being taken .... The Court
then permitted the Defendant to withdraw his plea of not guilty
and enter a plea of guilty .... The Court inquired
of Defendant if he had anything to say why judgement and
sentence should not .... upon him and Defendant
said nothing. It is .... adjudged by the
Court that the Defendant .... charge and as a
punishment Defendant .... sentenced to

☒ the penitentiary .... for a term of 25 yrs enter FADA conwt w/ CC 98-1222
                                                                              ad CC 88-125
☐ Houston County .... a term of _____
on which he is hereby .... The Court spent incar-
cerated pending tria .... ordered to pay

restitution to _____ in the amount of
_____ , a Fine of $/00 and a victim compensation
assessment of $/00 , as well as all Court Costs.

The sentence is suspended for a period of _____ on payment
of fine, costs, and restitution and good behavior.

_____
JUDGE

5-13-99  notfd Ruth
5-17-99  Gave Jack Copy of CAS

5-18-99  Motion For Restitution
5/21/99  (Restitution Order granted per its terms, Johnson, J.)
(5-24-99— T — JB, DA)

```
ACS0370                ALABAMA JUDICIAL INFORMATION SYSTEM          CASE: CC 98 001686. 00
OPER: PAS                      CASE ACTION SUMMARY
PAGE: 1                         CIRCUIT  CRIMINAL                    RUN DATE: 12/15/98
IN THE CIRCUIT COURT OF  HOUSTON
                                                                            JUDGE: SE
STATE  OF  ALABAMA                    VS        ROBINSON JAMES LENWOOD
CASE: CC 98 001626. 00                          % HOUSTON COUNTY JAIL

                                                DOTHAN, AL  36302 0000
DOB: 01/20/52              SEX: M  RACE: B  HT: 6 00  WT: 230    HR: BLK EYES: BRO
SSN: 420729201   ALIAS NAMES:
```

CHARGE1: FORGERY 2ND                        CODE1: FOR2 LIT: FORGERY 2ND        TYP: F
MORE?:         OFFENSE DATE: 08/22/98     AGENCY/OFFICER: 0380100 MEREDIT

DATE  WAR/CAP ISS:
DATE      INDICTED:  11/09/98        DATE ARRESTED:  09/04/98
DATE    RELEASED:                    DATE   FILED:   12/15/98
BOND       AMOUNT:       $1,000. 00  DATE  HEARING:
                                          SURETIES:
DATE 1:  01/06/98  DESC: ARRG              TIME: 0900 A
DATE 2:  02/22/98  DESC: TRAL              TIME: 0830 A

  DEF/ATY: BLUMENFELD, JACK A         TYPE: A                              TYPE:
PROSECUTOR: VALESKA, DOUGLAS A

OTH CSE: 9800201000      CHK/TICKET NO: WR98-7070
COURT REPORTER:                    SID NO:                      GRAND JURY: 000217
DEF STATUS: JAIL                   DEMAND:      00000000
                                                                        OPER: PAS
NOTE:      WARRANT ISSUED: 09C498

DATE       ACTIONS,  JUDGEMENTS,  AND  NOTES

| 1-6-99 | **WAIVER OF ARRAIGNMENT** |
| | |
| | |
| | **RECIPROCAL DISCOVERY ORDER** |
| | _1-6_ , 19 _99_ |
| | Within 14 days of this order, the State and Defendant will make |
| | available for inspection and copying all materials discoverable under |
| | the Alabama Rules of Criminal Procedure. In addition, the State will |
| | make any exculpatory materials available to the defense. The State |
| | will make its materials available at the District Attorney's office |
| | and the defense will do likewise at defense counsel's office. *(1-11-99 N-J.B + D.V.)* |
| | CIRCUIT JUDGE |
| 1-12-99 | *Motion For Discovery* |
| | |
| 4-20-99 | *Consolidation Order (Per Ct. File)* |
| 4-15-99 | *Motion to Transport* |
| 4-21-99 | Opposition to consolidation. |
| 4-28-99 | NOTICE TO DEFENDANT OF PREVIOUS CONVICTIONS & |
| | NOTICE OF INTENT TO USE SUCH CONVICTIONS FOR IMPEACHMENT PURPOSES |

53-99 *Motion To Transport*

5/4, 19 99

On this day appeared the Defendant with his attorney and,
with the consent and approval of his attorney, withdrew his

plea of not guilty and entered a plea of guilty to _____

_____ *Forg II* _____

Before accepting Defendant's plea of guilty, the Court advised
the Defendant of all of the constitutional rights with the
colloquy being taken down in this court matter. The Court
then permitted the Defendant to withdraw his plea of not guilty
and enter a plea of guilty as charged. The Court inquired
of Defendant if he knew of any legal reason or judgement and
sentence should not now be pronounced upon him and Defendant
said nothing. It is thereupon considered and adjudged by the
Court that the Defendant is guilty of said charge and as a
punishment Defendant is hereby sentenced to

☑ the penitentiary of the State of Alabama for a term of *25 yrs as by FHOA, concurrent with CC 98-1222 and CC 88-123* *15 years flat, then parole*

☐ Houston County _____
on which he is hereby _____ present incar-
carated pending trial _____ and to pay

restitution to _____ $ _____ in the amount of
_____ , a Fine of *$100* and a victim compensation

assessment of _____ *$100* , as well as all Court Costs.

The sentence is suspended for a period of _____ on payment
of fine, costs, and restitution and good behavior.

_____
JUDGE

5-13-99  *notifd Ruth*
5-17-99  *Gave back Copy of CAS*
5-18-99  *Motion for restitution*
5-21-99  *Same order as CC98-1486*
    *5-24-99 NJS 2 A*  *Edward Jackson, Judge*

5-24-99  Filed Motion for Reconsideration of Consecutive Sentences, For Order by
    Nunc Pro Tunc.

5-26-99  *Motion denied.*
5-27-99  *N. DA. Dfs*

    *Edward Jackson, Judge*

```
ACS0370              ALABAMA JUDICIAL INFORMATION SYSTEM        CASE: CC 98 001627.00
OPER: PAS                   CASE ACTION SUMMARY
PAGE:   1                    CIRCUIT   CRIMINAL                    RUN DATE: 12/15/98
IN THE CIRCUIT COURT OF  HOUSTON                                          JUDGE: SEJ
```

STATE  OF  ALABAMA                   VS        ROBINSON JAMES LENWOOD
                                               % HOUSTON COUNTY JAIL
CASE: CC 98 001627.00
                                               DOTHAN, AL  36302 0000

DOB: 01/20/52          SEX: M  RACE: B  HT: 6 00   WT: 230    HR: BLK EYES: BRO
SSN: 420729201   ALIAS NAMES:

CHARGE1: FORGERY 2ND                   CODE1: FOR2 LIT: FORGERY 2ND       TYP: F
MORE?:          OFFENSE DATE: 08/20/98  AGENCY/OFFICER: 0380100 MEREDIT

DATE WAR/CAP ISS:
DATE     INDICTED:              DATE ARRESTED: 09/04/98
DATE    RELEASED: 11/09/98      DATE     FILED: 12/15/98
BOND     AMOUNT:     $1,000.00   DATE  HEARING:
                                       SURETIES:

DATE 1: 01/06/98   DESC: ARRG       TIME: 0900 A
DATE 2: 02/22/98   DESC: TRAL       TIME: 0830 A

   DEF/ATY: BLUMENFELD, JACK A      TYPE: A
PROSECUTOR: VALESKA, DOUGLAS A                                        TYPE:

OTH CSE: 9800200900   CHK/TICKET NO: WR98-7071
COURT REPORTER:          SID NO:                     GRAND JURY: 000218
DEF STATUS: JAIL          DEMAND:    000000000

NOTE:    WARRANT ISSUED: 090498                                      OPER: PAS

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 1-6-99 | WAIVER OF ARRAIGNMENT |
| | RECIPROCAL DISCOVERY ORDER |
| | 1-6 , 19 99 |
| | Within 14 days of this order, the State and Defendant will make available for inspection and copying all materials discoverable under the Alabama Rules of Criminal Procedure. In addition, the State will make any exculpatory materials available to the defense. The State will make its materials available at the District Attorney's office and the defense will do likewise at defense counsel's office. (1-11-99 - J.B. + D.V.) |
| | CIRCUIT JUDGE |
| 1-12-99 4-15-99 | Motion For Discovery Motion To Transport |
| 4-20-99 | Consolidation Order (In 1st File) |
| 4-21-99 | Opposition to consolidation. |
| 4-28-99 | NOTICE TO DEFENDANT OF PREVIOUS CONVICTIONS & NOTICE OF INTENT TO USE SUCH CONVICTIONS FOR IMPEACHMENT PURPOSES. |

5-3-99 Motion To Transport

_____5/4___, 19 99

On this day appeared the Defendant with his attorney and, with the consent and approval of his attorney, withdrew his plea of not guilty and entered a plea of guilty to _____

_____ Forg II _____

Before accepting Defendant's plea of guilty, the Court advised the Defendant of all ... rights ... with the colloquy being taken ... . The Court then permitted the ... the plea of not guilty and enter a plea of g... Court inquired of Defendant if he ha... wh... judgement and sentence should not ... upon him and Defendant said nothing. It is ... ... charge and as a Court that the Defen... ... ... sentenced to punishment. Defen... ...

☒ the penitentiary ... ... a term of 25 yrs under FHOA 15 yrs Deny/15 yrs Concurrent with cc 98-122 on cc 98-185

☐ Houston County ... ... ... on which he is hereby ... ... ... incarcerated pending tr... ... ... ... to pay

restitution to _____ _____ in the amount of _____ , a Fine of 100.00 and a victim compensation assessment of 100.00 , as well as a Court Costs.

The sentence is suspended for a period of _____ on payment of fine, costs, and restitution and good behavior.

_____
JUDGE

5-17-99 Dave back Copy of CAS.
5-18-99 Motion for restitution
5-21-99 Same Order as cc 98-1486

(5-24-99) JB DA.
Edward Jackson, Judge

5-24-99 Filed Motion for Reconsideration of Consecutive Sentences, For Order by Nunc Pro Tunc.
5-26-99 Motion denied
5-27-99 N. DA Dept
Edward Jackson, Judge

```
ACS0370              ALABAMA JUDICIAL INFORMATION SYSTEM        CASE: CC 98 001628.00
OPER: PAS                 CASE ACTION SUMMARY
 GE:   1                  CIRCUIT  CRIMINAL                     RUN DATE: 12/15/98
```

IN THE CIRCUIT COURT OF  HOUSTON                               JUDGE: SEJ

STATE  OF  ALABAMA                    VS       ROBINSON JAMES LENWOOD
                                               % HOUSTON COUNTY JAIL
CASE: CC 98 001628.00
                                               DOTHAN, AL  36302 0000

DOB: 01/20/52        SEX: M  RACE: B  HT: 5 09  WT: 230     HR: BLK EYES: BRO
SSN: 420729201  ALIAS NAMES:

CHARGE1: BREAK/ENTER AUTO              CODE1: BEMV LIT: BREAK/ENTER AUT TYP: F
MORE?:         OFFENSE DATE: 09/01/98  AGENCY/OFFICER: 0380100 A RILEY

DATE WAR/CAP ISS:                      DATE ARRESTED: 09/10/98
DATE     INDICTED: 11/09/98            DATE     FILED: 12/15/98
DATE     RELEASED:                     DATE   HEARING:
BOND      AMOUNT:     $1,000.00                SURETIES:

DATE 1: 01/06/98  DESC: ARRG           TIME: 0900 A
DATE 2: 02/22/99  DESC: TRAL           TIME: 0830 A

   DEF/ATY: BLUMENFELD, JACK A         TYPE: A                     TYPE:
PROSECUTOR: VALESKA, DOUGLAS A

OTH CSE: 9800204700   CHK/TICKET NO: WR98 7084        GRAND JURY: 000229
COURT REPORTER:              SID NO:   000000000
DEF STATUS: JAIL             DEMAND:                          OPER: PAS

NOTE:   WARRANT ISSUED 091098

DATE      ACTIONS,  JUDGEMENTS,  AND  NOTES

| 1-6-99 | **WAIVER OF ARRAIGNMENT** |
| | |
| | **RECIPROCAL DISCOVERY ORDER** |
| | 1-6 19 99 |
| | Within 14 days of this order, the State and Defendant will make |
| | available for inspection and copying all materials discoverable under |
| | the Alabama Rules of Criminal Procedure. In addition, the State |
| | make any exculpatory materials available to the defense. The State |
| | will make its materials available at the District Attorney's office (1-11-99-71 J.B.+ D.V.) |
| | and the defense will do likewise at defense counsel's office. |
| | CIRCUIT JUDGE |
| 1-12-99 | Motion for Discovery |
| 4-15-99 | Motion To Suppress |
| 4-20-99 | Consolidation Order (On 1st 2 ite) |
| 4-21-99-- | Opposition to consolidation. |
| 4-28-99 | NOTICE TO DEFENDANT OF PREVIOUS CONVICTIONS & NOTICE OF INTENT TO USE SUCH CONVICTIONS FOR IMPEACHMENT PURPOSES |

5-3-99 *Motion To Transport*

_5/4_, 19_99_

On this day appeared the Defendant with his attorney and, with the consent and approval of his attorney, withdrew his

plea of not guilty and entered a plea of guilty to _____

*Rpe I Cite*

Before accepting Defendant's plea of guilty the Court advised the Defendant of all of his constitutional rights with the colloquy being taken down in the cause heretofore. The Court then permitted the Defendant to withdraw his plea of not guilty and enter a plea of guilty as such was done. The Court inquired of Defendant if he had anything to say why judgement and sentence should not then and there be passed upon him and Defendant said nothing. It is therefore ordered and adjudged by the Court that the Defendant is guilty of said charge and as a punishment Defendant is hereby formally sentenced to

☑ the penitentiary of the State of Alabama for a term of _35 years entes f FHOA, 15 years then to run consent with CC 98-125 and CC 98-1222_

☐ Houston County Jail at hard labor for a term of _____ on which he is hereby given credit for the days spent incarcerated pending trial. Defendant is also ordered to pay

restitution to _____ in the amount of _____, a Fine of _$100_ and a victim compensation assessment of _$100_, as well as all Court Costs.

The sentence is suspended for a period of _____ or payment of fine, costs, and restitution and good behavior.

_____
JUDGE

5-13-99 *notifd Ruth*
5-17-99 *Dave gack Copy CAS*
5-18-99 *Motion for restitution*
5-21-99 *Same order as CC98-~~1486~~*
(5-24-99) *JB, DA) Edward Jackson, Judge*

5-24-99 Filed Motion for Reconsideration of Consecutive Sentences, for Order by Nun Pro Tunc.

5-26-99 *Motion denied.*
5-27-99- *N: DA, Deft*
*Edward Jackson, Judge*

COURT OF CRIMINAL APPEALS NO. _CR 04-1138_

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

## FROM

CIRCUIT COURT OF __HOUSTON__ COUNTY, ALABAMA

CIRCUIT COURT NO. __CC-1998-1628.60__

CIRCUIT JUDGE __EDWARD JACKSON__

Type of Conviction / Order Appealed From: __PETITION FOR HABEAS__

Sentence Imposed: __PETITION DENIED__

Defendant Indigent: [X] YES ☐ NO

__JAMES LENWOOD ROBINSON #43410__

PRO-SE                                                                    NAME OF APPELLANT
(Appellant's Attorney)                                (Telephone No.)
901 E. MAIN ST.
(Address)
DOTHAN              AL                  36303
(City)                   (State)              (Zip Code)

V.

STATE OF ALABAMA                                          NAME OF APPELLEE

(State represented by Attorney General)
NOTE: If municipal appeal, indicate above, and enter
name and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)

CLERK'S INDEX

CASE ACTION                                                    1

PETITION FOR WRIT OF HABEAS CORPUS                             2-14

ORDER DATED 1-20-05, PETITION DENIED                          15

WRITTEN NOTICE OF APPEAL                                      16

ORDER DATED 2-9-05, FREE TRANSCRIPT ORDERED                  17

COURT OF CRIMINAL APPEALS DOCKETING STATEMENT                18

REPORTER'S TRANSCRIPT OREDER                                  19

CERTIFICATE OF COMPLETION                                     20

```
ACR0372           ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 1998 001628.60
OPER: RHM                 CASE ACTION SUMMARY
PAGE:   1                 CIRCUIT  CRIMINAL                 RUN DATE: 01/20/2005
```

THE CIRCUIT COURT OF  HOUSTON                                          JUDGE: SEJ

STATE  OF  ALABAMA                VS          ROBINSON JAMES LENWOOD
                                              % HOUSTON COUNTY JAIL
CASE: CC 1998 001628.60                        901 E MAIN ST
                                              DOTHAN, AL  36301 0000

DOB: 01/20/1952        SEX: M  RACE: B  HT: 5 09  WT: 230   HR: BLK EYES: BRO
SSN: 420729201  ALIAS NAMES:
=====================================================================================
CHARGE01: HABEAS CORPUS        CODE01: CORP  LIT: HABEAS CORPUS  TYP: D #: 001
OFFENSE DATE: 09/01/1998                     AGENCY/OFFICER: O380100 A RILEY

DATE WAR/CAP ISS:                            DATE ARRESTED: 09/10/1998
DATE     INDICTED: 11/09/1998                DATE     FILED: 01/19/2005
DATE     RELEASED:                           DATE   HEARING:
BOND     AMOUNT:           $.00              SURETIES:

DATE 1:              DESC:                   TIME: 0000
DATE 2:              DESC:                   TIME: 0000

TRACKING NOS:                    /                          /

   DEF/ATY:                          TYPE:                       TYPE:


                        00000                              00000

PROSECUTOR: VALESKA DOUGLAS A


=====================================================================================
OTH CSE:   00000000000000 CHK/TICKET NO: WR98 7084       GRAND JURY: 000229
WRT REPORTER: _____   SID NO:      000000000
F STATUS: JAIL          DEMAND:                              OPER: RHM
NOTE: WARRANT ISSUED 091098                                  9800204700
=====================================================================================
DATE            ACTIONS,  JUDGEMENTS,  AND  NOTES
=====================================================================================

  1-19-05       Petition for Writ of Habeas Corpus

1/20/05         Petition denied + (illegible signature)

                                              (1-28-05 N. Dept)

  1-31-05       Written Notice of appeal.

2/9/05          Free transcript ordered (illegible signature)

                          42?

  2-10-05       CCA Docketing Statement and CR transcript order filed.

  2-17-05       CCA docketing statement and cr transcript order to CCA, AG

02

IN THE CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA

FILED

JAMES ROBINSON )
PETITIONER )

                    )
                    JAN 1 9 2005

                    Judy Byrd

                    JUDY BYRD, CLERK
                    HOUSTON CO., AL

US )

LAMAR GLOVER et al. )     CASE NO. CC98-1628

RESPONDENT )     (TO BE SUPPLIED BY CLERK)

PETITION FOR WRIT OF HABEAS CORPUS

COMES NOW JAMES ROBINSON, PETITIONER
Who Files Pro SE And Pursuant To HABEAS CORPUS
Code of ALABAMA 1975 SECTION 15-21-1 And REQUEST
THE COURT TO ISSUE THE WRIT WITHOUT
DELAY. THE Following FACTS, And GROUNDS TO wit:

PETITIONER - JAMES ROBINSON is INCARCERATED
And HELD IN CUSTODY AT HOUSTON COUNTY
LOCATED IN DOTHAN ALABAMA.

RESPONDENTS - LAMAR GLOVER is THE
SHERIFF OR WARDEN OF THE HOUSTON CO. JAIL,
And ATTORNEY GENERAL FOR THE STATE OF
ALABAMA.

PAGE 2

JURISDICTION- THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA IS THE NEAREST CIRCUIT COURT TO HEAR THE WRIT OF HABEAS CORPUS.

## GROUNDS FOR WRIT TO ISSUE

I. THE PLAIN MEANING OF Code of ALABAMA 1975 SECTION 14-9-41.(d) IS NOT IN Control.

(A) THE LANGUAGE AND STATED MEANING: "EACH PRISONER WHO SHALL HEREAFTER BE CONVICTED OF ANY OFFENSE AGAINST THE LAWS OF THE STATE OF ALABAMA AND IS CONFINED, IN EXECUTION OF THE JUDGMENT OR SENTENCE UPON ANY CONVICTION .......... other than FOR Life ........ specified by this ARTICLE MAY be entitled TO EARN A deduction FROM the Term OF HIS SENTENCE AS Follows".

(B) WheRe The LANGUAGE IN THIS STATUTE is CleaR then the ACTUAl INTENT of THE LEGISLATURE MUST BE ACCOMPLISHED.

1. PETITIONER UNDER The CleaR MEANING of THE STATUTE HAS BeCome The SUBJECT of

PAGE 3                                                04

CONSTITUTIONAL VIOLATIONS, UNDER THE SIXTH,
EIGTH, AND FOURTEENTH AMENDMENTS.

2. PETITIONER STATES THAT UNDER Code OF
ALABAMA 1975 SECTION 14-9-41(e) THE original
LANGUAGE REFERED TO A SENTENCE FOR MORE THAN
10 YEARS. Then THE McDONALD AMENDMENT did
AWAY with 10 YEARS AND INCREASED TO 15 YEARS.

3. PETITIONER'S CONSTITUTIONAL Rights ARe
VIOLATED WHERe The STATE OF ALABAMA ViolATe
The entire STATUTE FoR GRANTING CIT
Good TIME AS A Whole.

UNDER HILSABECK V. STATE, 477 So. 2d 465
477 So. 2d 472 (ALA. 1985) THE COURT HELD THAT
HABITUAL FELONY OFFENDERS were excluded
FRom EARNING AND RECEIVING CIT Good
TIME.

UNDER Code OF ALABAMA 1975 SECTION
14-9-41(h) SPECIFICALLY STATES, "AFTER MAY
19, 1980 except Those CONVICTED OF CRIMES
OF The UNLAWFUL SALE OR distribution OF
CONTROLLED SUBSTANCES AS enumerated in TITLE
13A". CIT Good Time Could NOT be given TO
THESE OFFENDERS.

PAGE 4                                                                    05

4. PETITIONER STATES THAT ALABAMA DEPARTMENT OF CORRECTIONS PROVIDE CIT GOOD TIME TO INMATES CONVICTED OF DRUG SALES, AND TO HABITUAL FELONY OFFENDERS.

THE CONSTITUTIONAL DICRIMINATION WITH Code of ALABAMA 1975 SECTION 14-9-41(I) COMES TO DENY AND deprive YOUR PETITIONER OF THE real MEANING OF THE STATUTE'S INTENT AS THE LEGISLATURE intended, PURPOSE.

PETITIONER STATES THAT LEGISLATIVE INTENT WAS TO Provide A legal MEANS TO PREVENT OVER Crowding OF Prisons, AND TO SERVE THE CORRECTIONAL GOALS TO deter CRIME. ANY Prisoner who is SENTENCED under THE Provisions OF 13A-5-9 And Receives THE MINIMUM OF 15 YEARS HE is declared legally A HABITUAL OFFENDER, where THE MINIMUM UNDER A CLASS C FELONY WITH 3 Prior CONVICTIONS is 15 YEARS. THE TRUE MEANING OF THE STATUTE WOULD SERVE TO GRANT All NONE VIOLENT OFFENDERS CIT GOOD TIME, ALL except Life.

THEREFORE due TO THE demonstRABLy RESULTS, OTHERS HAVE used THE INTERPRETING OF THIS STATUTE TO BE AT ODDS WITH THE INTENTION

C-6

# GROUND I.

I. CODE OF ALABAMA 1975 SECTION 14-9-41(d) LEGISLATIVE INTENT UNDER PRECISE PLAIN LANGUAGE.

1. THE PLAIN MEANING OF CODE OF ALABAMA 1975 SECTION 14-9-41(d) "EACH PRISONER WHO SHALL HEREAFTER BE CONVICTED OF ANY OFFENSE AGAINST THE LAWS OF THE STATE OF ALABAMA AND IS CONFINED IN EXECUTION OF THE JUDGMENT OR SENTENCE UPON ANY CONVICTION . . . . . . . OTHER THAN FOR LIFE . . . . . . SPECIFIED BY THIS ARTICLE MAY BE ENTITLED TO EARN A DEDUCTION FROM THE TERM OF HIS SENTENCE AS FOLLOWS:"

2. EACH PRISONER WHO SHALL. THE WORD SHALL IS CONSIDERED PRESUMPTIVELY MANDATORY.

3. WHERE THE LANGUAGE IN THIS STATUTE IS CLEAR THEN THE ACTUAL INTENT OF THE LEGISLATURE MUST BE ACCOMPLISHED AS FOLLOWS.

4. SECTION 14-9-41(b) [Let's Follow As Stated IN 14-9-41(a)] 14-9-41(b) Follows And Says: "WITHIN 90 Days AFTER MAy 19, 1980 THE COMMISSIONER OF THE DEPARTMENT OF CORRECTIONS SHALL ESTABLISH ..... SUCH CLASSIFICATIONS SHALL ENCOMPASS CONSIDERATION"

5. 14-9-41(a) ANd 14-9-41(b) SAys: SHALL - SHALL ESTABLISH - SHALL ENCOMPASS CONSIDERATION. SHALL MANDATES UNDER THESE TWO STATUTES SUBSEC. By LANGUAGE; EACH PRISONER SHALL AFTER BEING CONVICTED OF ANy OFFENSE AGAINST THE LAWS OF THE STATE OF ALABAMA ..... OTHER THAN FOR LIFE, SHALL BE AFTER MAy 19, 1980. THE COMMISSIONER SHALL, ANd SUCH CLASSIFICATIONS SHALL ENCOMPASS CONSIDERATION.

6. 14-9-41(c)(4) ANy INMATE SHALL REMAIN IN THIS CLASSIFICATION FOR A MINIMUM PERIOD OF 30 DAys BEFORE BEING ELIGIBLE FOR CLASS III.

7. THE STATUTORy SCHEME, THE PRECISE PLAIN MEANING EXIST FOR ANy INMATE OTHER THAN FOR LIFE. 14-9-41(c)(4) PRovides FOR 30 DAys BEFORE BEING ELIGIBLE FOR CLASS III.

8. THEREFORE ALABAMA CORRECTIONAL INCENTIVE TIME GRANTS EACH PRISONER OTHER THAN LIFE A CLASSIFICATION TO BE PLACED IN ONE OF THE EARNING STATUS.

GROUND II. CODE OF ALABAMA 1975 SECTION 13A-5-9 BEING UNEVENLY APPLIED

1. Code OF ALABAMA 1975 SECTION 13A-5-9 PROVIDES MANDATORY LANGUAGE. MUST is MANDATORY. "IN ALL CASES WHEN IT IS SHOWN THAT A CRIMINAL DEFENDANT HAS BEEN PREVIOUSLY CONVICTED.... HE OR SHE MUST BE PUNISHED....

2. STATE OF ALABAMA HAVE INTENTIONALLY AND KNOWINGLY APPLIED THE SENTENCING DISCRIMINATORILY, UNEVENLY which MAKES IT UNLAWFUL AND ENVIOUS.

3. THE STATUTE HAS BEEN AND IS STILL BEING USED IN VIOLATION OF THE FOURTEENTH AMENDMENT.

09

GROUND THREE III.
WHETHER SPLIT SENTENCING NOW
PROVIDES RELEASE OF SERIOUS
CRIMINAL OFFENDERS - CONFLICTING
WITH SUBSECTION (e) 14-9-41(e)

1. Code of ALABAMA 1975 SECTION 15-18-8(c)
NOW PROVIDES THE SENTENCE OF 20
YEARS UNDER CONVICTIONS.

2. THE STATE OF ALABAMA HAS SENTENCE
KIDNAPPING, ROBBERY, AND DRUG TRAFFICKING
UNDER THE SPLIT-SENTENCE TO A
20 YEAR SENTENCE. SOME 3 YEARS TO
SERVE WITH PROBATION.

3. THE SENTENCE UNDER THIS STATUTE
THEREFORE GRANTS COMPLETION OF A CLASS
A FELONY OFFENSE IN THE RANGE OF 7 TO
8 YEARS.

4. Code of ALABAMA 1975 SECTION 14-9-41(e)
PROVIDES THAT CLASS A FELONY CONVICTIONS,
AND SENTENCES THAT EXCEED 15 YEARS
ARE PROHIBITED FROM EARNING CIT
Good TIME.

10

5. UNDER ALABAMA CONSTITUTION 1901
PETITIONER HAS A ISSUE TO WHICH IS
DUE BY LAW.
   THE STATE OF ALABAMA GRANTS UNDER
13A-5-9 SELECTIVE, UNEVENHA——        ELIMINATION.
THE STATE OF ALABAM——              DER
14-9-41, AND UNEVENH                 20DTIME
WITH 14-9-41(c) BASED                      AIS #
AND THE AMOUNT OF 2                        121865
1980 UP TO 10 YEARS,
15 YEARS. THE STATE
USE 15-18-8(c) AND C.I.U
CONVICTIONS WITH ——         —— CLEAR
MEANS TO END HIS ——    ——CK SENTENCE.

6. PETITIONER AND ALL OTHERS UNDER
THE ALLEGED MANDATORY STATUTES HAVE
ENTITLEMENT BASED ON GROUND ONE.
WHERE LEGISLATIVE INTENT UNDER
14-9-41(e) GRANTS LIT GOOD TIME
FOR ANY CONVICTION OTHER THAN LIFE.

7. PETITIONERS WHOSE SENTENCE COME
UNDER CLASS C FELONY BASED ON THE
ALLEGED 13A-5-9 FOR A TERM OF 25
YEARS, AND OR ANY TERM UNDER A CLASS
B NONE VIOLENT. WE ARE SEGREGATED

AND DISCRIMINATED AGAINST UNDER
NO JUSTIFIABLE CAUSE.
        THE RELEASE OF SERIOUS OFFENDERS
CAN'T BE STATED WHEN THE STATE
OF ALABAMA GRANTS SPLIT SENTENCES
TO HABITUAL FELONY OFFENDERS WITH
A TOTAL TERM OF 15, AND 20 YEARS
THAT COME UNDER CLASS A CRIMES.

        RELIEF REQUESTED

1. THE COURT ISSUE SERVICE TO
RESPONDENTS

2. THE COURT SET THIS CAUSE FOR
A FULL HEARING.

3. THE AWARDING OF FULL PRODUCTION
OF DOCUMENTS.

4 TO ANY AND ALL RELIEF THAT IS
TRUELY ENTITLED BY LAW.

PAGE 5

OF THE LEGISLATORS WHO DRAFTED THE BILL.

III. THE STATUTE IS UNCONSTITUTIONAL
Where it has been used under several
different interpretations to Grant And
deny CIT Good TIME.

PETITIONER under The ORIGINAL
INTENT Code of ALABAMA 1975 SECTION
14-9-41(d) is entitled To CIT Good TIME
where I have Been Convicted in The STATE
OF ALABAMA And Confined, OTHER THAN Life.

RESPECTFULLY

SWORN AND SUBSCRIBED To BEFORE
ME THIS 17th DAY OF JANUARY 2005

Alice Beverly Reynolds
NOTARY

MY COMMISSION EXPIRES
FEBRUARY 6, 2006

# AFFIDAVIT OF SUBSTANTIAL HARDSHIP AND ORDER

Case Number

13

IN THE _____*CIRCUIT*_____ COURT OF _____*HOUSTON*_____, ALABAMA
        (Circuit, District, or Municipal)              (Name of County or Municipality)

STYLE OF CASE: _____*JAMES ROBINSON*_____ v. _____
                     Plaintiff(s)                      Defendant(s)

TYPE OF PROCEEDING: _____*CIVIL*_____ CHARGE(s) (if applicable): _____*HABEAS CORPUS*_____

☒ CIVIL CASE-- I, because of substantial hardship, am unable to pay the docket fee and service fees in this case. I reque that payment of these fees be waived initially and taxed as costs at the conclusion of the case.

☐ CIVIL CASE-- (such as paternity, support, termination of parental rights, dependency) - I am financially unable to hire a attorney and I request that the court appoint one for me.

☐ CRIMINAL CASE-- I am financially unable to hire an attorney and request that the court appoint one for me.

☐ DELINQUENCY/NEED OF SUPERVISION-- I am financially unable to hire an attorney and request that the court appo one for my child/me.

## AFFIDAVIT

SECTION I.

1. IDENTIFICATION
   Full name _____*JAMES ROBINSON*_____ Date of birth _____*1-20-52*_____
   Spouse's full name (if married) _____*N/A*_____
   Complete home address _____*IN HOUSTON COUNTY JAIL*_____
   Number of people living in household _____*N/A*_____
   Home telephone number _____*N/A*_____
   Occupation/Job _____*N/A*_____ Length of employment _____*N/A*_____
   Driver's license number _____*N/A*_____ *Social Security Number _____*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*_____
   Employer _____*N/A*_____ Employer's telephone number _____*N/A*_____
   Employer's address _____*N/A*_____

2. ASSISTANCE BENEFITS

   Do you or anyone residing in your household receive benefits from any of the following sources? (If so, please check those whi apply.)

   ☐ AFDC   ☐ Food Stamps   ☐ SSI   ☐ Medicaid   ☒ Other _____*0*_____

3. INCOME/EXPENSE STATEMENT

   Monthly Gross Income:
   | | |
   |---|---|
   | Monthly Gross Income | $ _0_ |
   | Spouse's Monthly Gross Income (unless a marital offense) | _0_ |
   | Other Earnings: Commissions, Bonuses, Interest Income, etc. | _0_ |
   | Contributions from Other People Living in Household | _0_ |
   | Unemployment/Workmen's Compensation, | |
   | Social Security, Retirements, etc. | _0_ |
   | Other Income (be specific) _*None*_ | _0_ |

   TOTAL MONTHLY GROSS INCOME                          $ _0_

   Monthly Expenses:
   A. Living Expenses
   | | |
   |---|---|
   | Rent/Mortgage | $ _0_ |
   | Total Utilities: Gas, Electricity, Water, etc. | _0_ |
   | Food | _0_ |
   | Clothing | _0_ |
   | Health Care/Medical | _0_ |
   | Insurance | _0_ |
   | Car Payment(s)/Transportation Expenses | _0_ |
   | Loan Payment(s) | _0_ |

*OPTIONAL

Form C-10 Page 2 of 2    Rev. 2/95    AFFIDAVIT OF SUBSTANTIAL HARDSHIP AND ORDER

Monthly Expenses: (cont'd page 1)
Credit Card Payment(s)                                              0
Educational/Employment Expenses                        0
Other Expenses (be specific) __None__                 0

    Sub-Total                                                            A  $ ____0____

B.    Child Support Payment(s)/Alimony          $ ____0____

    Sub-Total                                                            B  $ ____0____

C.    Exceptional Expenses                               $ ____0____

    TOTAL MONTHLY EXPENSES (add subtotals from A & B monthly only)  $ ____0____

Total Gross Monthly Income Less total monthly expenses:

    DISPOSABLE MONTHLY INCOME                                    $ ____0____

4.    LIQUID ASSETS:
Cash on Hand/Bank (or otherwise available such as stocks,
bonds, certificates of deposit)                          $ ____0____
Equity in Real Estate (value of property less what you owe)    ____0____
Equity in Personal Property, etc. (such as the value of
motor vehicles, stereo, VCR, furnishing, jewelry, tools,
guns, less what you owe)                                  ____0____
Other (be specific)
Do you own anything else of value? ☐ Yes ☒ No
(land, house, boat, TV, stereo, jewelry)                 ____0____
If so, describe ____None____

    TOTAL LIQUID ASSETS                                          $ ____0____

5.    Affidavit/Request
I swear or affirm that the answers are true and reflect my current financial status. I understand that a false statement or answer to any question in the affidavit may subject me to the penalties of perjury. I authorize the court or its authorized representative to obtain records of information pertaining to my financial status from any source in order to verify information provided by me. I further understand and acknowledge that, if the court appoints an attorney to represent me, the court may require me to pay all or part of the fees and expenses of my court-appointed counsel.

Sworn to and subscribed before me this

__17th__ day of __January__, 20 __2005__.          _James Rob___
                                                    Affiant's Signature

_Alice Beverly Reynolds_                            _JAMES ROBINSON_
Judge/Clerk/Notary                                  Print or Type Name

MY COMMISSION EXPIRES          ORDER OF COURT
FEBRUARY 6, 2006

SECTION II.
    IT IS THEREFORE, ORDERED, AND ADJUDGED BY THE COURT AS FOLLOWS:
    ☐ Affiant is not indigent and request is DENIED.
    ☐ Affiant is partially indigent and able to contribute monetarily toward his/her defense; therefore defendant is ordered to pay
    $ _____ toward the anticipated cost of appointed counsel. Said amount is to be paid to the clerk of court or as otherwise
    ordered and disbursed as follows:
    ☐ Affiant is indigent and request is GRANTED.
    ☐ The prepayment of docket fees is waived.

IT IS FURTHER ORDERED AND ADJUDGED that _____, is hereby appointed as counsel to represent
affiant.
IT IS FURTHER ORDERED AND ADJUDGED that the court reserves the right and may order reimbursement of attorney's fees and
expenses, approved by the court and paid to the appointed counsel, and costs of court.
Done this _____ day of _____, 19 ____.

_____
Judge

Writ of Habeas Corpus //

1/20/05  Petition denied + ___ (1-28-05 N. Dept)

16

IN THE CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA


JAMES ROBINSON            )
        APPELLANT         )
    -US-                  )    CASE NO. CC-98-1628.60
STATE OF ALABAMA          )
        APPELLEE          )

FILED

JAN 3 1 2005

Judy Byrd
JUDY BYRD, CLERK
HOUSTON CO., AL

WRITTEN NOTICE OF APPEAL

    COMES NOW JAMES ROBINSON APPELLANT
AND FILE WRITTEN NOTICE OF APPEAL TO
THE ORDER ENTERED ON 1-20-05 BY HONORABLE
JUDGE JACKSON DENIAL OF HABEAS CORPUS.
APPELLANT SEEKS THE FOLLOWING ON APPEAL.


1. THE CLERK'S RECORD OF TRANSCRIPT.
2. THE CASE NO. ASSIGNED COMES UNDER CRIMINAL
CONVICTION. THE ISSUES RAISED IN HABEAS
APPLY TO STATUTES OF LAW.
3. THE COURT GRANT INDIGENCY ON APPEAL AS RULED
ON IN FILING.

                        RESPECTFULLY
                        James Robinson
                        JAMES ROBINSON
                        901 E. MAIN ST.
1-28-05                 DOTHAN, AL. 36301

| 2/9/05 | Free transcript ordered | *[signature]* |

State of Alabama
Unified Judicial System

Form ARAP- 26 (front)    8/91

# COURT OF CRIMINAL APPEALS
## DOCKETING STATEMENT

Criminal Appeal Number

$\frac{8}{4}$ 8

## GENERAL INFORMATION:

[X] CIRCUIT COURT    [ ] DISTRICT COURT    [ ] JUVENILE COURT OF _HOUSTON_ , COUNTY

_JAMES ROBINSON_ , Appellant

v.    [X] STATE OF ALABAMA    [ ] MUNICIPALITY OF _STATE OF ALABAMA_

| Case Number | Date of Complaint or Indictment | Date of Judgment/Sentence/Order |
|---|---|---|
| CC-98-1628.60 | 1-20-05 | 1-20-05 |

| Number of Days of Trial/Hearing    Days | Date of Notice of Appeal    Oral: | Written: 1-28-05 |

Indigent Status Requested: [X] Yes [ ] No    Indigent Status Granted: [X] Yes [ ] No

## B. REPRESENTATION:

Is Attorney Appointed or Retained?    [ ] Appointed    [ ] Retained.    If no attorney, will appellant represent self? [X] Yes [ ] No

Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary)    Telephone Number

_JAMES ROBINSON_    _N/A_

| Address | City | State | Zip Code |
|---|---|---|---|
| 901 E. MAIN ST. | DOTHAN | AL | 36301 |

## C. CODEFENDANTS: List each CODEFENDANT and the codefendant's case number.

| Codefendant | Case Number |
|---|---|
| Codefendant | Case Number |
| Codefendant | Case Number |

**FILED**

FEB 1 0 2005

Judy Byrd

JUDY BYRD, CLERK
HOUSTON CO., AL

## D. TYPE OF APPEAL: Please check the applicable block.

1 [ ] State Conviction
2 [ ] Post-Conviction Remedy
3 [ ] Probation Revocation
4 [ ] Pretrial Order
5 [ ] Contempt Adjudication
6 [ ] Municipal Conviction
7 [ ] Juvenile Transfer Order
8 [ ] Juvenile Delinquency
9 [X] Habeas Corpus Petition

10 [ ] _____
_____

## E. UNDERLYING CONVICTION/CHARGE: Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 [ ] Capital Offense - § _____
2 [ ] Homicide - § _____
3 [ ] Assault - § _____
4 [ ] Kidnapping/Unlawful Imprisonment - § _____
5 [ ] Drug Possession - § _____
6 [ ] Trafficking in Drugs - § _____
7 [X] Theft - § 13A -
8 [ ] Damage or Intrusion to Property - § _____
9 [ ] Escape - § _____
10 [ ] Weapons/Firearms - § _____
11 [ ] Fraudulent Practices - § _____
12 [ ] Offense Against Family.- § _____
13 [ ] Traffic - DUI - § _____
14 [ ] Traffic - Other - § _____
15 [ ] Miscellaneous (Specify): _____ - §

## F. DEATH PENALTY:

Does this appeal involve a case where the death penalty has been imposed?    [ ] Yes [X] No

## G. TRANSCRIPT:

1. Will the record on appeal have a reporter's transcript?    [ ] Yes [X] No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed. _____ (Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk?    [X] Yes [ ] No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions? [ ] Yes [ ] No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

| State of Alabama<br>Unified Judicial System<br>Form ARAP- 1C    8/91 | REPORTER'S TRANSCRIPT ORDER -- CRIMINAL<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number<br><br>_____ - _____ |

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

☒CIRCUIT COURT ☐DISTRICT COURT ☐JUVENILE COURT of *HOUSTON* COUNTY

*JAMES ROBINSON* _____ , Appellant

V. ☒STATE OF ALABAMA ☐MUNICIPALITY OF *STATE OF ALABAMA*

| Case Number<br>*CC-98- 1628.60* | Date of Judgment/Sentence/Order<br>*1-20-05* |
| Date of Notice of Appeal<br>Oral: _____ Written: *1-28-05* | Indigent Status Granted:<br>☒Yes ☐No |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT.**

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE APPELLANT HAS STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, CODE OF ALABAMA 1975).

*James Robinson*       *2-6-05*       *JAMES ROBINSON*
Signature                Date                Print or Type Name

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

MARK PROCEEDINGS REQUESTED:                COURT REPORTER(S)

A. ☐ TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately.

B. ☐ ORGANIZATION OF THE JURY - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

C. ☐ ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

| ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
| D. | | FILED |
| E. | | FEB 1 0 2005 |
| F. | | *Judy Byrd* |
| G. | | JUDY BYRD, CLERK<br>HOUSTON CO., AL. |

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT.**

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY: (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

_____        _____
Signature      Date              Print or Type Name

**DISTRIBUTION:** Original filed with Clerk of Trial Court and copies mailed to: (1) Clerk of the Court of Criminal Appeals, (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript.

AP 14-3 Certificate of Completion and Transmittal of Record on Appeal by Trial Clerk

TOTAL # OF PAGES 19

## CERTIFICATE OF COMPLETION AND TRANSMITTAL
## OF RECORD ON APPEAL BY TRIAL CLERK

JAMES LENWOOD ROBINSON

**Appellant**

TO: The Clerk of the Court of
Criminal Appeals of Alabama

**v.**

Case No. CC-1998-1628.60

State of Alabama
**Appellee**

Date of Notice of Appeal 01-31-05

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling _____19_____ pages of the Clerk's record, and _____0_____ pages of the Court Reporter's transcript, and that one copy of each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this _____10TH_____ day of _____MARCH_____, _____2005_____.

_____
Circuit Clerk

_____HOUSTON_____
County

COURT OF CRIMINAL APPEALS NO. _____ CR 05-0233 _____

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

FROM

CIRCUIT COURT OF ___ HOUSTON ___ COUNTY, ALABAMA

CIRCUIT COURT NO ___ CC 98-1628 ___

CIRCUIT JUDGE ___ EDWARD JACKSON ___

Type of Conviction/ Order Appealed From: ___ MOTION FOR MODIFICATION OF SENTENCE ___

Sentence Imposed: ___ MOTION DENIED ___

Defendant Indigent: ☑ YES ☐ NO

## JAMES LENWOOD ROBINSON

NAME OF APPELLANT

PRO-SE                    #121865

(Appellant's Attorney)                    (Telephone No.)

565 BIBB LANE

(Address)

BRENT,        AL    35034

(City)              (State)              (Zip Code)

**V.**

## STATE OF ALABAMA

NAME OF APPELLEE

(State represented by Attorney General)

NOTE: If municipal appeal, indicate above, and enter

name and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)

# CLERK'S INDEX

CASE ACTION SUMMARY                                                          1

MOTION FOR SENTENCE MODIFCATION                                          2-3

9-22-05 ORDER: MOTION DENIED.  RELIEF REQUESTED APPLIES ONLY      4
TO LIFE AND LIFE WITHOUT PAROLE SENTENCES.

MOTION TO VACATE ORDER AND AMEND                                        5-6

MOTION TO AMEND AND SUPPLEMENT UNDER STATUTE'S              7-10
13A-5-9.1 AND CODE OF AL.

10-18-05 ORDER: MOTIONS DENIED.                                              11

WRITTEN NOTICE OF APPEAL                                                     12

COURT OF CRIMINAL APPEALS DOCKETING STATEMENT              13-14

COURT REPORTER'S TRANSCRIPT ORDER                                    15

11-1-05 ORDER: FREE TRANSCRIPT ORDERED                                16

CLERK'S NOTICE OF APPEAL                                                     17

CERTIFICATE OF COMPLETION                                                  18

ACRO369   A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T E R

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 1998 001628.00
JUDGE ID:  SEJ

STATE OF ALABAMA                     VS    ROBINSON JAMES LENWOOD

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| 7-15-2005 | Motion for Sentence Modification 13A-5-9.1 None Violent Amended Sentence Order (Deft) |
| 9/20/05 | *Motion denied...* (9-21-05 N. Deft) |
| 10-13-05 | Motion to vacate order and amend.  Motion to amend and supplement under Statute's 13A-5-9-1 and Code of Al.  1975 14-9-41(a)(e) |
| 10/18/05 | *Motions denied, Judson, Judge* (10/20/05 N. Deft) |
| 10-25-05 | Notice of appeal, CCA docketing statement and CR transcript order. |
| 11/1/05 | *Free transcript ordered...* |
| 11-2-05 | *Clerks notice of appeal / CCA docketing statement & CR transcript order.* |

IN THE CIRCUIT COURT OF **FILED**
HOUSTON COUNTY, ALABAMA

JUL 15 2005

STATE OF ALABAMA
RESPONDENT

JUDY BYRD, CLERK
HOUSTON CO., AL

US                                  CASE NO. CC-98-1222 &
JAMES ROBINSON              CC98-1626 THRU 1628, 98-1486
PETITIONER,

MOTION FOR SENTENCE MODIFICATION
13A-5-9.1 NONE VIOLENT AMENDED
SENTENCE ORDER
DIRECTED
TO HONORABLE JUDGE JACKSON

COMES NOW PETITIONER AND PURSUANT
TO CODE OF ALABAMA 1975 SECTION 13A-5-9.1
ROBINSON PETITION THE HONORABLE JUDGE
SIDNEY E. JACKSON TO GRANT THE ABOVE
STYLE MOTION.

THE ALABAMA SENTENCE COMMISSION,
AND HONORABLE GOUERNOR BOB RILEY
UNDER LEGISLATIVE INTENT PROUIDE
UNDER 13A-5-9.1 FULL DISCRETION IN
HONORABLE JUDGE JURISDICTION TO
REVIEW SENTENCES IMPOSED BY 13A-5-9.

PAGE 2

ROBINSON'S CONVICTIONS ARE CLASS
C FELONY OFFENSES AND STATE THE
FOLLOWING FACTS.

1. EX PARTE KIRBY 2004 WL 1909345 GRANTS
RECONSIDERATION OF SENTENCES.

2. ROBINSON HAS 19 YEARS SERVED UNDER
THE 25 YEAR TERM FROM HENRY CIRCUIT
COURT IN CC 88-026

3. THE CIRCUIT COURT OF HOUSTON COUNTY
GRANTED FREDDIE THOMPSON RELEASE UNDER
CC-91-573 THRU CC-91-576 FOUR LIFE TERMS
RELEASE; SERVING 12 YEARS.

4. ROBINSON HAS EMPLOYMENT AND HOME PLAN, AND
WITH ESTABLISH CHURCH WORSHIP.

WHEREFORE WITH ANY ORDERS ISSUED THE
BALANCE OF RESTITUTION WILL BE PAID. WITH
ROBINSON NEVER HAVING TO BE ARRESTED TO
RETURN TO JAIL OR PRISON IT'S OVER.

RESPECTFULLY
James Robinson
JAMES ROBINSON
200 WALLACE DR.
CLIO, AL. 36017
JULY 13, 2005

3

9/20/05 [handwritten entry, illegible]

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA

     Plaintiff

VS.                  CASE NO. *CC-98-1628*

JAMES ROBINSON,

     Defendant

*********************************************/

## MOTION TO VACATE ORDER AND AMEND

Comes now, James Robinson and pursuant to Code Of Alabama 1975 Section 13A-5-9.1 and shows unto Honorable Judge Edward Jackson the following which comes by actual Statute, and Legislative intent. :

1. Robinson comes under the provisions of Albama retroactive application of 13A-5-9, 13A-5-9.1 for none violent offender.

2. The plain language of Section 13A-5-9.1 provides that an inmate may ask the Sentencing Judge or the Presiding Judge for relief from a previous sentenced imposed pursuant to the HFOA.

[A]. The plain language of a Statute, provides Legislative intent, and where the language is in its ordinary meaning, it must control. See **RADNEY V. STATE**, 840 So2d 190,196 (Ala. Crim. App. 2002) [3] It is well settled that words used in

**FILED**

OCT 1 3 2005

*Judy Byrd*
JUDY BYRD, CLERK
HOUSTON CO. Al

5

Page 2.

a statute **must** be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says.

Therefore under 13A-5-9.1 it is plain language that grants all none violent offenders who were sentence under HFOA, which is from a previous sentence imposed pursuant to the HFOA., resentencing.

3. The holding under EX Parte Kirby, it was stated; Although Section 13A-5-9.1 is not a model of clarity it does provide reasonably clear standards for it's execution and administration. [A]. The HFOA under 13A-5-9 provides sentences which under Class C felony offenders, with 15 years and a day are prohibited from earning CIT Good Time, therefore 13A-5-9.1 grants none violent offenders who have served 10, or 12 years a means to be resentence and be released. The HFOA under the 25 year sentence has no provisions for CIT Good Time, so based on the plain language of 13A-5-9.1 all who were sentenced under HFOA by 13A-5-9 was granted the right to apply to the sentencing Court for resentencing.

Robinson, prays the Honorable Judge will review the facts and statute of law. Where Robinson respect the Honorable Judge decision.

Respectfully

JAMES ROBINSON

10/10/05

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

JAMES ROBINSON
     DEFENDANT/PETITIONER
VS.
                            CASE NO.CC-98-1628
STATE OF ALABAMA
     RESPONDENT/PLAINTIFF

*********************************************/

## MOTION TO AMEND AND SUPPLEMENT UNDER STATUTE'S 13A-5-9.1 AND CODE OF AL. 1975 14-9-41(a)(e)

**Comes** now James Robinson and petition the Honorable Judge Sidney Edward Jackson to make a ruling under the issues, and facts which governs Robinson's Constitutional rights by Alabama Statutes of law. Robinson under Code Of Alabama 1975 Section 13A-5-9.1 has entitlement based on the plain language, where Robinson's none violent application came before this Honorable Court. The Honorable Judge issued his ruling denying, where 13A-5-9.1 has been ruled by this Court deemed denied, where 13A-5-9.1 applies under 13A-5-9 **HFOA**, only to two Classes, Life Without, and Life.

Code Of Alabama 1975 Section 14-9-41(a) stands to say that Robinson conviction is entitled to earn CIT Good Time where plain language of the Statute clearly says, Shall,

**FILED**

OCT 13 2005

*Judy Byrd*

JUDY BYRD, CLERK
HOUSTON CO., AL

7

Page 2

and, words which come from mandatory language, **Shall hereafter be convicted of any offense....or sentence upon any conviction... other than for life...**" Robinson's term comes under **none violent**, and under Alabama Constitution 1901, and the Constitutio of these United States, Robinson's 1st, 4th, 5th, 6th, and 14th Amendments Rights must be protected by one of the Statutes protection. For the following individually.

1. Robinson has a conviction which comes under Class C Felony offense, and is for a total term of 25 years. Robinson has served a total of 20 years with all jail credit awarded, along with CC-86-825.

2. Code Of Alabama 1975 Section 13A-5-9 comes under the HFOA Act. Robinson's sentence comes under the enhancement by way of 13A-5-9. Where the statute was amended in 2000.

3. Robinson's term of sentence is not life and is govern by the provisions of 13A-5-9. Where the Legislative intent under 13A-5-9.1 was to grant none violent offenders the same equal protection by resentencing through the trial Court, Robinson's rights by way of the Constitution must be protected. In that 13A-5-9.1 is for life, and life with-out. The Legislators then must by full plain language intended at all times for Robinson and others to have been long receiving the same

8

Page 3

under Code of Alabama 1975 Section 14-9-41(a) CIT Good Time, for the equal protection under Alabama Constitution. Where the Courts can provide resentencing for Class B Life and EOS by way of serving ten or Twelve years for a sentence imposed, but deny release by resentencing for a Class C felony with only 25 years, where Robinson has served 20 years on the sentence imposed.

4. Code of Alabama 1975 Section 14-9-41(e) provides that only those who have 15 years and less, and who are not Class A felony, these are the only ones who are entitled to earn CIT Good Time. The Constitutional rights under these United States are being violated where Robinson comes under three sections of Alabama law which must afford some equal protection, and the created liberty interest spoken by way of 14-9-41(a), which is plain language, and well understood.

### Relief Requested Before Judge Jackson

1. The Honorable Judge to take review of the issues which comes before the Court under Alabama Statute, and issue an order stating specific facts to which Robinson is entitled.

2. The Court to enter a order granting CIT Good Time under 14-9-41(a) based on the plain language.

9

Page 4

3.  The Honorable Judge Jackson grant what is written under Code Of Alabama 1975 Section 14-9-41(e), where the Court is granted full permission to state under the transcript of records as to whether the sentence imposed is prohibited from earning CIT Good Time, and or denial if based upon a conviction which causes serious physical injury, or loss of limbs, and etc.."

4.  The Honorable Judge to review the Constitutional issues which comes before this Court and issue and opinion, and or full facts of how the Statutes would apply based on Statutes construction as a matter of law in Alabama.

5. To any and all relief that Robinson is entitled.

RESPECTFULLY SUBMITTED

JAMES ROBINSON
565 BIBB LANE
BRENT, ALABAMA 35034

10-9-05

10/18/05 Motions denied. _Sullivan, Judge_

IN THE CIRCUIT OF HOUSTON COUNTY
ALABAMA

FILED

OCT 25 2005

*Judy Byrd*
JUDY BYRD, CLERK
HOUSTON CO., AL

JAMES ROBINSON
APPELLANT

US                                         CC-98-1628

STATE OF ALABAMA
APPELLEE


## WRITTEN NOTICE OF APPEAL.

COMES NOW JAMES ROBINSON AND FILE THE
ABOVE STYLE MOTION FOR WRITTEN NOTICE OF APPEAL.
THE HONORABLE JUDGE EDWARD JACKSON TO GRANT
THE FOLLOWING, FOR GOOD CAUSE.

1. THE COURTS HAVE RULED THAT THE STATUTE
13A-5-9.1 GRANTS APPEAL OF THE DENIAL OF STATUTE'S
PROVISION.

2. ROBINSON HAS A CONSTITUTIONAL ISSUE WHICH
COME BY LEGISLATIVE INTENT UNDER PLAIN
LANGUAGE OF 13A-5-9.1

3. JUDGE JACKSON RULING IS BASED ON LIFE AND
LIFE WITHOUT WHICH GRANTS ONLY TWO CLASS OF
FELONY OFFENSES BA THEREFORE BASED ON LEGISLATIVE
INTENT FOR NONE VIOLENT IS THERE A CONSTITUTIONAL
VIOLATION.

RESPECTFULLY
*James Robinson*
JAMES ROBINSON
565 BIBB LANE

10-18-05                    12

State of Alabama
Unified Judicial System
Form ARAP- 26 (front)    8/91

**COURT OF CRIMINAL APPEALS**
**DOCKETING STATEMENT**

Criminal Appeal Number
_____

## A. GENERAL INFORMATION:

[X] CIRCUIT COURT  [ ] DISTRICT COURT  [ ] JUVENILE COURT OF   *HOUSTON*  COUNTY

*JAMES ROBINSON* , Appellant

V.  [X] STATE OF ALABAMA  [ ] MUNICIPALITY OF  *STATE OF ALABAMA*

| | | |
|---|---|---|
| Case Number *CC-98-1628* | Date of Complaint or Indictment *9-20-05* | Date of Judgment/Sentence/Order *9-20-05* |
| Number of Days of Trial/Hearing *2* Days | Date of Notice of Appeal Oral: | Written: *10-18-05* |
| Indigent Status Requested: [X] Yes [ ] No | | Indigent Status Granted: [X] Yes [ ] No |

## B. REPRESENTATION:

Is Attorney Appointed or Retained?  [ ] Appointed  [ ] Retained.    If no attorney, will appellant represent self?  [X] Yes  [ ] No

Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary)
*JAMES ROBINSON*

Telephone Number  *N/A*

Address  *565 BIBB LANE*    City *BRENT*    State *ALa.*    Zip Code *35034*

## C. CODEFENDANTS: List each CODEFENDANT and the codefendant's case number.

| Codefendant | Case Number |
|---|---|
| Codefendant | Case Number |
| Codefendant | Case Number |

## D. TYPE OF APPEAL: Please check the applicable block.

1 [ ] State Conviction
2 [X] Post-Conviction Remedy
3 [ ] Probation Revocation
4 [ ] Pretrial Order
5 [ ] Contempt Adjudication
6 [ ] Municipal Conviction
7 [ ] Juvenile Transfer Order
8 [ ] Juvenile Delinquency
9 [ ] Habeas Corpus Petition
10 [X] Other (Specify)  *STATUTE*

## E. UNDERLYING CONVICTION/CHARGE: Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 [ ] Capital Offense - § _____
2 [ ] Homicide - § _____
3 [ ] Assault - § _____
4 [ ] Kidnapping/Unlawful Imprisonment - § _____
5 [ ] Drug Possession - § _____
6 [ ] Trafficking in Drugs - § _____
7 [ ] Theft - § _____
8 [ ] Damage or Intrusion to Property - § _____
9 [ ] Escape - § _____
10 [ ] Weapons/Firearms - § _____
11 [X] Fraudulent Practices - § _____
12 [ ] Offense Against Family - § _____
13 [ ] Traffic - DUI - § _____
14 [ ] Traffic - Other - § _____
15 [ ] Miscellaneous (Specify): _____ - § _____

## F. DEATH PENALTY:

Does this appeal involve a case where the death penalty has been imposed?  [ ] Yes  [ ] No

## G. TRANSCRIPT:

1. Will the record on appeal have a reporter's transcript?  [ ] Yes  [ ] No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed. _____ (Date)
3. If the answer to question "1" is "No":
   (a)  Will a stipulation of facts be filed with the circuit clerk?  [X] Yes  [ ] No
   (b)  Will the parties stipulate that only questions of law are involved and will the trial court certify the questions?  [ ] Yes  [ ] No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

Form ARAP-26 (back)   8

COURT OF CRIMINAL APPEALS DOCKETING STATEMENT

**H. POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Y. |
| 7 | 15 | 05 | MOTION 13A-5-9.1 KIRBY STATUE | 9 | 20 | 05 |
| | | | | | | |
| | | | | | | |

**I. NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case.

ROBINSON PURSUANT TO CODE OF ALABAMA 1975 SECTION 13A-5-9 COMES UNDER HFOA ACT. ROBINSON IS A NONE-VIOLENT OFFENDER CODE OF ALABAMA 1975 SECTION 13A-5-9.1 CLASS C FELONY OFFENSE.

ROBINSON AVERS THAT UNDER CLEAR PLAIN LANGUAGE OF 13A-5-9.1 LEGISLATIVE INTENT DID NOT CREATE DISCRIMINATION, AND THAT CLASS C FELONY OFFENDERS UNDER 13A-5-9 ARE ENTITLED TO RELIEF FOR RESENTENCING THE UNCONSTITUTIONAL ASPECT OF THE STATUTE WHERE 14-9-41 (E) IS NOT ENFORCED AS WRITTEN.

**J. ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. (Attach additional pages if necessary.)

1. THE 1ST, 4TH, 6TH, AND 14TH AMENDMENT RIGHTS CREATED UNDER LEGISLATIVE INTENT.

2. ISSUE OF FIRST IMPRESSION UNDER LEGISLATIVE INTENT WHERE 25 YEAR NONE VIOLENT OFFENDERS MUST BE GIVEN EITHER 14-9-41 (E) AND OR 13A-5-9.1

**K. SIGNATURE:**

10-18-05
Date

Signature of Attorney/Party Filing this Form

State of Alabama
Unified Judicial System
Form ARAP-1C        8/51

**REPORTER'S TRANSCRIPT ORDER — CRIMINAL**
See Rules 10(c) and 11(b) of the
Alabama Rules of Appellate Procedure (A.R. App.P.)

Criminal Appeal Number

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE
APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

☒ CIRCUIT COURT   ☐ DISTRICT COURT   ☐ JUVENILE COURT OF    HOUSTON

JAMES ROBINSON                                                      COU

v.    ☒ STATE OF ALABAMA
      ☐ MUNICIPALITY OF    STATE OF ALABAMA                        Appella

Case Number
CC-98-1628                           Date of Judgment/Sentence Order
                                     9-20-05
Date of Notice of Appeal
Oral:                  Written:  10-18-05        Indigent Status Granted:   ☒ Yes   ☐ No

PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:
I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD
ONLY: IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDE
IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAV
STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT
COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, CODE C
ALABAMA 1975).

James Robinson                10-18-05              JAMES ROBINSON
Signature                     Date                  Print or Type Name

PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED. Request is hereby made to the court reporter(s) indicated below for a transcript of
the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):
MARK PROCEEDINGS REQUESTED:

A. ☐ TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence                COURT REPORTER(S)
proceedings, a transcript of the organization of the jury and arguments of counsel must
be designated separately.

B. ☐ ORGANIZATION OF THE JURY - This designation will include voir dire examination and
challenges for cause. Note that in noncapital cases the voir dire of the jury will not be
recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

C. ☐ ARGUMENTS OF COUNSEL - Note that in noncapital cases the argument of counsel will
not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING
PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL (ATTACH ADDITIONAL PAGES IF NECESSARY):

ADDITIONAL PROCEEDINGS REQUESTED
D. _____
                                              DATE                        COURT REPORTER(S)
E. _____

F. _____

G. _____

IMPORTANT NOTICE: The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be
effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceeding in
the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is
not sufficient. (See Rule 10(c)(2), A.R.App.P.)

PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:
I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL
ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT
HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN
REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

Signature _____    Date _____    Print or Type Name _____

DISTRIBUTION: Original filed with Clerk of Trial Court and copies mailed to: (1) Clerk of the Court of Criminal Appeals,   (2) the District Attorney
(3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General in the case of a
municipal conviction, and (4) each Court Reporter who

| 11/1/05 | Free transcript ordered | [signature] |

REV. 4/1/97

## NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
### BY THE TRIAL COURT CLERK

_____ STATE OF ALABAMA _____

**APPELLANT'S NAME**
(as it appears in the Indictment)

V.          JAMES LENWOODROBINSON

**APPELLEE**

[✓] CIRCUIT  [ ] DISTRICT  [ ]  **JUVENILE COURT OF** _____ HOUSTON _____ COUNTY
CIRCUIT/DISTRICT/JUVENILE JUDGE: _____ SIDNEY EDWARD JACKSON _____

| DATE OF NOTICE OF APPEAL: | 10-25-2005 |
|---|---|

(NOTE: If the appellant is incarcerated and files notice of appeal, this date should be the date on the certificate of service, or if there was no certificate of service, use the postmark date on the envelope.)

**INDIGENCY STATUS:**

| | | |
|---|---|---|
| Granted Indigency Status at Trial Court | [✓] Yes | [ ] No |
| Appointed Trail Counsel Permitted to Withdraw on Appeal: | [ ] Yes | [ ] No |
| Indigent Status Revoked on Appeal: | [ ] Yes | [✓] No |

**DEATH PENALTY:**

Does the appeal Involve a case where the death penalty has been imposed?   [ ] Yes  [✓] No.

**TYPE OF APPEAL:** (Please check the appropriate block)

| | | |
|---|---|---|
| [ ] State Conviction | [ ] Pretrial Appeal by State | [ ] Juvenile Transfer Order |
| [ ] Rule 32 Petition | [ ] Contempt Adjudication | [ ] Juvenile Delinquency |
| [ ] Probation Revocation | [ ] Municipal Conviction | [ ] Habeas Corpus Petition |
| [ ] Mandamus Petition | [ ] Writ of Certiorari | [✓] Other (Specify) MOTION MODIFY SENTENCE |

IF THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E, RULE 32 PETITION, WRIT OF HABEAS CORPUS, ETC.) OR FROM ANY OTHER ORDER ISSUED BY THE TRIAL JUDGE, COMPLETE THE FOLLOWING:

TRIAL COURT CASE NO.: _____ CC1998-1628 _____

DATE ORDER WAS ENTERED: _____ 09-20-05 _____

PETITION: [ ] Dismissed  [✓] Denied  [ ] Granted

IF THIS IS AN APPEAL FROM A CONVICTION, COMPLETE THE FOLLOWING:

DATE OF CONVICTION: _____     DATE OF SENTENCE: _____

**YOUTHFUL OFFENDER STATUS:**

Requested: [ ] Yes [ ] No        Granted: [ ] Yes [ ] No

LIST EACH CONVICTION BELOW: *(attach additional page if necessary)*

1. Trial Court Case No. _____     CONVICTION: _____
   Sentence: _____
2. Trial Court Case No. _____     CONVICTION: _____
   Sentence: _____
3. Trial Court Case No. _____     CONVICTION: _____
   Sentence: _____

**POST-JUDGMENT MOTIONS FILED:** (complete as appropriate)

| | Date Filed | Date Denied | Continued by Agreement To(Date) |
|---|---|---|---|
| [ ] Motion for New Trial | | | |
| [ ] Motion for Judgment of Acquittal | | | |
| [ ] Motion to Withdraw Guilty Plea | | | |
| [ ] Motion in Arrest of Judgment | | | |
| [✓] Other MOTION TO AMEND/ | 10-13-05 | 10-18-05 | |

COURT REPORTER (S) ............... NONE
ADDRESS: ...............

APPELLATE COUNSEL: ............... PRO-SE
ADDRESS: ...............

APPELLANT: (IF PRO SE) ...............
ADDRESS: ...............     AIS# 121865    D-3 17B
565 BIBB LANE
BRENT, AL. 35034

APPELLEE (IF CITY APPEAL) ....
ADDRESS: ...............

I certify that the information provided above is accurate and to the best of my knowledge and I have served a copy of this Notice of Appeal on all parties to this action on this ___2ND___ day of ___NOVEMBER___, 2005.

*Judy Byrd*
CIRCUIT COURT CLERK

17

| State of Alabama<br>Unified Judicial System<br>From ARAP - 14  Rev. 11 / 91 | CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK | Appellate Case Number<br><br>_____ |
| --- | --- | --- |

| TO: THE CLERK OF<br>　　　THE COURT OF CRIMINAL APPEALS OF ALABAMA | DATE OF<br>NOTICE OF APPEAL:　　10-25-05 |
| --- | --- |
| APPELLANT<br>　　　　　　　JAMES LENWOOD ROBINSON | |
| v. STATE OF ALABAMA | |

　　　　I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in ( a single volume of ___18___ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of brief.

　　　　I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

　　　DATED this___17TH___ day of ___NOVEMBER___ , ___2005___ .


_Judy Byrd_
Circuit Clerk

ATTORNEY GENERAL COPY

**************************************************************

CR-05-0233

JAMES LENDWOOD ROBINSON

APPELLANT

VS.

STATE OF ALABAMA

APPELLEE

FILED

DEC 21 2005

CLERK
ALA COURT CRIMINAL APPEALS

ON APPEAL FROM THE CIRCUIT COURT OF HOUSTON
COUNTY, ALABAMA
CC98-1628

**************************************************************

BRIEF AND ARGUMENT OF JAMES ROBINSON

**************************************************************

JAMES    L.    ROBINSON    PRO
SE INMATE
565 BIBB LANE
BRENT, ALABAMA 35034

**************************************************************

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS. ........................... i.

TABLE OF CASES ............................... ii.

STATEMENT OF CASE ........................... 1.—9.

STATEMENT OF FACTS PRESENTED ............... 10.

ISSUES PRESENTED FOR REVIEW ............... 12.—16.

ARGUMENT ISSUE II. ........................... 17.—22.

ARGUMENT ISSUE III. ......................... 23.—25.

ARGUMENT ISSUE IV. ........................... 26.—29.

CONCLUSION .................................. 30.

CERTIFICATE OF SERVICE ....................... 31.

−i.−

## TABLE OF CASES

                                                        Pages

BROOKS V. STATE, 622 SO.2d 447
(Ala.Cr.App.1993)................................. 16,24.

EX PARTE COBB, 703 SO.2d 871
(Ala.1996)..................................... 18,27,28.

GHOLSTON V.STATE, 620 SO.2d 719
(Ala.1993)........................................ 24.

HILSABECK V. STATE, 477 So.2d 465
(Ala.1985)........................................ 19.

JONES V. WHITE, 992 F.2d 1548
(11th Cir.1993)................................... 24.

KIRBY V. STATE, 2004 WL 1909345
(Ala. 2004)....................................... 13.

LIDGE V. STATE, 419 SO.2d 610
(Ala. Crim. App. 1982)............................ 14.

OPINION OF THE JUSTICES, 410 SO.2d 60,61.......... 16. 24.

POWERS V. STATE, 546 SO.2d 1000
(Ala.Cr.App. 1987)................................ 29.

RADNEY V. STATE, 840 SO.2d 190
(Ala.Crim.App. 2002)........................... 14,17,27.

Code Of Alabama 1975 Section 13A-5-9
Code Of Alabama 1975 Section 13A-5-9.1
Code Of Alabama 1975 Section 14-9-41(a)
Code Of Alabama 1975 Section 14-9-41(e)

## STATEMENT OF CASE

**James Robinson** was convicted in the Circuit Court of Houston County, Alabama for Class C Felony Offenses. Robinson was sentenced under Code Of Alabama Statute 13A-5-9, which is commonly known as the Habitual Felony Offender Act. 13A-5-9 under the Statute grants the trial Court jurisdiction to enhance a felony conviction. 13A-5-9 says : **"In all cases when it is [S]hown..."** The Statute requirements clearly provides that it must be shown before the trial Court before a sentence can be enhanced. Other's say when it is admitted to by Defendant that He/She has priors, then the HFOA is invoked before the Court for enhancement purposes.

The State Of Alabama has had mass confusion about 13A-5-9 since it's being placed in Alabama's law.

Robinson and all others who have been sentenced under 13A-5-9 with Class C felony offenses, we have been discriminated against, and placed under harsher punishment by denial of having 13A-5-9.1 in our cases. 13A-5-9 which was used to enhance all convictions, and has mandatory language, Robinson then has entitlement under mandatory language to receive resentencing.

-1.-

13A-5-9(a) says "**In all cases when it is [S]hown....
he or she must be punished as follows.**" 13A-5-9(c)(1) states
the very same under mandatory language. Therefore Robinson's
enhancement and all others were done under mandatory provisions
by the Statute's language. Robinson prior to ACT 2001-977,
and ACT 2000-759 Robinson's sentence and conviction was under
13A-5-9 just like Kirby's sentence and conviction. There's
nothing in the language of any Amendment which says don't grant
Class C felony offenders resentencing. There's nothing in the
body of 13A-5-9(a) which seperates enhancements under the HFOA
ACT. In fact the original ACT was challenged, and it ruled
to be constitutional in all aspects. Robinson's Motion which
was filed before the Circuit Court of Houston County, Alabama
[Tr. 2-3 ] Robinson clearly made his request under the Statute's
provisions of 13A-5-9.1. In Robinson's Motion it was shown
that Circuit Court of Houston County, Alabama granted Freddie
Thompson release from prison, where Thompson had served 12
years for Life under Class B felony for sales of drugs. Robinson's
Motion showed that Robinson has served 19 years on the 25 year
sentence and convictions with all jail credit from CC-88-026.

-2.-

The simple facts of Robinson's case are; that Robinson by all constitutional rights have entitlement to receive the same which all are receiving under Class "B" and Class "A". Alabama Statute had no clause when it was written to seperate convictions by class seperation. 13A-5-9 was applied to all with prior convictions in the State of Alabama. Honorable Judge Jackson's denial is based on one ground only. [Tr.-4 ] **"Motion denied.... only to grant Life and Life Without Parole.."** Robinson and all others who are denied based on there being no relief for Class C felony offenders violates Robinson's and all others constitutional rights. Robinson and all others whether Life and or Life Without come under clear mandatory language spoken by the same Statute of law 13A-5-9. Where it's clear under all convictions when it is shown, then the Court **must** sentence under mandatory provisions.

Robinson's claims are true based on the Constitution of these United States, and Alabama Constitution 1901. There's no room to grant Class B, and Class A resentencing under the same ACT which gave these two classes grounds for resentencing, but there's nothing no form of relief given to Robinson and all others who have Class C felonies, and sentenced under mandatory

-3.-

requirements. Alabama by all rulings provide that 13A-5-9 is non-discretionary. In all cases when it is shown, then it becomes a must. The must then has to be turn around and given the exact same meaning which were done for all under the HFOA ACT. Robinson's Motion filed to vacate the order. [Tr.-5-6 ], Robinson showed clear facts before the Court. Paragraph 2. of Robinson's Motion says : "The plain language of section 13A-5-9.1 provides that an inmate may ask the sentencing Judge or the Presiding Judge for relief from a previous sentenced imposed pursuant to the HFOA." Robinson's Motion specified by specifics that when the language of the Statute is clear then it is mandatory that it must mean exactly what it says. Robinson has proved that all who were victims of 13A-5-9 are entitled to resentencing by proper Motion being filed. Robinson followed the provisions, but the denial is based only where Robinson's sentence is not a Class B offense. Robinson avers that where's uneven application then there's selective acts done with full evil intent. All who come under 13A-5-9 have entitlement to petition the Court. There's relief to which the trial Court has where all comes under discretionary rulings based on Statute's words spoken.

-4.-

Robinson's sentence for 25 years under Class "C" once it is enhanced by 13A-5-9. In fact it was held in Robinson's case under CC-88-125, that Robinson's Class C, became a Class A for fines of $20,000.00. Robinson therefore based on all aspects has clear entitlement once it was stated in the very Statute that resentencing is granted for enhanced sentences pursuant to 13A-5-9. It is clear that Executive Order Number 62 created resentincing of none violent offenders. It is futher clear that in order to receive resentencing a person had to have been sentenced under 13A-5-9. Robinson's 25 year sentence came from 13A-5-9 which the State of Alabama has said in all written Opinions from the Court of Criminal Appeals, and Attorney General. Where it has been said in Robinson's case from Houston County, Alabama for Burglary 3rd degree. The reason Robinson's fine was $20,000.00 is because Robinson's priors placed Robinson in Class A conviction punishment.

Robinson shows that based on the very lenguage coming from the Court of Criminal Appeals in CR-04-0188 that Robinson's punishment comes under Class "A" felony offender. Robinson under 14-9-41(e) then says that the State of Alabama has a

very serious problem with out-right discrimination with the use of ACT 80-446 CIT Good Time. Code Of Alabama Section 14-9-41(e) says no Class A felony offender can receive CIT Good Time. Robinson has full knowledge that thousand upon thousand of inmates have 3 priors and came under Class "C." and received 15 years for the conviction. State Of Alabama says that Robinson's Class C felony becomes a Class A. Therefore all inmates who are Habitual Offenders with 3 priors and have 15 years they are Class A offenders and are prohibited from earning CIT Good Time by the rulings and Attorney General's language used against Robinson to deny actual refund owed to Robinson for a $20,000.00 fine under 13A-5-11.

Robinson provided before Judge Jackson for a written order to issue. Motion To Amend And Supplement.. [Tr.-7-10]. Robinson's claim that 14-9-41(a0 then must apply to Robinson's sentence and conviction, where Robinson don't have **Life**. 14-9-41(a) has plian language."**Each Prisoner who [S]hall hereafter be convicted for any offense...and upon any conviction..other than for LIFE..may be entitled to earn a deduction from his sentence as follows.**" Robinson's claims were never refuted,

-6.-

by the merits, nor any written facts by the Judge at all. Robinson under 14-9-41(a) has full entitlement to receive CIT Good Time then for his sentence, where 14-9-41(e) awards CIT Good Time to Class A felony offenders by enhancements under the HFOA ACT. Robinson then shows that ACT 80-446 provides that no **HFOA Offender** could receive CIT Good Time. These are serious Constitutional violations which have been done. first Robinson can't get the benefits under 13A-5-9 which placed Robinson in the range of no CIT Good Time based on 14-9-41(e). Robinson then is serving **Flat Time; Day for Day**, even on parole. Robinson's constitutional rights are being violated based on 13A-5-9 for resentencing by interpretaion of 13A-5-9.1 where it is supposed to be for a specified Class; Class A and Class B none violent offenders. Robinson case is before this Court from the actual Statutes which must grant Robinson some form of relief based on 13A-5-9 which enhanced Robinson's sentence. Robinson in relief of his Motion; [Tr.-9-10. ] Robinson is entitled to have plain language of 14-9-41(a) as well understood language says, and or to have the resentencing which comes under 13A-5-9 the enhancement Statute where both Class B; and Class A

—7.—

are given resentencing by 13A-5-9.1. Robinson's claims are directly govern by Alabama's Statute like Kirby, who was granted full relief based on the Statute's requirements.

Robinson is housed at Bibb's Correction Facility, where the original capacity was 900. Bibb's population exceeds 1,800 inmates. Each and every State Prison are massly over capacity in Alabama based on over crowded conditions. Robinson and all others who are housed are done so in violation of Alabama Constitution, and the Constitution of these United States. 13A-5-9.1 was amended for the sole purpose to grant some inmates actual release from Alabama priosn who had Life, and Life With Out. However each and every inmate. who had those type sentences were sentenced under Mandatory requirements from the exact same Statute which Robinson received his 25 Year sentence from. If not for 13A-5-9 Robinson's maximum sentence would have been 10 years and Robinson long gone from Alabama Prison.

The appeal now comes for this Court to decide crucial and specific issues under the Constitution, and to which are all true facts that some Court has to issue a specific order to as a matter of law in the State Of Alabama.

-8.-

Robinson's Constitutional Right under the 1st, 4th, 6th, 8th, and 14th Amendments come before this Court. Alabama Constitution 1901 Article IV. Section 61, and Section 85. There are issues which Robinson has based on Alabama rulings which makes it plain there's relief that must be granted for all in the State of Alabama. There are facts which no Judge can dispute about these issues. Robinson's enhancement in CC-88-125 were never placed before the trial Court at sentencing, however the rulings stood that based on the State's theory that they had intent to produce. They have more to be favored by the Constitution than Robinson. Then Robinson points to the Statute which says in all cases when it is shown. The State of Alabama didn't show the evry 1st, they only showed intent. When there was no completion of the actual intent, 13A-5-9 died in Circuit Court. However again now Robinson is before the Court and this time all Constitutional aspects are evenly distrubted. 14-9-41(e) gives inmates with 3 priors with Class C, but enhanced by 13A-5-9 for Class A CIT Good Time. The Department Of Corrections violates Constitutional Rights of every inmate under ACT 80-446. Robinson's case comes for ruling now.

-9.-

## Statement Of Facts Presented

**Robinson** filed a timely Motion pursuant to 13A-5-9.1 [Tr.-2-3 ]. The Motion was filed July 15, 2005. Honorable judge Jackson denied the Motion September 20, 2005 [Tr-4 ]. Robinson filed a timely Motion for the Court to Vacate the order. [Tr-5-6 ] THere was a full Motion filed by Robinson setting forth actual Statute's violation, and rights which each Statute based on law affords Robinson some form of relief. [Tr.-7-10 ] The Honorable Judge Jackson's orders were issued. [Tr.-11-] Motion denied. There's nothing by written orders from Judge Jackson, nor any response by the State to refute Robinson's claims.

Robinson's was before the Court with none violent cases, and there because Robinson's sentence enhancement came by 13A-5-9 under the HFOA ACT. The only reason robinson says that any inmate can receive any benefit he/she has to have been convicted under 13A-5-9, plain and simple. Alabama Legislative Intent was not ruled on by Judge Jackson at all under 13A-5-9.1 Nor has the State gave any answer.

This appeal comes before this Court for written facts.

ISSUES PRESENTED FOR REVIEW


ISSUE I. WHETHER 13A-5-9 ENHANCEMENT GRANTS SEPERATION
FOR CLASS DISCRIMINATION TO BE APPLIED
"NO"


ISSUE II. WHETHER 14-9-41(a) and 14-9-41(e) Create
A RIGHT FOR ROBINSON TO RECEIVE CIT GOOD TIME
"YES"


ISSUE III. WHETHER 13A-5-9.1 BY STATUTORY LANGUAGE EFFECTS
A CLASS UNDER ALABAMA STATUTE HFOA ACT 13A-5-9 FOR ALL


IV. WHETHER 14-9-41(a) BY STATUTORY LANGUAGE EFFECTS
A CLASS OF ALABAMA PRISONERS WHERE MANDATORY LANGUAGE WAS
USED TO PROVIDE A SPECIFIC PURPOSE


-11.-

### ISSUE I. WHETHER 13A-5-9 ENHANCEMENTS GRANTS SEPERATION
### FOR CLASS DISCRIMINATION TO BE APPLIED
### "NO"

Robinson's sentence was alleged to have been enhanced by Code Of Alabama 1975 Section 13A-5-9. Robinson appeared in Court with Class C felony offenses. The State for those Class C felony offenses recommended Robinson's sentence be enhanced under 13A-5-9. The Court therefore imposed under mandatory provisions nothing under 15 Years for Robinson, and imposed a term of 25 years imprisonment for the conviction.

Robinson filed to the trial Court before Honorable Judge Jackson a time Motion based under 13A-5-9.1 which grants None-Violent Offenders who were enhanced by 13A-5-9 a means to be resentenced by the trial Court. Robinson filed his Motion. [Tr.-2-3 ] The Honorable Judge Jackson denied the Motion [Tr-4 ] Robinson filed a timely Motion to Vacate Order And Amend [Tr-5-6 ], and Robinson filed a timely Motion To Amend And Supplement Under Statute's 13A-5-9.1 and Code Of Alabama 1975 14-9-41(a)(e) [Tr.-7-10 ] Motion denied [Tr.-11- ] Robinson appealed. These are Statutes requirements, and Constitutional

-12.-

Issues which grants Robinson relief as a matter of Alabama law. The full facts come by law.

The Court's holding under KIRBY V. STATE, 2004 WL 1909345 (Ala.) The Court held; *3 "The plain language of Sec. 13A-5-9.1 does not require that an inmate have a case pending before the Circuit Court in order for the inmate to file a motion for reconsideration of his or her sentence, nor does it require that the inmate invoke a particular rule of criminal procedure. Rather, Sec. 13A-5-9.1 provides that an inmate may ask the sentencing Judge or the presiding Judge for relief from a previous sentence imposed pursuant to the HFOA and provides that the court is to consider the elvaluation of the DOC in considering the inmate's motion." The Court went own to hold; " Section 13A-5-9.1 clearly confers jurisdiction on the sentencing Judge or the Presiding Judge by giving that Judge the power to apply the provisions of section 13A-5-9 retroactively to **nonviolent convicted offender[s]"** The real question which must be address is the root where the resentencing comes from, which is Section 13A-5-9. Did 13A-5-9 make discrimination by Classes under felonies in the State Of Alabama ? **"NO."** **13A-5-9 says "In all cases when it is shown."** Robinson's facts goes to the very Statute.

-13.-

13A-5-9 was drafted to deter repeat offenders. See <u>LIDGE</u>
<u>V. STATE</u>, 419 SO.2d 610,614 (Ala. Crim. App. 1982) All felony
convictions, even those that occured before the **HFOA** became
effective and regardless of their orgin, are to be considered
in determining the correct sentence under the **HFOA**; **LIDGE**;
at 614. Therefore 13A-5-9 can't grant class seperation. The
very plain language of 13A-5-9 must be used as written. Where
you have a Statute which says, clear, precise, well understood
words it **must** be applied as written. <u>RADNEY V. STATE</u>, 840 SO.2d
190,196 (Ala. Crim. App. 2002) It is well settled that words
used in a Statute must be given their natural plain, ordinary,
and commonly understood meaning. 13A-5-9 made it clear that
all convictions will be enhanced where there are priors that
can be used. 13A-5-9.1 was amended for those who were sentenced
under 13A-5-9.1; therefore did the Legislative Intent provide
that there were only two classes who were convicted under 13A-
5-9 would receive resentencing ? **"NO"** The Court's holding under
KIRBY, is that the Judge has to consider the same factors which

-14.-

he/she considered in the original sentence imposed under use of 13A-5-9 at resentencing. The Judge's ruling saying that 13A-5-9.1 applies to only two classes violates Alabama Constitution 1901 Article IV. Section 61 The original purpose of 13A-5-9 was for all who had prior convictions. The Statute 13A-5-9 didn't provide any means for Class C to be exempt, if so then Robinson is clearly entitled to resentencing as a matter of law where the maximum for a Class C felony is only 10 years. However 13A-5-9 being applied the 25 years under 13A-5-9 HFOA grants Robinson the same which came under the original intent of the HFOA ACT.13A-5-9.

Robinson's claims which came before Judge Jackson are true and correct. 13A-5-9.1 can't be just for two classes of convictions only where the very root for 13A-5-9.1 comes from 13A-5-9, which applies to all inmates who have been convicted under the enhancements by HFOA.

The State of Alabama prisons are triple capacity and the reason being no form of relief exist for the full make-up of Class "C" felony offenders who are still serving a sentence coming under 13A-5-9, and who under 14-9-41(e) receive no CIT

-15.-

Good Time. 13A-5-9 did not provide any means to discriminate, nor has there been any means to award class seperation for this Class, and that Class, but deny this Class.

Robinson's finally shows the Honorable Judges just why 13A-5-9.1 must apply; for all affected by 13A-5-9. See <u>OPINION OF THE JUSTICES</u>, 410 SO.2d 60,61. The Court held : "Generally, any law with respect to the punishment to be given must operate equally on every citizen or inhabitant of the State, and the Statute is void as a denial of equal protection of the laws which prescribes a different punishment or different degres of punishment for the same acts committed under the same circum-stances by persons in like situations." There can be no seperation, nor any form of discrimination under Alabama's Statute of law, where there was none done with use of 13A-5-9 where all received enhancement; then there can be none applied for resentencing by 13A-5-9.1 for Robinson's rights which are a Constitutional guarantee under these United States and the State of Alabama.

Therefore Judge Jackson's order denying reconsideration violates Robinson's constitutional rights as spoken.

-16.-

ISSUE II. WHETHER 14-9-41(a) and 14-9-41(e)  Create
A Right For Robinson To Receive CIT GOOD TIME
'yes.'

Robinson comes under Code Of Alabama 1975 Section 14-9-41(a). Robinson's sentence is not Life. 14-9-41(a) has precise plain language. Which says in part : "Each prisoner hereafter convicted for any offense,... and upon any conviction...other than for LIFE.. may be entitled to earn a deduction from his sentence as follows." Robinson's Motion filed before Judge Jackson. [Tr-7-10 ] Robinson's Motion raised facts which grants relief based on the Statute, and was not refuted by the State at all. Therefore these under the Constitution must be true, and futher where there's nothing in Judge Jackson's order the Statute's language must be applied as written. 14-9-41(a) says upon any conviction, any offense, other than for life. In RADNEY V. STATE, 840 SO.2d 190, 196 (Ala. Crim. App. 2002) The Court said; "Section 13A-11-200 is not ambiguous; its language is plain, and we are required to interpret it to mean exactly what it says." 14-9-41(a) is not ambiguous; its language is plain. The Court then is under obligation to interpret it mean exactly what it says. Judge Jackson made no interpretation.

-17.-

The State remained silent to the Constitutional issues which grants Robinson relief as a matter of law. There's nothing that can be said that 14-9-41('a), wasn't written, so what's the purpose of Alabama's Legislative Members printing written language if it's not to be used, and never applied. ? But where Alabama Legislative Members knew that Former Good Time laws existed, the Statute's written language tracks Former Statutes which granted IGT Good Time for all convictions other than for Life. 14-9-41(a) must be applied based on **EX PARTE COBB, 703 SO.2d 871 (Ala. 1996)** If the language is not ambiguous, then there is no room for judicial construction. There is absolutely nothing spoken in 14-9-41(a) which can't be understood. CIT Good Time then must be applied to Robinson's sentence of 25 years. The Court's says that 13A-5-9.1 don't apply where Robinson don't have LIFE. Then it's common sense, that Alabama Legislative Body must have thought; **Our words spoken in 14-9-41(a) gives Class C inmates CIT Good Time.** Then if this was not the case what possibly could be going on in the State of Alabama. You mean to say that a more serious crime can be given

-18.-

actual resentencing, allowed to go free, and Alabama Legislative Members did nothing for property crimes under 13A-5-9. By no *means* has 13A-5-9.1 denied Robinson's a proper Statute for resentencing under Robinson's nonviolent convictions. Futher 14-9-41(a) the very language grants Robinson's constitutional rights under the 1st Amendment to have clear precise plain language to applied as writtem. Robinson futher says that there is a 4th Amendment created Liberty Interest which has been established under plain language spoken by Statute 14-9-41(a). Where the words, **Each Prisoner who [S]hall, convcited of any offense, upon any convcition ..other than for [L]ife.** These words placed in 14-9-41(a) created Robinson entitlement to receive CIT Good Time as a matter of law. EX PARTE COBB, The language is not ambiguous, therefore it must be applied as written, and most definitely for Robinson's created right by Alabama Legislative Intent.

Robinson says there a key that has to be reviewed. 13A-5-9.1 and 14-9-41(e) Which serves the best interest of Alabama Citizens, and Robinson. Robinson points to HILSABECK V. STATE, 477 SO.2d 465,471,472((Ala. 1985) The Court stated : That in

-19.-

analyzing equal protection challenges to the Alabama Correctional Incentive Time Act "We utilize the rational basis test prescribed by the United States Supreme Court. Under this test, we must determine (1) whether the classification futhers a proper govern-mental purpose and (2) whether the classification is rationally related to that purpose." The issue today unlike HILSABECK, 14-9-41(e) was amended in October of 1991. The amending of 14-9-41(e) granted CIT Good Time to Habitual Offenders. The purpose of ACT 80-446 said that **No Habitual Offender would receive CIT Good Time.** The original purpose of the ACT was defeated in October 1991. Going back to Robinson's case under CR-04-0188 It was held that Robinson's 3rd degree burglary was enhanced to a Class A, where Robinson had 3 priors. This being the case State of Alabama has released thousand upon thousand of Class "A" inmates with 15 years and less. Alabama Constitution 1901 Article IV. Section 61; provides that NO bill shall be so altered as to change its original purpose. The original purpose was changed in October of 1991, where HFOA Inmates received CIT Good Time. The Ruling under HILSABECK,

-20.-

definitely would render 14-9-41(a) the Legislative Intent, where 14-9-41(a) passes all Constitutional aspects.

Robinson and others are clearly entitled to have CIT Good Time as written by 14-9-41(a) where there's actual conflict between 14-9-41(a) and 14-9-41(e). 41(e) grants CIT Good Time to HFOA inmates, and it discriminates against Robinson and others by the actual sentence number alone. HILSABECK when you analyzine the equal protection clause you must consider the basis. There's nothing to up-hold granting one set of HFOA CIT Good Time and discriminate against others based on the actual sentence number alone. BROOKS V. STATE, 622 SO. 2d 447 (Ala. Cr. App.1993) The BROOKS, Court held "The 1991 amendment grants good time benefits to sex offenders with longer sentences, corresponding to presumably more serious crimes, yet denies retroactive benefits to sex offenders with shorter sentences for presumably less henious crimes. The only distinction appears to be the timing of conviction and sentencing." The only difference in Robinson's denial of CIT Good Time is the amount of time only, where any inmate with 3 priors and has a Class C, He/She

-21.-

is an Habitual Offender and earns CIT Good Time, with a sentence of 15 Years. Robinson receives no CIT Good Time and he has the same crime as some with 15 years and 3 priors. BRROKS, holding applies to Robinson, where the discrimination violates Robinson's Constitutional rights. The only difference being the number of the sentence alone. Equal protection violation exist, and therefore 14-9-41(e) is void for violating all Constitutional rights which Robinson listed. Futher there's nothing which serves the best interest of Alabama Citizens, where Tax Payers pay for inmates like Robinson who have EOS based on CIT Good Time and the actual amount of time which Robinson has served on said sentence.

Alabama Criminal Court of Appeals has full authority to render written facts in Robinson's claims which comes under Alabama Statutes of laws which provide relief for inmates who were sentenced under 13A-5-9. The appeal rest for this Courts ruling, and proper consideration.

-22.-

ISSUE III. WHETHER 13A–5–9.1 BY STATUTORY LANGAUGE EFFECTS
A CLASS UNDER ALABAMA STATUTE HFOA ACT 13A–5–9 FOR ALL

The issues which comes before this Honorable Court must be viewed under **Statutory Authority For An Entire Class**. The amending and application of 13A–5–9.1; Was this for all who were sentenced pursunat to 13A–5–9 ? Second did 13A–5–9 apply to all with prior convictions ? **"YES"**; all in all the Statute 13A–5–9.1 must apply and be granted for all or none. That's the Constitution of Alabama, and these United States. Once you apply unevenly; **You single out and exclude some, but grant others**; you created a clear constitutional violation.

Code Of Alabama 1975 Section 13A–5–9 by words, language used makes it a direct [M]ust, it has to be done, it [M]ust be for all unitedly. 13A–5–9; was for all who had prior convictions and stated by Statute's language how it applied to all. Once this took place **nothing; absolutely nothing** could be used to grant favortism, class distinction, and class discrimination. See **OPINION OF JUSTICES NO. 317, 474 SO.2d 700,704 (Ala. 1985)** Applying the [D]octrine of "Ejusdem [G]eneris" 13A–5–9.1, **Must**

apply to all. See GHOLSTON V. STATE, 620 SO.2d 719 (Ala. 1993)

At 724 the Court held; "And the Habitual Felony Offender Act,

Section 13A-5-9, [R]equires that every sentence for a [F]elony

conviction be enhanced when the defendant has a previous felony

conviction." Nothing by way of 13A-5-9 seperate and granted

Class [S]eperation. It [M]ust be done equally. See JONES V.

WHITE, 992 F.2d 1548(11th Cir. 1993) at 1561 it was said; (quoting

Tom Sorrells former District Attorney of Houston County, Alabama)

"He explained that [T]he nondiscretionary feature of the act

is very important; that you can't do it to one person and not

do it to the other person;" Therefore 13A-5-9.1 can't be granted

uneven, and granting one specific class; and deny others who

were all affected by it's passage in Alabama law. Where the

very ACT must be considered as a whole when the amending of

the Statute took place. Each and every inmate sentence under

the HFOA ACT has entitlement by the language, and what the

very ACT itself stood for to be resentenced. If not then the

entire ACT itself [M]ust be void. See OPINION OF THE JUSTICES,

410 SO.2d 60,61 "Generally, any law with respect to the punishment

to be given [M]ust operate [E]qually on every citizen...of

-24.-

the [S]tate, and a [S]tatute is [V]oid as a denial of [E]qual [P]rotection of the [L]aws which describes a [D]ifferent [P]unishment or [D]ifferent degrees of [P]unishment for the [S]ame acts.." This has taken place with 13A-5-9.1 where class seperation, and singling out certain classes of inmates, but all inmates were under the same ACT, and received the same punishment a fully enhanced sentence. The results accomplished under 13A-5-9.1 was to grant resentencing of nonviolent offenders. There's actual discrimination, and class seperation where Class C felony nonviolent inmates are segregated and placed in a class not receiving the application of 13A-5-9.1, where we all came under 13A-5-9. The Constitutional violations which have taken place violates Robinson's and all others absolute right to file back to the Court for resentencing under the entire Class of HFOA sentences which were handed down by a Statute which speaks, [M]ust, and don't exclude any. The issues must be resolved as a matter of law.

-25.-

## IV. WHETHER 14-9-41(a) BY STATUTORY LANGUAGE EFFECTS
### A CLASS OF ALABAMA PRISONERS WHERE MANDATORY LANGUAGE WAS
### USED TO PROVIDE A SPECIFIC PURPOSE

The facts are true; once Alabama Legislators placed Code Of Alabama 1975 Section 14-9-41(a); there was a specific purpose. Under the Constitution of these United States; The 4th Amendment provides a created liberty interest. 14-9-41(a) says: "Each [P]risoner who [S]hall [H]ereafter be [C]onvicted of [A]ny [O]ffense against the [L]aws of the [S]tate of Alabama and is [C]onfined, in execution of the judgment or [S]entence [U]pon [A]ny [C]onviction.....[O]ther than for [L]ife...may be [E]ntitled to [E]arn a [D]eduction from the term of his [S]entence as [F]ollows:" These words created by Alabama Legislators made it clear as to what each prisoner hereafter being convicted for violations of Alabama Laws could receive other than for Life. A deduction from his sentence as follows. It was defined and explained that a Class of Prisoners could receive a deduction from his sentence upon any conviction other than for life. It is well understood, and plain.

Robinson's conviction is for 25 years for 3rd degree Burglary. Under the very language spoken by Alabama Legislature

-26.-

Robinson must be granted consideration of CIT Good Time, where the words spoken grants Robinson a liberty interest under the 4th Amendment. Words spoken in a Statute must be given their ordinary, plain, well understood meaning. Reading 14-9-41(a) using each and every word with **Shall**, it is pure and simple. Each Prisoner who [S]hall [H]ereafter be [C]onvicted of **ANY OFFENSE**. This means exactly what it says, and has no room to be interpreted to mean anything lessor than what's said. Alabama law says once a Statute has plain language it must be applied. EX PARTE COBB, 703 SO.2d 871 (Ala. 1996) RADNEY V. STATE, 840 SO.2d 190,196 (Ala. Crim. App. 2002) 14-9-41(a) is not ambiguous; its language is plain, and we are required to interpret it to mean exactly what it says. Each Prisoner applies to a specific class, convicted inmates, who are prisoners of the State of Alabama, and who are confined upon execution of a sentence in Alabama Prison. It can't get any plainer than this.

Robinson says that failure to follow Legislatures plain language has caused Millions upon Millions of Dollars to Alabama Citizens. It has caused serious violations of Alabama Constitution, and the Constitution of these United States.

-27.-

The words spoken under 14-9-41(a) grants Robinson a fundamental expected right. There's nothing which says that Robinson could not earn CIT Good Time. Alabama history Robinson shows must go forth when examining actual legislative intent. Former Good Time laws of the State of Alabama for prisoners, convicts. In 1975, the Alabama Legislature passed ACT 214, Formerly Code 1975 Section 14-9-1 through 14-9-4. Then in 1976 ACT 182 was passed, Code Of Alabama 1975 Section 14-9-20 through 14-9-25, where Alabama Priosners earned both SGT and IGT. The words and language then applied to Each Prisoner. The Statute's plain language and all words spoken in 14-9-41(a) specifically tells each prisoner what to expect. There's nothing when reading 14-9-41(a) would give any slight hint that a 25 year sentence would not receive CIT Good Time after following the rulese of the Deaprtment of Corrections. Therefore the very words spoken; **Prisoner represents a class.** A class of Alabama inmates serving a sentence other than for life could earn and receive a deduction from his sentence. EX PARTE COBB, 703 SO.2d 871 (Ala. 1986) The plain words spoken must be applied. Also ADOC,

-28-

says the same, and admits to the plain language. This took place in <u>POWERS V. STATE,</u> 546 So.2d 1000 (Ala. Cr. App. 1987) At 1003 it was said; **"To give a qualified prisoner a maximum deduction from his sentence.."** All Statutory construction, Statutes plain language, says that Each Prisoner [S]hall, all words spoken creates a right for Robinson to receive CIT Good Time. With the 1st, 4th, 6th, and 14th Amendments there's only one purpose, and it is very plain. Prisoners shall. The word shall is mandatory, and it was given for a class and this calss are prisoners serving time upon any conviction other than life to receive CIT Good Time. like stated earlier, failure to follow Alabama's clear langauge caused Alabama Prisons to be over crowded, Alabama County Jails, and increase of crime in the State of Alabama. Where's there's no bed space, and theirs little to none of actual corrections, inmates don't have any incentive, where the plain words spoken have not been applied. Alabama Legislative intent for plain words under Statutory construction must be applied as all laws quotoed clearly showed. Robinson leaves these issues for experts, professional Judges of Alabama Criminal Court to decide.

-29.-

## Conclusion

Robinson, after careful review of the Constitutional issues which come by actual Statutes Of Alabama Code Sections. Robinson's issues still remain unrefuted, and there are no written orders by the **Honorable Judge Sidney Edward Jackson.** The issues now appear before the **Honorable Judges of Alabama Criminal Court Of Appeals,** to address and issue a ruling. Where the Constitution of these United States, and Alabama Constitution 1901 stand to prove; that Robinson and others similiar have a claim to which relief can be granted. In that the very words, exact language which states a specific meaning, this language must be adopted. It has come to a matter of significant importance for Alabama Tax Payers, and Alabama Inmates who make up a Class with a protected right established by actual words spoken in these Statutes that apply to Alabama Citizens, and all Prisoners convicted.

Robinson Prays that after this Court take fair consideration of all facts and arguments from both parties that a written order will issue, to grant Robinson the rekief which Judge Jackson did not address in his orders.

Respectfully

JAMES ROBINSON

-30.-

## Certificate Of Service

I James Robinson do hereby certify and say that Robinson has provided the Clerk of this Court with a copy of the Brief Clearly Labled : **ATTORNEY GENERAL.**

The Court's orders being complied with by James Robinson, Done this 23rd Day of December, 2005. By my signature below, service is placed upon the Honorable Clerk Of The Court Of Criminal Appeals.

JAMES ROBINSON
565 BIBB LANE
BRENT, AL. 35034

-31.-

ATTORNEY GENERAL COPY KIRBY

JMAK

87476

NO. CR-05-0233

**FILED**

**JAN 20 2006**

CLERK
ALA COURT CRIMINAL APPEALS

IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

\*\*\*\*\*

JAMES LENWOOD ROBINSON

APPELLANT,

VS.

STATE OF ALABAMA

APPELLEE.

\*\*\*\*\*

ON APPEAL FROM THE CIRCUIT COURT OF HOUSTON COUNTY

(CC-98-1628)

REPLY BRIEF AND ARGUMENT

BRIEF OF APPELLANT

JAMES L. ROBINSON PRO SE

JAMES L. ROBINSON

JANUARY 20, 2006

# TABLE OF CONTENTS

TABLE OF CONTENTS............................... i.

TABLE OF CASES.................................. ii.

STATEMENT OF CASE AND FACTS..................... 1.-3.

ISSUES PRESENTED FOR REVIEW..................... 4.

ARGUMENT I. .................................... 5.

CONCLUSION ..................................... 6.-7.

CERTIFICATE OF SERVICE.......................... 8.

TABLE OF CASES

GRADY V. STATE, 831 SO.2d 646

(ALA. CRIM. APP. 2001)............................     5.

ii.

Statement Of Case And Facts


James Robinson filed a timely Motion For Sentence Reconsideration based on the Statute of Law which governs nonviolent offenders. Code Of Alabama 1975 Section 13A-5-9.1. The proper Court of jurisdiction being Circuit Court of Houston County, Alabama. [Tr.-1. ] The Circuit Clerk placed the motion on file in the proper Court, and under the correct sentencing Judge, Judge Sindeny E. Jackson. The judge entered his order dated 09/20/05 denying Robinson's Motion. [ Tr.-1. ]. Judge Jackson made his orders, saying :"Habitual Offender applies only to those with Life and Life Without Parole." Robinson filed back before the Court with proper Motions for Judge Jackson to make a timely ruling under the Constitutional issues to which Robinson cites by actual means of the Statute, and the meaning of the Statute's application under nonviolent. Judge Jackso entered no written facts and nothing was placed in the records by State of Alabama providing any specific facts under two Statutes of laws to which Robinson shows, and makes clear issues which provides relief for nonviolent offenders.

The State of Alabama by way of its brief has made total issues which they know are not timely, nor do they address the Constitutional claims which were brought before the Circuit Court. The State ask this Court to rule against Robinson saying that Robinson filed in the wrong Circuit Court. This is false and

1.

contrary to the transcript of records before this Court. In fact
the State's very brief would not refer the Court to the transcript
to make a full showing that Robinson's Motion was filed in the
wrong Circuit Court. The transcript of records supports Robinson's
issues which have never been refuted by the State at any level.
The State has not answered, and the reason being Constitutional
issues exist which grants all nonviolent offenders a means to
file in Court and seek relief where 13A-5-9 was prior to 2000,
a mandatory sentence that [M]ust be complied with. Robinson's
Motion was filed under case numbers CC98-1628. Judge Jackson
sentenced Robinson to a term of 25 years in this case, and the
transcript proves the right Circuit Court, and the ruling which
was entered by Judge Jackson.

The State uses the facts where Robinson showed to Judge
Jackson listed facts independent. [Tr-3 ]. Robinson listed that
in case number CC88-26, from Henry Circuit Court Robinson had
a total of 19 years served in that case.. The facts are that
Robinson filed the correct Motion in the correct Court, and the
Judge who sentenced Robinson in case number CC98-1628 did issue
his ruling. The State by way of the brief filed has made Issue
I. totally contrary to what comes under Constitutional issues
which deserves a full ruling, and there being facts to which
relief exist based onthe very meaning of the Statute's clearly
stated plain language.

2.

Robinson transcript of records before this Court is true
and correct certified by the Clerk. The State has waived all
issues, and have failed to refute specific facts which comes under
Alabama Constitution, and the Constitution of these United States.
The meaning of nonviolent offenders coming back before the Court
for resentencing, where all who were sentenced by a Statute which
carries mandatory language. Robinson's issues which came before
Judge Jackson no orders, nor any written facts show that 13A-
5-9 made it mandatory for Robinson to have had his sentence
enhanced. Where the issues comes that all nonviolent offenders
can apply, the issues by Judge Jackson not being address are
deemed to be true, where the State has not made any denial under
the actual Statute of law to which can bring any offender back,
and this being 13A-5-9. The facts remain that without 13A-5-9,
there would be no need of amending to 13A-5-9.1. All who were
sentenced under 13A-5-9 have a Constitutional right to address
the Court for injury which was done to him. Even under the Kirby
Court, it says there is unclarity. Robinson's Motions, [Tr.-5-
10 ]. None of these Motions have any specific facts for a Judge
to make specific findings of facts to. Without there being any
facts, and the State failure to refute the Constitutional issues
which grants relief for nonviolent offenders Robinson then is
most definitely entitled to his Constitutional rights being
protected. Futher Robinson showed that Alabama Legislatures
most definitely would have made it available for CIT Good Time
under 14-9-41(a) for all nonviolent, where Life, can go home.

3.

ISSUE PRESENTED FOR REVIEW

I. UNREFUTED FACTS MUST BE TAKEN AS TRUE.
AS TRUE WHERE THE STATE HAS NOT RESPONDED.

4.

ISSUE I. UNREFUTED FACTS MUST BE TAKEN
AS TRUE WHERE THE STATE HAS NOT RESPOND.


The records before this Court contains facts showing that
the State's brief before this Court has not address the issues
which come by means of Robinson's brief and the specific issues,
which went before the correct Court of proper jurisdiction. The
State can't even show facts that CC98-1628 is from Henry Circuit
Court. In fact the transcript proves that case number CC98-1628
was filed in Circuit Court of Houston County, Alabama and went
before the correct Judge, Honorable Jackson. THe issues which
appear under the correct Motions, and to which Robinson asked
of specific facts to issue. Judge Jackson did not make any written
facts, nor did the State answer any of these issues. [Tr-5-10
]. The records by means of the transcript provides that the State
had full opportunity to address these issues, and in Robinson's
brief the State did not even make any attempt to refute any of
these issues. Alabama law says, GRADY V. STATE, 831 SO.2d 646
(ALA. CRIM. APP. 2001) THE COURT HAS HELD THAT UNREFUTE FACTS
MUST BE TAKEN AS TRUE.

THEREFORE, all of the issues which Robinson has presented
have not been refuted, and they most certainly are true, by the
Constitution of these United States, and the State of Alabama.
Robinson awaits the facts from this Court.

5.

Conclusion

Robinson has come before this Court with specifcic issues
which have not been denied at all. Robinson knows that relief
exist, and it may not come this time around, but take full honor
and praise that God above will see fit to touch the Judges heart,
and one day the issues which comes by means of public out-cry,
and tax payers who are dealing with prison over crowded issues
will see that Tax Payers are in fact paying to house inmates
who have completed their sentences, and are still being housed
by Statutes of Alabama laws which have been amended, and today,
these same type of crimes to which inmates were victim of in
the 80's they are still being held. Where today inmates come
in with 15 Split, Twenty Split, and for the same crimes which
in 1980's and upward these inmates received Life for nonviolent
Robbery, Life For nonviolent burglaries, and etc. Today these
same set of inmates get 15 and 20 Split sentences and return
back into society. These are issues which Tax Payers, and all
are faced with. The other side of this coin. Seeds are being
sown in ADOC where over crowded Prisons allow Corrections Officers
now to use their jobs for evil motives, and majority with npo
concern for Corrections. Tax Payers reap Capitol Murder from
Youths who return back just experiencing another High Tech Video
Game, and no form of Corrections. these are issues whichcorrecting
Constitutional violations will provide relief for all.

6.

Robinson knows the Judges serving today will make a fair review of the issues which have now come come before this Court for full and factual review. At no time has Robinson made any attempt to undermind this Court. It serves all citizens, and each and every person living in Alabama where Constitution serves for protection of all.

In closing Robinson will one day walk out and never have t be faced with Alabama Prison, but will be able to serve the community where Youths of today need the real truths, and the assistance to stay free of criminal acts to which they see from one aspects, and this being from luxury of Drug Dealers, and Gang Members making them feel comfortable, where there are serious problems in homes,and nothing in School which gives the answers to which they are in need of that's Alabama Constitution, and the Constitution of these United States, where it is available to all, and learning to correct mistakes, and learning to use what God has provided. These laws are found in all Alabama law, and Federal Laws of the Land under the Ten Commandments which makes the basise for all.

I rest with these facts.

Respectfully,

JAMES L. ROBISON

JANUARY 20, 2006

7.

## CERTIFICATE OF SERVICE

I do hereby certify and say that I have served the Attorney General with a copy of the same by means of Criminal Court of Appeals clerk service. According to Pro se Inmates service. Done this 2oth Day of January 2006.

JAMES ROBINSON

8.

*Kirby*
*87476*

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
**P. O. Box 301555**
**Montgomery, AL 36130-1555**

RELEASED
JUN 23 2005
CLERK
ALA COURT CRIMINAL APPEALS

| | |
|---|---|
| H.W."BUCKY" McMILLAN | Lane W. Mann |
| Presiding Judge | Clerk |
| SUE BELL COBB | Gerri Robinson |
| PAMELA W. BASCHAB | Assistant Clerk |
| GREG SHAW | (334) 242-4590 |
| A. KELLI WISE | Fax (334) 242-4689 |
| Judges | |

## MEMORANDUM

CR-05-0233                    Houston Circuit Court CC-98-1628

James Lenwood Robinson v. State

McMILLAN, Presiding Judge.

The appellant, James Lenwood Robinson, appeals from the summary denial of his motion to reconsider his sentence filed pursuant to § 13A-5-9.1, Ala. Code 1975. The trial court stated that the relief that Robinson sought applied only to life and life without parole sentences.

Unified Judicial System records indicate that on May 4,

1

1999, Robinson pleaded guilty in Houston Circuit Court to charges of breaking and entering (CC-98-1628) for which he was sentenced to 25 years' imprisonment, under the Habitual Felony Offender Act.  On that same date he also pleaded guilty to a charge  of possession of a forged instrument (CC 98-1222); another charge of breaking and entering (CC 98-1486); and 2 counts of forgery in the second degree (CC 98-1626 and 98-1627).  Robinson was sentenced to 25 years in these cases, with the sentences to run concurrent with the 25-year sentence in CC 98-1628.[1]  None of these convictions were appealed to this Court.

The State argues that Robinson's motion was not presented in the County where he was sentenced and should have been transferred from Houston Circuit Court to Henry Circuit Court. However, the case in which he filed his motion to reconsider the sentence (CC 98-1628) was, in fact, from a conviction in Houston County.  It is difficult to tell from the record on appeal or  the appellant's brief, where or when he was convicted or sentenced to which charges.  This information should have been provided in the motion filed in Houston

---

[1]He also has a prior guilty-plea conviction in Henry Circuit Court for a charge of burglary in the third degree in 1988.

2

Circuit Court, but was not.

As this Court recently held in <u>Holt v. State</u>, [Ms. CR-04-1250, Dec. 23, 2005] _____ So. 2d _____ (Ala. Crim. App. 2005),

> "There are three requirements for eligibility to have a habitual offender sentence reconsidered under § 13A-5-9.1: 1) the inmate was sentenced before May 25, 2000, the date the 2000 amendment to the HFOA became effective; **2) the inmate was sentenced to life imprisonment without the possibility of parole pursuant to § 13A-5-9(c)(3) and had no prior Class A felony convictions or was sentenced to life imprisonment pursuant to § 13A-5-9(c)(2),** ... and 3) the inmate is a 'nonviolent convicted offender.' An inmate must satisfy all three requirements before he or she is eligible for reconsideration of sentence under § 13A-5-9.1. If a circuit court determines that an inmate is eligible for reconsideration of his or her sentence, the court then has the authority pursuant to § 13A-5-9.1 to resentence the inmate, within the bounds of § 13A-5-9(c)(2) or § 13A-5-9(c)(3), as amended, if it so chooses. **If, on the other hand, the circuit court determines that the inmate fails to meet any or all of the eligibility requirements, then the circuit court must deny the inmate's § 13A-5-9.1 motion because a circuit court has jurisdiction to resentence only those inmates who meet the eligibility requirements of § 13A-5-9.1."**

(emphasis added)

In this case, the circuit judge had jurisdiction to consider Robinson's motion because the motion was filed in the court of conviction and the judge who ruled on the motion was the sentencing judge. This appears to be Robinson's first

3

motion for reconsideration under § 13A-5-9.1. Robinson was sentenced before the 2000 amendment to the HFOA became effective. However, he was not sentenced to life imprisonment or life without parole, therefore, the trial court was correct in denying his motion for reconsideration.

Based on the foregoing, the judgement of the trial court is due to be affirmed.

**AFFIRMED.**

Cobb, Shaw, and Wise, JJ., concur. Baschab, J., concurs in the result.

4

# THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT
# THE ALABAMA COURT OF CRIMINAL APPEALS

**CR-05-0233**

James Lenwood Robinson v. State of Alabama  (Appeal from Houston  Circuit Court: CC98-1628)

## CERTIFICATE OF JUDGMENT

WHEREAS, the appeal in the above referenced cause has been duly submitted and considered by the Court of Criminal Appeals; and

WHEREAS, the judgment indicated below was entered in this cause on June 23rd 2006:

### Affirmed by Memorandum.

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate Procedure, it is hereby certified that the aforesaid judgment is final.

**Witness. Lane W. Mann, Clerk**
**Court of Criminal Appeals, on this**
**the 11th day of July, 2006.**

**Clerk**
**Court of Criminal Appeals**
**State of Alabama**

cc: Hon. Sidney Edward Jackson, Circuit Judge
   Hon. Judy Byrd, Circuit Clerk
   James Lenwood Robinson, Pro Se
   Nancy M. Kirby, Dep. Atty. Gen.
   Kim T. Thomas, Asst. Gen. Counsel

Notice: This unpublished memorandum should not be cited as precedent.  See Rule 54, Ala.R.App.P.  Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

### State of Alabama
### Judicial Building, 300 Dexter Avenue
### P. O. Box 301555
### Montgomery, AL 36130-1555

**RELEASED**

**JUN 10 2005**

CLERK
ALA COURT CRIMINAL APPEALS

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

### MEMORANDUM

CR-04-1138                 Houston Circuit Court CC-98-1628.60

### James Lenwood Robinson v. State of Alabama

SHAW, Judge.

James Lenwood Robinson appeals the circuit court's summary denial of his petition for a writ of habeas corpus. In his petition, which is confusing and disjointed, Robinson appears to contend that the good-time law is discriminatorily applied. He discusses the legislative intent of § 14-9-41, Ala. Code 1975, and suggests that §§ 13A-5-9 and 15-18-8, Ala. Code 1975, are being unevenly applied. However, his petition is silent as to the nature of his conviction and length of his sentence, and does not indicate how he believes that his period of incarceration should be different based on the "allegations" in his petition. The circuit court summarily denied the petition without requiring a response from the State.

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

### State of Alabama
### Judicial Building, 300 Dexter Avenue
### P. O. Box 301555
### Montgomery, AL 36130-1555

> **RELEASED**
>
> JUN 10 2005
>
> CLERK
> ALA COURT CRIMINAL APPEALS

| | |
|---|---|
| **H.W."BUCKY" McMILLAN**<br>Presiding Judge<br>**SUE BELL COBB**<br>**PAMELA W. BASCHAB**<br>**GREG SHAW**<br>**A. KELLI WISE**<br>Judges | **Lane W. Mann**<br>Clerk<br>Sonja McKnight<br>Assistant Clerk<br>(334) 242-4590<br>Fax (334) 242-4689 |

## MEMORANDUM

CR-04-1138                    Houston Circuit Court CC-98-1628.60

### James Lenwood Robinson v. State of Alabama

SHAW, Judge.

James Lenwood Robinson appeals the circuit court's summary denial of his petition for a writ of habeas corpus. In his petition, which is confusing and disjointed, Robinson appears to contend that the good-time law is discriminatorily applied. He discusses the legislative intent of § 14-9-41, Ala. Code 1975, and suggests that §§ 13A-5-9 and 15-18-8, Ala. Code 1975, are being unevenly applied. However, his petition is silent as to the nature of his conviction and length of his sentence, and does not indicate how he believes that his period of incarceration should be different based on the "allegations" in his petition. The circuit court summarily denied the petition without requiring a response from the State.

Robinson argues on appeal that the circuit court erred in summarily denying his petition without requiring a response from the State and that his unrefuted allegations must be taken as true. However, because none of the "allegations" in Robinson's petition were sufficiently pleaded, we find that no reversible error exists. "When a petition for a writ of habeas corpus shows on its face that if all the statements of fact contained in the petition were true, the petitioner would not be entitled to a writ of habeas corpus, it is not error to deny the petition." Smith v. State, 440 So. 2d 1222, 1223 (Ala. Crim. App. 1983). Even taking Robinson's allegations as unrefuted, they are insufficiently pleaded to show that he is entitled to habeas relief. Therefore, summary denial was appropriate.

Based on the foregoing, the judgment of the circuit court is affirmed.

Affirmed by memorandum.

McMillan, P.J., and Cobb, Baschab and Wise, JJ., concur.

2

# THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT
# THE ALABAMA COURT OF CRIMINAL APPEALS

**CR-04-1138**

James Lenwood Robinson v. State of Alabama  (Appeal from Houston  Circuit Court:
CC98-1628.60)

## CERTIFICATE OF JUDGMENT

WHEREAS, the appeal in the above referenced cause has been duly submitted and considered by the Court of Criminal Appeals; and

WHEREAS, the judgment indicated below was entered in this cause on June 10th 2005:

### Affirmed by Memorandum.

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate Procedure, it is hereby certified that the aforesaid judgment is final.

**Witness. Lane W. Mann, Clerk**
**Court of Criminal Appeals, on this**
**the 20th day of July, 2005.**

**Clerk**
**Court of Criminal Appeals**
**State of Alabama**

cc: Hon. Sidney Edward Jackson, Circuit Judge
    Hon. Judy Byrd, Circuit Clerk
    James Lenwood Robinson, Pro Se
    Kim T. Thomas, Asst. Gen. Counsel
    Greg Biggs, Attorney
    Office of Attorney General

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

JAMES ROBINSON
    PETITIONER

VS.                          CASE NO.'S CC98-1222, 1628

STATE OF ALABAMA
    RESPONDENTS

---------------------------------------------------------/

## HABEAS CORPUS-RULE 32 RELIEF

Comes now James Robinson and pursuant to provisions of Rule 32 and files this Petition before the Honorable Judge Sidney Edward Jackson. Robinson has issues which grants relief before this Court, and are contained by actual Court's records. The following now comes for a full answer :

I.

### PROCEDURAL HISTORY

James Robinson was indicted for the following charges, by the Grand Jury: Possession of Forged Instrument, Forgery Second, and Breaking Entering Automobile. Robinson was represented by the Honorable Jack A. Blumenfled. Robinson gave Attorney Blumenfeld sufficient facts for his defense and witnesses to contact for a full not guilty verdict, and rights to exercise for trial by jury in these cases. Robinson also who had prior to any arrest assisted the Dothan Police, and Federal Drug Task Force, did make full arrangements with arresting officer

these cases to resolve all cases with a plea of guilty, all facts made known by and through Counsel and District Attorney Gary Maxwell. The sentence agreement being for a plea of guilty, that Robinson would receive 25 years, 15 years of the 25 year sentence to be suspended, with only 10 years to serve, with no probation. Robinson agreed, and appeared before Honorable Judge Jackson and was sentenced to 25 Years, 15 Years suspended to run concurrent with CC88-125. See Exhibit "A". Robinson's case action summary which serves as proof. Judge Jackson's very orders with 15 Years suspended.

Robinson's time was ordered concurrent, and at the time Robinson had a total of 70 Years by ADOC time sheet. See Exhibit "B". Robinson's release date did not change by operation of law where the full 70 Years by concurrent terms did not exceed the actual amount of time to be served.

Robinson filed a Motion For Nunc Pro Tunc which was granted and all time was ordered to run concurrent with CC88-125, leaving Robinson with only a term of 25 Years to be served. See Exhibit "C". Robinson at this time petition the trial Court to correct the time, and sentence orders, where the 15 Years were suspended. The Clerk of Court said there was no mistake which was made. However the case action summary supports Robinson's claim. EXhibit "A".

-2.-

Robinson did not have any knowledge prior to July, 2006 that the guilty plea agreement had not been honored. There was know way that Robinson would enter a plea of guilty to all the cases which were placed against Robinson for 25 Years based on true facts that Robinson did not commit these alleged crimes. Counsel, Arresting Officer, District Attorney Honorable Gary Maxwell, and Honorable Judge Sidney Edward Jackson, did provide a sentence with 25 Years, 15 of the 25 to be suspended, all taking place May 4th, 1999.

## II.

### NEWLY DISCOVERED EVIDENCE

1. The evidence was not known to Robinson in 1998 that the 25 Years sentence had been placed in Robinson's time by ADOC, where at all times the original EOS date that Robinson had did not change based on concurrent sentence.

2. Robinson did not learn until July 2006 by ADOC Time Sheet that Robinson had a full 25 Years to serve which began in May 4th, 1999; date sentence was imposed. See Exhibit "C" Where after the Nunc Pro Tunc Order awarding concurrent sentences Robinson learned that the plea agreement, and or the Clerk's records were totally incorrect.

3. Robinson's Attorney Mr. Jack A. Blumenfeld, a full letter was written to Attorney requesting his assistance in correcting the wrong by actual error. Attorney's letter upon return to

-3.-

James Robinson. Facts are that at no time did Attorney make any Motions before the Court requesting Clerk's error to be corrected, and the Clerk of Circuit Court provided Robinson with a full list of all Motions which had been filed, and not one appeared as Attorney claimed he did.

4. Robinson by full facts after appearing back in Court for a case under Judge Jackson for possession of cocaine. Attorney Judith checked the rcords and did learn that Robinson had a 25 Year sentence with 15 Years of the 25 being suspended, and District Attorney Butch Binford agreeing to the same, and acknowledge that the District was Honorable Gary Maxwell. Robinson acknowledge in open Court that, Robinson had been fighting hard to correct all avenues in his life. In fact the very case to which Robinson was charged for was that of Robinson's Wife. Robinson entered a plea of guilty for 15 Years to run concurrent with CC98-1222.

### Facts To Which Grant Relief

1. Robinson did not have any knowledge of the Court's sentence order not being applied at sentencing.

2. If Robinson had known that the 15 Years would not be suspended Robinson would not have entered a plea of gulty. These facts

-4.-

were unknown to Robinson on May 4th, 1999, nor was they made known to Robinson in time to file any Post Conviction Motion within the one Year and then Two Year limitation period under Rule 32.

3. The facts now before this Court would have changed the whole outcome of the proceeding if they had been known by Robinson. Robinson would not have entered a plea of guilty, but would have went to trial. The Outcome would have been different altogether where Robinson's Attorney had full knowledge and also Arresting Officer that Robinson told Counsel we are ready for trial since you have did nothing at all, and facts are that Officer Meridith did speak with the District Attorney and Judge for Robinson and the sentence of 25 Years with 15 Years of the 25 would be suspended. Therefore the outcome would have been different. and the results would have been different in itself.

4. The dates of discovery, and all facts are proof before this Court by exhibits as provided by Robinson. July, 2006.

RELIEF REQUESTED

1. The Court set this matter for a full hearing on the Court's calendear.

2. The Court to make a full transcript of the Guilty Plea proceedings and supply Robinson with a copy.

3. The Sheriff of Houston County, Alabama to transport Robinson

-5.-

back before this Court for a full hearing of the issues which
grants relief as a matter of law.

4. The Court to appoint Counsel in this cause of action now
pending before the Court.

5. The Court in the alternative to grant time served where
based upon operation of law Robinson's time has expired by
either CIT Good Time, and or the full serving of 10 Years
with all Jail Credit time awarded day for day of 10 Years.
Time served in all cases of 1998.

6. To any and all relief that Robinson is entitled by law.

### III.

### GUILTY PLEA AGREEMENT MUST BE PROPER AND BINDING

1. Alabama law provides that based on BOYKINS V. ALABAMA,
395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) The Court
held: "A guilty plea is only properly accepted...upon [S]atisfaction
of the requisites, knowing that the guilty plea was knowingly
and voluntarily entered by the accused."

2. The records [M]ust reflect sufficient facts from which
such determination could properly be made. Robinson by his
case action summary shows that it was fair for Robinson to
believe that Judge Jackson did continue with the plea agreement,
and would continue to insure enforcement of the same. See
Exhibit "A". For what reason would 15 Years be stated if the

-6.-

term of sentence was just 25 Years. Simple facts prove that
Honorable Judge Sidney Edward Jackson did sentence to 25 Years
but suspended 15 Years which appears in the case action summary
for the reasons as shown by Robinson.

3. The records before this Court do not contain a Ireland
Form which was used nor a Guilty Plea Form. Robinson's facts
however are true and correct, and Robinson seeks only what
was done at the time the guilty plea was done and made proper
before the Honorable Court.

4. Alabama Rules Criminal Procedure, Rule 14.4 provides that
all guilty pleas must be done voluntarily. Robinson's plea
can only be voluntarily by complying with the plea agreement
to which had been agreed upon by all parties.

### FACTUAL STATEMENT FOR RECORDS

Robinson's appearnce back in open Court before **Honorable
Butch Binford, and Gary Maxwell,** Robinson was fully honest
expressed that criminal way of living was not Robinson's way
of life from the beginning, and now some 30 Years later Robinson
has made a complete change, and walked in Court with nothing
but the Love of Jesus Christ. It could have easily been a
greeting by both District Attorneys with hostility, but at
conclusion of Robinson's case it was fully made known by both,
that they honor and hope Robinson's sincerity remains true.

-7.-

)                                    )

The records speak for itself, Robinson's guilty plea
was for 15 Years to be suspended in the 25 Year sentence.
The Court has jurisdiction to grant Robinson relief altogether
based on facts which will not change, and there are to many
who appeared in Court on May 4th, 1999, and all having full
knowledge of what took place. Attorney Jack A. Blumenfeld
who knows but is afraid to reappear. However Robinson who
do know Honorable Gary Maxwell, and Honorable Butch Binford
have no reason to lie at anytimeacts to which did take place,
Robinson is of the firm opinion that both State Officals will
agree to the same.

### RELIEF REQUESTED

1. The Court to set this matter for a full hearing.

2. The Court to issue an order for the Sheriff of Houston
County, Alabama to transport Robinson back before the Court
for a full hearing of these issues.

3. The Court to enter an order for Court Reporter to make
a transcript of the guilty plea proceedings in these cases.

4. The Honorable Judge to grant time served based on facts
that Robinson has served the full term with all jail credit.

5. To any and all relief to which Robinson is entitled.

Respectfully

JAMES ROBINSON
POST OFFICE BOX 1107
ELMORE, AL. 36025

Dated this _10_ Day of _OCTOBER_, 2006

**FILED**

DEC 0 4 2006

JUDY BYRD, CLERK
HOUSTON CO., AL

-8.-