IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED

2006 DEC 27 A 10: 24

**JAMES L. ROBINSON,**
**PETITIONER**

VS.                CASE 3 1:06-CV-1061-MHT

**JAMES DELOACH,**
**RESPONDENTS**

_____/

## MOTION TO AMEND FOR SPECIFICS &
## TO RELATE TO STATE EXHAUSTED CLAIMS

Comes now James Robinson and petitions the above named Court for an order to grant Amending of the Habeas Corpus, and Robinson shows excellent groundsfor the Honorable judge's order to issue the following :

1. Robinson filed a full Motion which comes under Alabama Statute of law. Code of Alabama 1975 Section 13A-5-9.1 Nonviolent Reconsideration of sentence pursuant to Alabama Statute of law.

2. The Honorable Judge Edward Jackson denied the Motion.

3. Robinson filed and amended the Motion and requested full order to be entered under Constitutional Rights established by Federal United States Constitution, and these specific issues wre address by denial without any written facts from Judge Jackson.

4. Robinson timely filed a direct appeal of all United States Constitution violations which have taken place with State Court convictions, to which Robinson has entitlement to as a matter of law.

5. The State has now sought to make the Habeas Corpus be one with mixed facts. Robinson's issues which comes under full aspects of 13A-5-9.1 and 14-9-41(e) which are clearly Constitutional equal protection clause vioation protected by these United States.

6. The guilty plea transcript which provides the correct sentence to which was imposed, the State has not produced and provided before the Honorable Court, nor to Robinson in this cause of action.

7. The sentence imposed for a term of 25 years, with 15 years suspended, leaving Robinson with a total term of 10 years to serve comes under provisions of CIT Good Time, and comes under Nonviolent Reconsideration. State of Alabama refused to comply with United States Constitution, where the issues were not addressed nor answered in full. 13A-5-9.1 taken on direct appeal, and State Court has exhausted it's remedies.

### AMEND FOR SPECIFIC ISSUES

1. 13A-5-9.1 Nonviolent Reconsideration- Robinson's rights to which Statute provides by plain language. Whether Robinson has an equal protection clause violation which has taken place. 13A-5-9.1 coming from the

Habitual Offender Act codified in 13A-5-9. Which has mandatory language for all HFOA Offenders.

2. Alabama CIT Good Time ACT 80-446 which by original Alabama Legislative Intent, provides that **No Habitual Offender would receive a deduction from sentence.**

- 3. Alabama CIT Good Time ACT amended by ACT 91-637, which provides that inmates with 15 Years and less can receive CIT Good Time. Amending of CIT Good Time ACT granted CIT Good Time to Habitual Offenders. Robinson presented facts to prove and show that based upon ACT 91-637 Robinson like all others with 15 years and class C felonies are the exact same. Robinson's equal protection rights under the 14th Amendment being violated. The only difference between Robinson being a Class C felony with 25 years and no good time, and another inmate with 15 years and he receives CIT Good Time is the sentence number alone. State of Alabama has not address these Constitutional Federal Issues in State Court.

Wherefore Robinson prays the Court's order will enter.

Respectfully Submitted

JAMES ROBINSON 3 121865 A-10
1290 RED EAGLE ROAD
MONTGOMERY, AL. 36110
12/26/06


CERTIFICATE OF SERVICE

I do hereby certify and say that I have served the Attorney General with a copy of the same, address to the following:
Attornet General Nacy M. Kirby
11 SOUTH UNION STREET
MONTGOMERY, AL. 36130
I have placed a copy in prison officals hands for proper delivery, and service. Done this 26th Day of December, 2006 by my signature below.