IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES L. ROBINSON, ) <br> #121865, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ) <br> JAMES DELOACH, WARDEN ) <br> *et al.*, ) <br> ) <br> Respondents. ) | CASE NO. <br> 1:06-CV-1061-MHT |

**SUPPLEMENTAL ANSWER**

Come now the Respondents by and through the Attorney General of the State of Alabama and in response to Robinson's petition for writ of habeas corpus make the following supplemental answer to his amendments to his petition for writ of habeas corpus.

1. The Respondents incorporate by reference their entire Answer, filed on December 20, 2006, and referenced by the Clerk of Court as Document Number 7, as though set forth fully herein.

2. Respondents assert that Robinson's claim that his right to equal protection was violated because he is not eligible under state law for reconsideration of his sentence is both time-barred and procedurally defaulted.

3. Respondents assert that Robinson's claim that his right to equal protection was violated because he is not eligible under state law for any "good time" reduction of his sentence is both time-barred and procedurally defaulted.

4. Respondents deny that Robinson is innocent.

5. Respondents deny that any of Robinson's federal constitutional rights have been violated by the State of Alabama incident to his conviction and sentence in this case.

6. Respondents aver that, based on the contents of this supplemental answer and accompanying exhibits, Robinson's petition, as amended, is due to be denied and dismissed with prejudice.

## CHRONOLOGY OF THE CASE

Respondents reassert the chronology of the case as stated in their initial Answer, as though set forth fully herein.

## STATUTE OF LIMITATION

As set forth in their initial Answer, Respondents assert that State inmates seeking federal habeas review of their claims have a one-year statute of limitation from the date their conviction is final in state court in which to file a habeas petition. Robinson was sentenced (in both cases challenged in his petition) on May 4, 1999. His last day to file a notice of appeal in state court was June 16, 1999.[1] From that date, over six years passed until Robinson filed his motions in the trial court in case number CC-1998-1222, and more than five years passed until Robinson filed his habeas corpus petition in the trial court in case number CC-1998-1628.  Clearly, more than one year elapsed between the day Robinson's judgment became final in state court until he filed any motion or petition in the state court that would toll the time within which he could timely file his §2254 petition.  Thus, his initial petition was time-barred, and as is this subsequent amendment to that petition.

Specifically, Robinson's claim that his right to equal protection under the law was violated due to the inapplicability of the "good time" statute to his sentence in time-barred because his claim, if any, arose at the time he was sentenced. Robinson was sentenced on May 4, 1999. Because he failed to file any

---

[1] According to Rule 4.1, Alabama Rules of Appellate Procedure, Robinson's motion for reconsideration of sentence did not toll the time within which he could file a timely notice of appeal.

3

action on this claim until January 19, 2005 (state court case number CC-1998-1628), or again until October 10, 2006 (state court case numbers CC-1998-1222 and CC-1998-1628), Robinson's claim was time-barred in state court, and is likewise time-barred in this Court.

As to Robinson's claim that his right to equal protection under the law was violated due to the inapplicability of Section 13A-5-9.1 Alabama Code (1975) regarding reconsideration of his sentence imposed pursuant to the Habitual Felony Offender Act (Section 13A-5-9 Alabama Code (1975)), Robinson's claim is likewise time-barred. Robinson was sentenced on May 4, 1999. His claim, if any, under Section 13A-5-9.1 arose on December 1, 2001, the date the amendment to the Habitual Felony Offender Act became effective. (See Kirby v. State, 899 So. 2d 968, 970 (Ala. 2004)). Because he failed to file any action on this claim until January 19, 2005 (state court case number CC-1998-1628), or again until July 15, 2006 (state court case numbers CC-1998-1222, CC-1998-1486, CC-1998-1626, CC-1998-1627, and CC-1998-1628), Robinson's claim is clearly time-barred in this Court.

## EQUAL PROTECTION CLAIM
## AS TO RECONSIDERATION OF HIS SENTENCE

Robinson's claim is effectively exhausted because there is no longer an available state remedy because the time has long since expired to pursue a direct

4

appeal. Any additional post-conviction petition in case number CC-1998-1628 would be precluded by Alabama Rules of Criminal Procedure Rule 32.2(b) as a successive petition, and any post-conviction petition in case number CC-1998-1222 would be time-barred, absent a showing by the petitioner that the trial court lacked jurisdiction, or that material newly discovered evidence exists which could not have been discovered earlier. Thus, Robinson's claim is effectively exhausted.

Initially, Respondents note that Robinson's claim that he was denied equal protection because his sentence was not subject to reconsideration under Section 13A-5-9.1 Alabama Code (1975) is a matter of state law and is not properly the subject of federal review. "The state court's interpretation of its own laws and rules provides no basis for federal habeas relief. <u>Beverly v. Jones</u>, 854 F.2d 412 (11th Cir. 1988). A federal court has no authority to re-examine state court determinations on state law questions. <u>Estelle v. McGuire</u>, 502 U.S. 62, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991)." <u>Peek v. Hooks</u>, 2006 WL 3883964, at *5 (M.D. Ala. 2006).

Not only is Robinson's claim purely a matter of state law, Respondents respectfully assert that Robinson's claim is time-barred because more than one year elapsed between the day Robinson's judgment became final until he filed any motion or petition in the state court that would toll the time within which he could timely file his §2254 petition. As set forth above, Robinson's claim on this

5

ground, if any, under Section 13A-5-9.1 arose on December 1, 2001, the date the amendment to the Habitual Felony Offender Act became effective. (See <u>Kirby v. State</u>, 899 So. 2d 968, 970 (Ala. 2004)). Robinson was sentenced on May 4, 1999. Because he failed to file any action on this claim until January 19, 2005 (state court case number CC-1998-1628), or again until July 15, 2006 (state court case numbers CC-1998-1222, CC-1998-1486, CC-1998-1626, CC-1998-1627, and CC-1998-1628), Robinson's claim is time-barred.

In addition to being purely a matter of state law and being time-barred, Robinson's claim is procedurally defaulted on more than one basis. First, the claim is procedurally defaulted for having failed to present it to the highest state court on appeal of the denial of his state motion to reconsider his sentence. *See,* <u>Bailey v. Nagle</u>, 172 F. 2d 1299, 1302-1303 (11th Cir. 1999), *citing* <u>Wainwright v. Sykes</u>, 433 U.S. 72, 87 (1977), <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 843-845 (1999).

Moreover, even if Robinson's claim was not purely a matter of state law, not time-barred, and not procedurally defaulted, his claim is due no habeas relief because the state appellate court has already addressed the issue and found it to be without merit. Specifically, the Alabama court of Criminal Appeals affirmed the trial court's denial of Robinson's July 15, 2005, motion to reconsider his sentence, on the basis that Robinson did not meet the threshold requirements to even have

his sentence reconsidered. One of the eligibility requirements to qualify for a reconsideration is that an inmate be sentenced to either life in prison or life without the possibility of parole. The Court of Criminal Appeals found specifically found that Robinson was not sentenced to life imprisonment or to life without the possibility of parole. (Document 7, Exhibit F, pgs. 3-4) This finding constitutes a finding of fact that is accorded a strong deference and presumption of correctness upon federal habeas review. A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1). Robinson has not rebutted that factual finding, therefore, no review of his claim or relief is due thereon.

Thus, not only is Robinson's claim purely a matter of state law, time-barred, and procedurally defaulted, Robinson failed to rebut the presumption of correctness of the state court's decision. In sum, Respondents respectfully assert that no further habeas review or relief is due on this petition. We respectfully note that the 11th Circuit Court of Appeals has previously indicated that *before* the petitioner is entitled to any review on the merits, the procedural issues should be resolved adversely to the Respondents. Therefore, this Honorable Court should address and resolve the issues of the lack of a federal question, statute of limitation, and procedural default adversely to Respondents before requiring a

response on the merits. *See*, Jones v. White, 992 F. 2d 1546, 1565 (11th Cir. 1993).

## EQUAL PROTECTION CLAIM AS TO "GOOD TIME" CREDIT

Similar to Robinson's claim regarding the reconsideration of his sentence, Robinson's claim regarding "good time" credit is effectively exhausted because there is no longer an available state remedy because the time has long since expired to pursue a direct appeal. Any additional post-conviction petition in case number CC-1998-1628 would be precluded by Alabama Rules of Criminal Procedure Rule 32.2(b) as a successive petition, and any post-conviction petition in case number CC-1998-1222 would be time-barred, absent a showing by the petitioner that the trial court lacked jurisdiction, or that material newly discovered evidence exists which could not have been discovered earlier. Thus, Robinson's claim is effectively exhausted. However, no habeas review is warranted for the reasons discussed below.

Robinson's claim that he was denied equal protection because he is not eligible for "good time" or correctional incentive time credit under Section 14-9-41 Alabama Code (1975) relates to a matter of state law and is not properly the subject of federal review. "The state court's interpretation of its own laws and rules provides no basis for federal habeas relief. Beverly v. Jones, 854 F.2d 412

8

(11th Cir. 1988). A federal court has no authority to re-examine state court determinations on state law questions. Estelle v. McGuire, 502 U.S. 62."

Moreover, Respondents assert that Robinson's claim is time-barred because more than one year elapsed between the day Robinson's judgment became final until he filed any motion or petition in the state court that would toll the time within which he could timely file his §2254 petition. Robinson's claim on this ground, if any, under Section 13A-5-9.1 arose on December 1, 2001, the date the amendment to the Habitual Felony Offender Act became effective. (See Kirby v. State, 899 So. 2d 968, 970 (Ala. 2004)). Because he failed to file any action on this claim until January 19, 2005 (state court case number CC-1998-1628), or again until October 10, 2006 (state court case numbers CC-1998-1222 and CC-1998-1628), Robinson's claim is time-barred.

In addition to being purely a matter of state law and being time-barred, Robinson's claim is also procedurally defaulted - on more than one basis. First, the claim is procedurally defaulted for having failed to raise it on direct appeal. *See,* Bailey v. Nagle, 172 F. 2d 1299, 1302-1303 (11th Cir. 1999), *citing* Wainwright v. Sykes, 433 U.S. 72, 87 (1977). His claim is also defaulted for his failure to raise it to the highest state court on appeal of the denial of his state habeas petition. O'Sullivan v. Boerckel, 526 U.S. 838, 843-845 (1999).

9

Moreover, even if Robinson's claim were not purely a matter of state law, time-barred, and procedurally defaulted, his claim is due no habeas relief because this claim has already been addressed by the state appellate courts. The Alabama Court of Criminal Appeals declined to reach the merits of Robinson's claim because of the deficiency of his allegations. That court held that, "because none of the 'allegations' in Robinson's petition were sufficiently pleaded, we find that no reversible error exists." (Document 7, Exhibit H, pg. 2)

Ordinarily, at this point, the Respondents would assert that the state court's ruling constituted a ruling on the merits which would require that Robinson showed that the trial court's decision violated federal law as established by the United States Supreme Court or constituted an unreasonable application of the law to the facts. Williams v. Taylor, 529 U.S. 362, 405 (2000). However, because this issue concerns a state law question and not a federal question, there is no basis for the state court to have applied federal law.

Finally, Respondents respectfully assert that the Eleventh Circuit Court of Appeals has clearly indicated that before a district court proceeds to the merits, the procedural issues should be resolved adversely to the Respondents. This court should address and resolve the issues of the lack of federal question, statute of limitation, and procedural default before requiring a response on the merits. *See*, Jones v. White, 992 F. 2d 1546, 1565 (11th Cir. 1993).

## CONCLUSION

Based on the foregoing, this petition, as amended, is due to be denied and dismissed with prejudice.

        Respectfully submitted,

        Troy King, ID #KIN047
        *Attorney General*
        By-

        s/Nancy M. Kirby
        Nancy M. Kirby ID #KIR031
        *Deputy Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of January, 2007, I electronically filed the foregoing Answer and exhibits with the Clerk of the Court using the CM/ECF; and I hereby certify that I have mailed by United States Postal Service the foregoing to the following non-CM/ECF participants: James Lenwood Robinson, AIS #121865, 1290 Red Eagle Road A-10, Montgomery, AL 36110.

                                              Respectfully submitted,

                                              s/Nancy M. Kirby (KIR031)
                                              Nancy M. Kirby (KIR031)
                                              Office of the Attorney General
                                              Alabama State House
                                              11 South Union
                                              Montgomery, AL  36130-0152
                                              Telephone: (334) 242-7300
                                              Fax: (334) 242-2848
                                              E-Mail: nancykirbylaw@bellsouth.net

226310/102559-001