IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES L. ROBINSON, #121865, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 1:06-CV-1061-MHT |
| | ) |
| JAMES DELOACH, et al., | ) |
| | ) |
| Respondents. | ) |

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by James L. Robinson, a state inmate, on November 27, 2006. In this petition, Robinson complains that he has been denied equal protection based on the length of his sentences because (i) he is not eligible for resentencing under *Ala. Code* § 13A-5-9.1 even though he is a non-violent offender since his sentences are neither life nor life without parole, and (ii) he has been denied eligibility for correctional incentive time as the sentences imposed upon him are greater than 15 years.

The respondents filed an answer, supplemental answer and supporting evidentiary materials in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*, in which they contend that the present habeas corpus petition is due to be denied because the claims raised therein are procedurally barred from federal review because Robinson did not present these claims to the state courts in accordance with the state's procedural rules. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119

S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Smith v. Jones*, 256 F.3d 1135, 1140-1146 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982 (2002); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir.), *cert denied*, 531 U.S. 1017 (2000); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990); *Teague v. Lane*, 489 U.S. 288 (1989). In support of this argument, the respondents maintain that Robinson failed to present his sentence reconsideration claim "to the highest state court on appeal of the denial of his state motion to reconsider his sentence." *Respondents' Supplemental Answer - Court Doc. No. 18* at 6. The respondents further argue that Robinson's claim relative to his ineligibility for correctional incentive time is procedurally "defaulted for his failure to raise it to the highest state court on appeal of the denial of his state habeas petition." *Id*. at 9.

A procedural default bars consideration of the merits of a claim "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991); *Peoples v. Campbell*, 377 F.3d 1208, 1235 (11th Cir. 2004); *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). However, even if the petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a habeas petitioner's federal constitutional claim where the petitioner is able to show that the court's failure to address his claim would result in a

"fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 320 (1995); *Murray v. Carrier*, 477 U.S. 478 (1986). The miscarriage of justice exception allows federal courts to address procedurally defaulted claims if the petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Carrier*, 477 U.S. at 496.

Accordingly, it is

ORDERED that on or before February 20, 2007 the petitioner may file a response to the answers filed by the respondents. Any pleadings, documents or evidence filed after this date will not be considered by the court except in exceptional circumstances. The petitioner is advised that at any time after February 20, 2007 the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the petition as justice shall require." Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

The petitioner is instructed that when responding to the respondents' answers he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts which demonstrate that the petitioner is entitled to relief on those grounds presented in the habeas corpus petition. If documents which have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When the petitioner attacks the respondents' answers by use of affidavits or other documents, the court will, at the

proper time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

The petitioner is cautioned that in responding to the respondents' assertion that all of his constitutional claims for relief are procedurally defaulted he must state specific reasons why he failed to comply with the state's procedural rules or otherwise did not present or pursue these claims in state court either at the trial court level, on appeal or in available post-conviction proceedings. The petitioner is advised that the reasons presented must be legally sufficient and that the facts surrounding or relating to the reasons for the failure must be stated with specificity. If the petitioner asserts that this court should address the procedurally defaulted claims under the fundamental miscarriage of justice exception, the petitioner must show specific reasons for the application of this exception.

Done this 30th day of January, 2007.

                                      /s/ Wallace Capel, Jr.
                                    WALLACE CAPEL
                                    UNITED STATES MAGISTRATE JUDGE