IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED

2007 FEB 22 A 9: 19

﹃﹃﹃RA P. HACKETT, ﹃﹃
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

JAMES L. ROBINSON, #121865

    PETITIONER

VS.

JAMES DELOACH, et, al;

    RESPONDENTS

CASE NO. CV06-1061-MHT

_____/

ROBINSON'S ANSWER AND AFFIDAVIT IN TRAVERSE

The Court's order dated January 30, 2007, where Respondents seeks to have Robinson's Federal Habeas Corpus denied based on procedural default grounds, and other issues to which Respondents avers that Robinson's claim were in fact time barred pursuant to Alabama Criminal Rules, based on Robinson not filing within the one year time frame. Each and every ground which has been raised by Respondents is totally contrary to Alabama law, and the full facts to which Respondents have in their possession. Robinson shows unto the Honorable Magistrate Judge full facts, and by sworn affidavit with exhibits that Robinson is entitled to full Federal review of his Habeas Corpus. The following:

I. ALABAMA STATE HIGHEST COURT ISSUES.

1. Robinson filed a timely brief to the denial of Robinson's Motion for reconsideration of sentencing. Before the Alabama Criminal Court of Appeals Robinson raised the Constitutional

-1.-

violations which violates United States Constitutional rights
to which Robinson is entitled as a matter of law.

(A.) The Alabama Criminal Court of Appeals made a timely ruling
without addressing the full merits of United States Constitutional
violations under the equal protection govern by the 14th Amendment
of these United States.

(B). Robinson's brief labled exhibit D by Respondents, which
was filed December 21, 2005 case no. CR-05-0233. Robinson did
exhaust his available State remedy with the Constitutional issues.

2. Robinson was denied full right to file before the Alabama
Supreme Court, and the reason being that State Officals denied
Robinson the right to file before the Alabama Supreme Court.

3. The denial is factual and true, where State Officals denied,
and refused Robinson's incoming U.S. Mail. See exhibit # 1.
a copy of the Alabama Criminal Court of Appeals letter which
was mailed to Robinson at Bibb Corrections Facility. State Officals
marked the letter refused and returned. Robinson at no time
ever refused any incoming U.S. Mail, and Robinson was singled
out by State of Alabama Prison Officals, who had full knowledge
of Robinson's claims in State Court, and made the Access to
Court a complete denial of Robinson's right to address the Alabama
Supreme Court with the Constitutional violations to which Robinson
had in State Court.

4. State Attorney General was notified of the Sixth Amendment
violations which State Officals were doing and not one single

-2.-

order was issued from the Attorney General who represents the State of Alabama, and Robinson being under full custody of State of Alabama by and through Attorney General based on Robinson's conviction being served in State custody.

5. Respondent's averment that Robinson made the procedural default to the Alabama Supreme Court is totally false. Had State Officals not lied and refused Robinson's Sixth Amendment rights, Robinson would have filed a timely brief before the Alabama Supreme Court.

6. State's (Respondents) exhibit labled "G" dated July 11, 2006. Respondent's very exhibit is strict proof that Robinson could not file a timely answer and or brief to the Alabama Supreme Court where at all times State Officals were out-right refusing Robinson incoming U.S. Mail.

7. Robinson's U.S. Mail was denied, and the only relief Robinson received came from UNited States Senator Richard Shelby, where the time had expired and Robinson could not file a breief before Alabama Supreme Court a full and final judgment had been entred, see Respondents exhibit "G".

## CAUSE AND PREJUDICE

1. Cause exist where State Officals denied Robinson the right to have access to Court to file his brief to the Alabama Supreme Court.

2. It was to no fault of Robinson that the State Highest Court could not answer and or address Robinson's issue which were raised before the Alabama Criminal Court of Appeals. The only reason the State's Highest Court did not address the issues were due to the refusal of Robinson's incoming U.S. Mail by

-3.-

State Officals, and not Robinson's abandonment at all.

3. Cause is shown where the interference by State Officals who had Robinson in custody marked Robinson's incoming legal mail from Alabama Criminal Court of Appeals as refused. Robinson could not comply with State of Alabama procedural rules of Court when and where State Officals themself took full authority to deny Robinson's access to Alabama Supreme Court.

4. Prejudice exist where Robinson's Equal Protection claims as presented were not address in the Alabama Supreme Court due to State Officals refusing Robinson actual rights to file before the State's highest Court for the Federal Constitutional issues to which Robinson raised at direct appellate level.

5. Prejudice is automatic in this cause of action. Where Respondents knew Robinson did not bypass nor did Robinson abandon his Constitutional claims at all. Robinson's United States Constitutional rights to address Alabama Highest State Court was denied by State Officals prejudicing Robinson for full and final rulings to be reached.

6. The Alabama Supreme Court could have reached an opinion of the exact Constitutional claims and since they involve Constitutional United States Federal Issues, Robinson was entitled to have these issues resolved. Robinson has been prejudice because State of Alabama refused Robinson admittance into Alabama Supreme Court with a Writ of Certiorari. Robinson's claims in fact are considered first impression under both Statutes of

-4.-

law. Code of Alabama 1975 § 13A-5-9.1 and 14-9-41 prejudice
exist in that Alabama Supreme Court did not have the issues
before them because State Officals having custody of Robinson
violated the procedures and only channels that Robinson had,
and it was not Robinson who refused the U.S. Mail but it was
State Officals having custody that violated Robinson's consti-
tutional rights for prpoer review.

7. Prejudice in that the Equal Protection Clause is a 14th Amend-
ment claim to which State Of Alabama did not address and render
any facts to under a full claim to which Robinson presented
before Alabama Criminal Court of Appeals.

(A). The only reason the Alabama Supreme Court did not render
any opinion, nor decided the claims is due to State Officals
who denied Robinson the full State Appellate Procedural rules
with refusing Robinson's U.S. Mail.

8. The issues which demands Federal review wre not defaulted
at all. The records before this Court provides that Robinson
did everything in his power to have the claims ruled on and
at State level, but it was State Officals who denied Robinson
full rights to follow the adopted State procedural rules. Had
the State granted Robinson his incoming mail, and not lied to
State Court Robinson would have filed before the Alabama Supreme
Court and most certainly presented the issues which no State
Court in Alabama has considered under the Equal Protection Clause.

## LEGAL ISSUES IN SUPPORT

The cause as shown by Robinson comes from State Officals, and not Robinson's acts to avoid Alabama Criminal Procedures, and to take the claim to Alabama Highest State Court. All facts prove that State Officals denied Robinson his procedural rights to proceed on into Alabama Supreme Court. In COLEMAN V. THOMPSON, 501 U.S. 111 S.Ct. 2546,2565, 115 L.Ed. 2d 640 (1991) and MURRAY V. CARRIER 477 U.S. 478, 488, 106 S.Ct. 2639,2645, 91 L.Ed. 2d 397. The Court held; "The [C]ause excusing the procedural default must result from some objective factor external to the defense that prevented [P]risoner from raising the claim and which cannot be fairly attributable to his own conduct. In HARMON V. BARTON, 894 F.2d 1268, 1275 (11th Cir. 1990) When a Pro Se petitioner's ability to present his claim comes from acts done by State Officals it is not like one where a Pro Se petitioner has caused his own default to take place. Robinson did not make a procedural default at all, and Robinson says that if the Alabama Supreme Court could have address the Federal Constitutional claims, Robinson would be free and at home this day by operation of Alabama own laws.

Code of Alabama 1975 § 13A-5-9 has mandatory language to which this Court has considered before. See JONES V. WHITE, 992 F.2d 1548 (11th Cir. 1993) The Court held: "We further recognized that the HFOA is mandatory. McLester I. 802 F.2d at 1332. The [W]ord **[M]ust** as it is used in this section leaves no discretion with the court as to whether a repeat offender

is to be punished under the statute. (quoting WATSON V. STATE, 392 So.2d 1274, 1276 (Ala. Crim. App. 1980) It is beyond human thinking, to say that 13A-5-9 was written for only two class of offenders class B and Class A in Alabama. 13A-5-9 was used to enhance all felony offenders sentence.

Alabama by all laws have ruled that the equal protection clause applies in Alabama State law. EX PARTE JACKSON, 516 SO.2d 768 (Ala. 1986) The Jackson Court held, that equal protection state equal protection provisions afford protection against racially motivated peremptory strikes similiar to that afforded by the Federal Constitution. Robinson's Federal Constitutional Equal Protection claim has not been address and answered in State Court to the exact issues which Robinson shows violates the United States Constitution and Alabama Constitution as a whole. You can't grant two classes of nonviolent offenders resentencing and discriminate aginst nonviolent by sentence number and Class distinction without violating the 14th Amendment of these United States. Robinson specifically showed that 13A-5-9 has mandatory language. In all cases when it is shown, and [M]ust, these words spoken make it mandatory that 13A-5-9.1 provides relief for all nonviolent no matter what the range of punishment was. 13A-5-9 is an enhancement statute used in all cases, and must be sentenced. Not one single United States Constitutional claim has been answerd by the State. See SMITH V. SCHUTLE, 671 SO.2d 1334 (Ala. 1995) Code of Alabama 1975 § 6-5-547 violates the equal protection clause. Robinson could

not have the equal protection clause issues fairly address in
State Court, and the reason the Alabama Supreme Court did not
address the United States Constitutional violations is because
State Officals who knew Robinson has been attacking the uncon-
stitutional conditions which exist in Alabama Prisons due to
the unconstitutional overcrowdness. Where it can't be denied
that due to overcrowdness that 13A-5-9.1 was used in violation
of equal protection. Room was in need for more violent offenders,
and Alabama Level Six Facilities housed Life and Life Without
who were nonviolent. Level Fours with Life nonviolent. Amending
of 13A-5-9.1 for only a select few, who had violent crimes more
serious than Robinson and others created an out-right equal
protection violation. To grant release to serious offenders
and keep nonviolent behind bars with no means to have our sentence
reviewed violates the 14th Amendment of these United States.
KIRBY V. State, was not decided until 2004. State of Alabama
did not grant Kirby relief and Alabama Department of Corrections
did not grant release until after Kirby's decision was final.
Therefore Respondents have did each and every act to tell the
Honorable Judge in Federal Court to please turn your back to
Robinson's claims and deny Robinson based on the one year statute
of limitations. Respondents having full knowledge that Kirby
relief do not come under Rule 32 provisions as discussed by
the Kirby Court. Robinson is entitled to relief.

Robinson's claim under 14-9-41 CIT Good Time has not been address at all in State Court. ACT 91-637 which amended 14-9-41(e) has not been challenged to the equal protection clause violations. ACT 80-446 provides that: " **and to provide habitual offenders shall not be eligible for any deductions from sentences.**" ACT 91-637 14-9-41(e) grants and awards Habitual Offenders CIT Good Time. The maximum sentence for a Class C felony is only 10 years. Possession of drugs a Class C felony, 3rd degree burglary a Class C felony, and in mate with 15 years and 3 priors he/she is an HFOA Offender and receives CIT Good Time, Robinson a Class C felony offender with 3 priors and has 25 years Robinson is denied what the 15 years HFOA Offender recieves.The 14th Amendment violation is obvious.

Alabama discussed the equal protection violation under CIT Good Time with ACT 80-446 <u>EX PARTE HILSABECK</u>,477 SO.2d 472 (Ala. 1985) THe Court held that the original purpose of the Bill prevented HFOA inmates from getting CIT Good Time. ACT 91-637 turns around and alters the original purpose of ACT 80-446 and awards CIT Good Time to HFOA inmates. ACT 91-637 has not been address, and it violates the equal protection clause. See <u>BROOKS V. STATE</u>, 622 SO.2d 447 The Court said: "In Hilsabeck, we held that because the state "has an interest in closely supervising and controlling the early release or parole of serious offenders, there was a rationally basis for treating persons sentenced to ten years or longer... differently from those sentened

to lesser terms." See also Thorton v. Hunt, 852 526, 527 (11th Cir. 1988). But the final ruling by Brooks deals with the exact same to which Robinson is being denied CIT Good Time where Alabama awards CIT Good Time to the same set of HFOA Offnders by mere sentence number alone and not based on any penelogical interest or goals. Class C felonies are all the same, and all inmates with 15 years and less who are HFOA Class C and Class B earns CIT Good Time but all others with the same crimes nothing different based on a mere number we are denied.

Alabama law says mandatory language used in a Statute must be given there full ordinary meaning. RADNEY V. STATE, 840 SO.2d 190 (Ala. Crim. App. 2002) 14-9-41(a) has a full mandatory language which has not been ruled under. [S]hall. All inmates in Alabama other than life are entitled to earn a deduction from their sentences. However ACT 91-637 provides that inmates now come under a different set of facts for granting and awarding CIT Good Time and ACT 80-446 which denied HFOA has been amended to award HFOA inmates CIT Good Time. Therefore you can't award CIT Good Time under sentence number alone and not violate the 14th Amendment as the Brooks Court has held in Alabama.

Robinson's United States Constitutional issues were not from any procedural default, and Robinson did not abandon these Constitutional claims. State Officals denied Robinson his day in Alabama Supreme Court and knowingly did so.

-10.-

Respondent's only two issues based on procedural default.
(1) Robinson's failure to raise sentence reconsideration claim
in the highest state court, and (2) Robinson's failure to raise
ineligibility for incentive time to the highest state court.
Robinson's facts before this Honorable Court shows that it was
not Robinson's fault, but all facts prove that State Officals
denied Robinson his legal rights to file before the state highest
court. Cause and prejudice exist in Robinson's case before this
Honorable Court COLEMAN V. THOMPSON, 501 U.S. 722, 750, 111
S. Ct. 2546, 2565, 115 L.Ed.2d 640 (1991) There is a fundamental
miscarriage of Justice which exist also. United States Constitu-
tional claims to which grants Robinson full relief, has not
been decided in State Court. See Respondents exhibit, the actual
ruling entered by Alabama Criminal Court of Appeals, where State
Court ruling did not answer nor address the equal protection
clause claims at all under any issues which were raised. There's
nothing to answer the merits of Code Of Alabama 1975 § 13A-5-
9 the root of Alabama HFOA, which gives authority for the actual
amending of § 13A-5-9.1 Nonviolent resentencing. Can § 13A-5-
9.1 provide Class discrimination and vioate the equal protection
clause, where all enhancements came by § 13A-5-9, and the full
language says in [A]ll cases, and [M]ust.

Robinson's Federal Habeas Corpus review will decide issues
to which State Court refused to decide and to which were proper
before State Court for review as presented. Therefore based

on applicable case law, and State law rulings entered by the State of Alabama, these United States Constitutional claims must be resolved.

Respectfully

_James L. Robinson_
JAMES L. ROBINSON
1290 RED EAGLE ROAD
MONTGOMERY, ALABAMA 36110

## CERTIFICATE OF SERVICE

I do hereby certify and say that I have served the Respondents Attorney with a copy of the same, and Affidavit with exhibits. Address as follows:

NANCY M. KIRBY
OFFICE OF ATTORNEY GENERAL
11 SOUTH UNION STREET
MONTGOMERY, AL. 36130

Done this __22__ Day of _FEBRUARY_, 2007. Placed in the hands of prison officals for proper service and mailing, postage by ADOC free legal postage for incarcerated inmates. By my signature below.

-12.-



OFFICE OF CLERK

FEDERAL COURTHOUSE

P.O. Box 711

MONTGOMERY, AL 36101

STATE OF ALABAMA )
MONTGOMERY COUNTY )

## SWORN AFFIDAVIT JAMES L. ROBINSON

Appearing before me the below named Notary for the State
of Alabama comes James L. Robinson who first being duly sworn
under Oath, and swears that all is true and correct, and to
the best of his knowledge does say the following:

I am James L. Robinson being over Twenty-One Years of age,
and in sound mind. I have full knowledge of all facts which
now is before this Honorable Court. Hereafter refered to as
Robinson.

Robinson has filed in Federal and State Court with legal
issues which State Officals deemed serious, and have made efforts
to limit Robinson's legal rights to address the Court with several
Constitutional violations which take place. Robinson has brought
forth truths which exist in Alabama Statutes of law. From the
Sixth Amendment rights Robinson has received actual unconstitutional
acts by State Officals and address these violations to Attorney
General Troy King with no written acts, reports, nor any orders
to protect State law rights and Federal Constitutional rights
of Robinson.

The overcrowded Alabama Prisons are Constitutional violations
which Federal Court in Alabama has dealt with and issued orders
to correct. NEWMAN V. GRADDICK. Alabama State Government has

a warehouse industry under Alabama Prisons, and now the keys
to resolve overcrowdeding which violates United States Consti-
tution State Elected Officals are doing nothing according to
their very written laws to resolve. Alabama Prison Industry
makes dollars, and money going to State Officals. However the
Tax Payers, and Alabama Citizens reap the loss of State dollars,
and the actual increase of violence in Alabama State wide where
United States Constitution Violations cause the vast Majority
of State Employees to seek mere over-time pay and there's actual
loss of Alabama Department Of **"Corrections"**. Robinson's retaliation
came from Robinson's issues which are now before Federal Court
this day. Facts are, and as follows true and correct by each
exhibit attached.

Robinson could not file a brief nor any application for
Rehearing before Alabama Criminal Court of Appeals, where State
Officals were illegally returning Robinson's U.S. Mail marked
refused. Robinson never gave any Authorization to any State
of Alabama Corrections Offical to mark Robinson's U.S. Mail
refused. Each State Agent knew that James L. Robinson was in
Alabama State Prison Facility under custody and control by Attorney
General Troy King, Governor Bob Riley, and ADOC Prison Commissioner
Richard Allen. Robinson's rights to file the Writ before Alabama
Supreme Court was denied because Robinson had no way of knowing
that a ruling had even been reached in the Criminal Court of

-2.-

Appeals. See exhibit # 1. Letter return to Alabama Criminal
Court of Appeals by State Officals marked refused. Robinson
could not file in State Court, where State Officals now stood
and violated Robinson's United States Constitutional rights.

Robinson by exercising his 1st Amendment rights, wrote
Governor Bob Riley, see exhibit # 2. Robinson being denied U.
S. incoming mail. Robinson's Appeal was pending before the Alabama
Criminal Court of Appeals, and after the decision was entered,
State Officals knew that Robinson's U.S. Mail was being marked
refused, and knew that Robinson could not file any answer to
which Robinson was unaware of and had no way of receiving where
U.S. Mail was Robinson's only means of service. Attorney General
Troy King and Governor Bob Riley, ADOC Prison Commissioner they
had full opportunity to correct the wrong and illegal acts,
but State Of Alabama did nothing for Robinson's Criminal Procedural
rights to address State Court. See exhibits 3. Letter written
to United States Postal Service, Commissioner Allen and Warden
Cheryl Price, as full proof. Exhibit # 4. Letter to Commissioner
Allen. Exhibit # 5. Letter to United States Senator Richard
Shelby. Exhibit # 6. Senator Shelby's answer.

Robinson's rights to State appeal was not defaulted by
Robinson at all. Robinson could not file into Alabama Supreme
Court and Attorney General Troy King had full knowledge of each
reason the issues did not go before Alabama Supreme Court.

Respondents now seek to use a procedural default claim
knowing at all times Robinson's U. S. Incoming Mail was denied,

-3.-

to no fault of Robinson, and nothing to which Robinson did to have these acts done to deny Robinson a Sixth Amendment right to address the Highest State Court.

Robinson has a United States Constitutional claims which have not been resolved by State Court, and to which is not barred from Federal Habeas Corpus review under any set of issues to which Respondents have avered. State law can't violate United States Constitution, and Alabama has not made any ruling under the United States Constitutional violations which exist, and Respondents very acts caused Robinson from not having the Alabama Supreme Court from making a State determination os their Statute of laws governing Robinson's United States Constitutional claims. Respondents can't deny that discrimination, segregation, and the equal protection clause is not a right which must be protected. Respondents can't deny that Robinson comes from a Class by written Statute of law. Robinson is entitled to relief under all issues, and has exhausted all State law remedies, and did all Robinson could, before State Officals used their acts to deny Robinson under their very written laws to have Highest State Law review.

Wherefore Robinson says no more at this time.

Respectfully

JAMES L. ROBINSON

SWORN AND SUBSCRIBED TO BEFORE ME

THIS 18 DAY OF FEBRUARY, 2007

NOTARY

MY COMMISSION EXPIRES 7-20-2016

-4.-



# 1
EXHIBIT

JAMES ROBINSON
AIS # 121865  E3/21B

565 BIBB LANE
BRENT, ALABAMA 35034
JULY 13th, 2006

# 2
EXHIBIT

TO: HONORABLE GOVERNOR BOB RILEY
IN RE: UNITED STATES INCOMING MAIL

    Dear Governor Riley;

    I write this letter to request your assistance in a very serious matter which governs the United Sttaes Incoming Mail to which inmates in the State of Alabama have a right to receive. I come under the Administrative Regulation adopted by Commissioner Richard Allen, where AR # 448 clearly states that Robinson has a complete right to receive incoming US Mail, and this mailil is subject to inspection. Robinson comes under Federal Postal Laws for Domestic Mail. Bibb's Officals Warden C. Price, Warden D. Estes, Capatin Freeman and Captain Toney have denied, and marked Robinson's incoming US Mail refused, and return all US Mail, both Legal and Regular US Mail.

    Robinson has not sign any form for the US Mail to be denied delivery nor have I made any request for the US mail to be deliveree to any other party. I request your assistance in this matter where US Mail governing Prisns is a legal issue, and Commissioner Allen's Office full responsibility over these matters.

                    Respectfully

                    JAMES ROBINSON

JAMES ROBINSON
AIS # 121865 B-SEG
BIBB COR. FAC.
565 BIBB LANE
BRENT, AL. 35034
JUNE 21, 2006

# 3
EXHIBIT

To: UNITED STATES POSTAL SERVICE
    COMMISSIONER RICHARD ALLEN
    WARDEN CHERYL PRICE

REF: ROBINSON U.S. MAIL
    PENDING COMPLAINT

    DEAR COMMISSIONER ALLEN,
    UNITED STATES POSTAL INSPECTOR

    JAMES ROBINSON COMES UNDER CODE OF ALABAMA
TITLE 14 FOR PRISON UNDER ALDOC PRISON COMMISSIONER.
ROBINSON BY AR # 448 HAS A FULL RIGHT TO RECEIVE
INCOMING U.S. MAIL BY WRITTEN POLICY OF MR. ALLEN.
    ROBINSON WAS ARRESTED BY AR # 403 FOR "INCOMING
U.S. MAIL". AR # 448 CLEAR LANGUAGE PROVIDE WHAT
MUST BE DONE FOR INCOMING MAIL.
    ROBINSON'S INCOMING MAIL BEHIND THE ARREST
WHICH WAS MADE BY S. CHAPMAN. UNDER RULE # 56.
ROBINSON U.S. MAIL INCOMING HAS BECOME A
ISSUE. AND APPEARS TO BE LABLED AS REFUSED. AND
UNDELIVERABLE. ROBINSON IS GOVERN BY MR. ALLEN'S
AR # 448 REGULATION. AND ROBINSON DID NOT ADVISE
COMMISSIONER ALLEN TO RETURN. REFUSE ANY INCOMING

PAGE 2.

MAIL. ROBINSON DID NOT ADVISE WARDEN PRICE NOR WARDEN ESTES TO REFUSE ANY INCOMING MAIL. ROBINSON REQUESTED BIBB'S OFFICALS TO HONOR "WRITTEN Policy of Commissioner ALLEN By AR# 448. WITH ROBINSON'S INCOMING MAIL.

Commissioner Allen, AND POSTAL INSPECTOR STATE AND FEDERAL LAW PROvides ONCE A STATUTE HAS well UNDERSTOOD PLAIN LANGUAGE it CONTROls. THE very SAME APPLY To AN ADMINISTRATIVE REGULATION Commissioner Allen By AR# 448 SPECIFICAlly INFORM THE MAIL CLERK WHAT MUST BE DONE FOR INCOMING MAIL. THESE OFFICALS Took AR#448 AND did NOT AdHERe To "WRITTEN Policy" Now ROBINSON INComing MAIL is A ISSue. THE ISSUE IS ROBINSON Still REMAIN under Commissioner Allen's Regulation FoR INCOMING MAIL.

ROBINSON FoR UNITED STATES POSTAL SERVICE HAS A VALID CLAIM FoR CONGRESS INTENT By CRIMINAL CODE FOR MAIL CARRIER, AND MAIL TAMPERING. ONCE ANY PERSON oPEN ROBINSON outgoing U.S. MAIL AND RESEAL, then PLACE A Disclaimer AVERING THE CONTENTS HAVE NOT BEEN EVALUATED. CONGRESS INTENT MUST BE ADDRESS under PENDING DECLARATORY RELIEF.

ROBINSON REQUEST Commissioner Allen To GRANT AND ENFORCE WRITTEN Policy. FoR ROBINSON'S MAIL.

RESPECTFULLY

JAMES ROBINSON

JAMES ROBINSON
AIS # 121865
BIBB CORRECTION FACILITY
565 BIBB LANE
BRENT, ALABAMA 35034
JULY 20, 2006

# H
EXHIBIT

TO: COMMISSIONER RICHARD ALLEN
IN RE: U.S. MAIL VIOLATIONS
INCOMING US. MAIL

    Commissioner Allen;

    I write to make the full records clear, and to provide you full facts which exist.

1. I was called to Captain Freeman's Office on July 19, 2006, where a full discussion was had about the request to which I submitted to Warden Estes about my incoming US. Mail. I explained and it is true. I have not sign any forms, nor have I wrote any documents requesting for my US incoming Mail not to be inspected. I have been under Your Direct Supervision by AR # 448 which clearly goeverns the polioy and procedures that controls for inmates in ALDOC. Under Your Regulation I have full consent for inspection of my incoming US. Mail, which is clearly spoken in AR # 448.

2. Officals here at Bibb have acted by their own interpretation, and taken acts to stop incoming mail on their own, and can't produce before you nor any Judge any written complaint which is sign by James Robinson saying I did not consent to inspection of my U.S. Mail. In fact the Judge has agreed with the facts which I have presented, that Fraud exist with the return of

Page 2.

all U.S. Mail which was returned marked "Refuse", and I never
sign any documents authorizing for US Mail to be returned.

Commissioner Allen, I was given a false disciplinary
for incoming mail, and from this false disciplinary, Bibb's
Officals began these acts. It is totally impossible for Robinson
to be guilty of Rule # 56, when I did not write any letter
from Bibb Correction Facility. What Capatin Freeman said on
July 19, 2006 is totally contrary to what was the basis of
the disciplinary, when he alleges that what was in the letter
saying I received your letter today, nothing but mere interpre-
tation of what they thought. What's factual and true is that
if the letter was from my wife, She was not at Tutwiler for
the alleged facts under the disciplinary to even be true.
In fact my Brotehr, who took money from my account mailed
my wife a money order only, and with no letter written by
Robinson inside. Bibb's Officals are the ones who read my
mail and twisted for their acts to write a disciplinary, now
they turn right around and twsit a full complaint which was
filed by Robinson to US Postal Service about acts which Ms.
Teresa Domec did and use the letter which was address to Robinson,
Sanders, and Rodgers to deny "ONLY" Robinson incoming U.S.
Mail. These are the real true facts as to why my mail is being
marked refused, and nothing they can give you sign saying
Robinson refuse to consent to inspection of incoming mail.

Respectfully

James Robinson

JAMES ROBINSON
AIS # 121865 E3-21B
BIBB CORRECTION FACILITY
565 BIBB LANE
BRENT, ALABAMA 35034
JULY 17, 2006

# 5
EXHIBIT

TO: HONORABLE RICHARD SHELBY
IN RE: U.S. MAIL VIOLATIONS
INCOMING U.S. MAIL

    Dear Senator Shelby;
    I was more than happy to hear from you in reference to
the CIT Good Time issue, your letter dated March 2, 2006.
I followed your advice and took these issues before Alabama
Sentencing Commission, and to the Alabama State Representative.
    I have a very serious problem at this time which concerns
United States Federal Issues under U.S. Postal Service. I
have not filed nor made any request to have my incoming U.S.
Mail marked "REFUSED", and the Incoming mail return to sender,
where it was marked by Prison Officals as refused. According
to the Postal Service Regulation under Domestic Mail Manual,
our Mail is govern by the Administrative Regulations of Prisons.
Alabama Prison Commissioner, Mr. Richard Allen has a Regulation,
AR # 448 which clearly provides that my incoming mail is to
be inspected, all inmates comes under this Regulation. I have
not made any request to Bibb Officals to change the way my
mail is to be delivered to this writer.
    Senator I am being singled out for retaliation for Federal
Constitutional Rights, under the 1st, 6th, and 14th Amendments
of these United States. I had a problem back in December,
and prior to December of 2005 where theft of mail was being
done here at Bibb Correction Facility by Former Mail Clerk.
I filed a timely complaint about this matter, and there was
a full replacement of Ms. Domec from the MailRoom, however,

Page 2.

I am having more problems now from my addressing and filing
complaints about actual wrongdoing which exist. Senator Shelby,
in Alabama Prison the public expect some form of discipline,
for protection of society, which means corrections should
exist. Here at Bibb some inmates have had to file in Court
about some of the Officers using their Jobs for evil acts,
and their acts of allowing todays youths to view Prison as
a full game, where they can buy the Officers, and be allowed
to commit wrong inside prison with a day to day violations
taking place. From these acts of evil being committed, several
have left Bibb Correction Facility, and have resorted to henious
crimes, to which the public now reaps a loss with triple homocide
and other henious crimes done.

    I have assisted with a Constitutional right to which
some of these inmates want to file in Court, and Federal Court,
and State Court provides the right for inmates as well as
any Citizen to address the Court, but now I am being denied
U.S. Mail, incoming mail from Bibb Officals for speaking out
.d assisting others.

    I request your assistance since this is a Federal Matter,
and Mr. Richard Allen Prison Commissioner can correct the
wrong to which the Warden at Bibb is allowing to take place
with my U.S. Mail, legal Court mail being return back to Court
saying I have refused, is totally false and I have not sign
any form, nor sign any request for my mail to be denied delivery
to this writer. I am enclosing a copy of the letter to which
I received from U.S. Postal Inspector service, if there was
a noted problem then certainly Mr. Rodgers, and Mr. Sanders
would have the same problem that I am having but  ey a
not, I am the only one whose mailed is marked refused. I thank
you in advance for your assistance.

                                    Sincerely

                                    JAMES ROBINSON

RICHARD SHELBY
ALABAMA

CHAIRMAN—COMMITTEE ON BANKING, HOUSING,
AND URBAN AFFAIRS

COMMITTEE ON APPROPRIATIONS

CHAIRMAN—SUBCOMMITTEE ON COMMERCE,
JUSTICE, AND SCIENCE

SPECIAL COMMITTEE ON AGING

110 HART SENATE OFFICE BUILDING
WASHINGTON, DC 20510–0103
(202) 224–5744
http://shelby.senate.gov
E-mail: senator@shelby.senate.gov

# United States Senate
WASHINGTON, DC 20510–0103

STATE OFFICES:

○ 1800 FIFTH AVENUE NORTH
321 FEDERAL BUILDING
BIRMINGHAM, AL 35203
(205) 731–1384

○ HUNTSVILLE INTERNATIONAL AIRPORT
1000 GLENN HEARN BOULEVARD
BOX 20127
HUNTSVILLE, AL 35824
(256) 772–0460

○ 113 SAINT JOSEPH STREET
445 U.S. COURTHOUSE
MOBILE, AL 36602
(251) 694–4164

○ ONE CHURCH STREET
ROOM C–561
MONTGOMERY, AL 36104
(334) 223–7303

○ 1118 GREENSBORO AVENUE, #240
TUSCALOOSA, AL 35401
(205) 759–5047

September 14, 2006

Mr. James Robinson
121865 D2-42B
Bibb Correctional Facility
565 Bibb Lane
Brent, Alabama 35034-4040

#6
EXHIBIT

Dear Mr. Robinson:

Thank you for taking the time to contact me regarding your incoming mail.

I have contacted the Alabama Department of Corrections on your behalf and have asked them to respond to your concerns. You should expect a reply to your concerns directly from the agency in a timely manner. Please do not hesitate to contact me about this or other matters in the future.

Sincerely,

Richard Shelby

Richard Shelby

RCS/nls

CHAIRMAN—COMMITTEE ON BANKING, HOUSING
AND URBAN AFFAIRS
ALABAMA

COMMITTEE ON APPROPRIATIONS

CHAIRMAN—SUBCOMMITTEE ON COMMERCE,
JUSTICE, AND SCIENCE

SPECIAL COMMITTEE ON AGING

110 HART SENATE OFFICE BUILDING
WASHINGTON, DC 20510-0103
(202) 224-5744
http://shelby.senate.gov
E-mail: senator@shelby.senate.gov

# United States Senate

WASHINGTON, DC 20510–0103

STATE OFFICES:

○ 1800 FIFTH AVENUE NORTH
1200 FEDERAL BUILDING
BIRMINGHAM, AL 35203
(205) 731-1384

○ HUNTSVILLE INTERNATIONAL AIRPORT
1000 GLENN HEARN BOULEVARD
BOX 20127
HUNTSVILLE, AL 35824
(256) 772-0460

○ 113 SAINT JOSEPH STREET
445 U.S. COURTHOUSE
MOBILE, AL 36602
(251) 694-4164

○ ONE CHURCH STREET
ROOM C-561
MONTGOMERY, AL 36104
(334) 223-7303

○ 1118 GREENSBORO AVENUE, #240
TUSCALOOSA, AL 35401
(205) 759-5047

September 14, 2006

Richard Allen
Alabama Department of Corrections
301 S. Ripley St.
Montgomery, Alabama 36104-4425



Dear Mr. Allen:

Enclosed, please find a copy of correspondence I received from James Robinson.

Please review the enclosed and address the concerns raised. I have notified my constituent to expect a timely reply directly from you.

Sincerely,

Richard Shelby

Richard Shelby

RCS/nls
Enclosure

