IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES L. ROBINSON, #121865, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) CASE NO. ) 1:06-CV-1061-MHT ) |
| JAMES DELOACH, WARDEN *et al.*, | ) ) ) ) |
| Respondents. | ) |

**SECOND SUPPLEMENTAL ANSWER**

Come now the Respondents in the above-styled cause, by and through the Attorney General of the State of Alabama, and in response to the petition for writ of habeas corpus make the following supplemental answer to Robinson's amended § 2254 petition.

1. Respondents have reviewed the pleadings in this case and desire to amend their previous response.

2. Upon further review, Respondents submit that Robinson's claim that the trial court improperly denied his Kirby motion is not time-barred under the federal statute of limitation.

3. Respondents, however, submit that Robinson's claim that his motion to reconsider his sentence (*i.e.* Kirby[1] motion) was improperly denied by the state courts is due no review or relief in this Court because this claim is a matter of state law that does not present a federal question cognizable on federal habeas corpus review.

4. Respondents submit that Robinson's other amended claim regarding his ineligibility to earn good time credit under the Incentive Good Time Act constitutes a claim properly raised in a § 1983 petition, and not this § 2254 petition.

5. Respondents submit that Robinson is not entitled to an out of time appeal in state court based on the refusal of his mail as alleged by Robinson.

6. Respondents deny that Robinson is innocent.

7. Respondents deny that any of Robinson's federal constitutional rights have been violated by the State of Alabama incident to his conviction and sentence in this case.

8. Respondents aver that, based on the contents of this second supplemental answer, Robinson's petition, as amended, is due to be denied and dismissed with prejudice.

---

[1] Kirby v. State, 899 So. 2d 968 (Ala. 2004).

2

## CHRONOLOGY OF THE CASE

Respondents reassert the chronology of the case as stated in their initial Answer, referenced by the Clerk of Court as Document Number Seven, as though set forth fully herein.

## STATUTE OF LIMITATION

Robinson's "Kirby" issue is not barred by the one-year statute of limitation because he could not have raised this claim any sooner than December 1, 2001, the effective date of Section 13A-5-9.1 of the Code of Alabama (2001), and because there is no state statute of limitation limiting the time within which an inmate may file his first Kirby motion. Because Robinson raised claims related to his sentence in his petition, his time for filing a § 2254 petition did not begin to run until his resentencing judgment became final. *See* Burton v. Stewart, 127 S.Ct. 793, 798-99, 166 L. Ed. 2d 628 (2007); Rainey v. Secretary for the Department of Corrections, 443 F.3d 1323, 1326 (11th Cir. 2006); Hepburn v. Moore, 215 F.3d 1208, 1209 (11th Cir. 2000); Maharaj v. Secretary for the Department of Corrections, 304 F.3d 1345 (11th Cir. 2002); Walker v. Crosby, 341 F.3d 1240 (11th Cir. 2003).

## ROBINSON'S ATTACK ON THE STATE COURT'S DENIAL OF HIS KIRBY MOTION IS A MATTER OF STATE LAW AND DOES NOT INVOKE THIS COURT'S JURISDICTION

Robinson's claim that he was denied equal protection because his sentence was not subject to reconsideration under Section 13A-5-9.1 of the Code of Alabama (2001) relates to a matter of state law and is not properly the subject of federal habeas review. "The state court's interpretation of its own laws and rules provides no basis for federal habeas relief. Beverly v. Jones, 854 F.2d 412 (11th Cir. 1988). A federal court has no authority to re-examine state court determinations on state law questions. Estelle v. McGuire, 502 U.S. 62, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991)." Peek v. Hooks, No. 3:03-cv-423-MEF, 2006 WL 3883964, at *5 (M.D. Ala., Dec. 5, 2006).

Though the Eleventh Circuit has not specifically addressed this issue in a published opinion, it entertained the issue in Curry v. Culliver, No. 04-13252, 2005 WL 1653776 (11th Cir., July 15, 2005), and that opinion is helpful in considering this issue. In Curry, the Court of Appeals affirmed the district court's denial of his claim that he was entitled to reconsideration of his sentence was correct because his claim was purely a matter of state law and, as such, provided no basis for federal habeas corpus relief. Likewise, this Court should decline to review Robinson's claim.

4

Moreover, even if Robinson's claim related to a matter of federal law, no relief would be due on it because the state court's ruling was correct. Section 13A-5-9.1 of the Code of Alabama only allows sentence reconsideration for those non-violent inmates who have been sentenced to life imprisonment or life imprisonment without the possibility of parole. Robinson was sentenced to 25 years in the state penitentiary. (Doc. 7, Ex. F, pp. 3-4) Therefore, Robinson was not eligible for sentence reconsideration under state law.

### "GOOD TIME" CLAIM

Robinson's claim in his amended petition (Doc. 11, p. 2) appears to be that he was denied equal protection because he is not eligible for "good time" or correctional incentive time credit under Section 14-9-41 of the Code of Alabama (1975). That claim warrants no relief in this Court.

Robinson's claim essentially challenges the right of the state legislature to define the classification of those inmates eligible to receive "good time." This claim should be raised in a § 1983 proceeding, not a § 2254 action. In Thornton v. Hunt, 852 F.2d 526, 527 (11th Cir. 1988) (per curiam), an inmate filed a § 1983 petition claiming his right to equal protection was violated because prisoners whose sentences exceeded ten year or more were ineligible for "good time." The Eleventh Circuit treated that claim as if properly brought in a § 1983; therefore,

5

Robinson's claim is not properly raised here in a § 2254 petition. But, even if properly brought, the argument would be due no relief because in Thornton, the Eleventh Circuit found the claim to be without merit. Specifically, the court held:

> Thornton's complaint challenged ACITA's classification of prisoners sentenced to more than ten years. The statute does not single out a suspect class or impinge on a fundamental right. Thus, the provision is subject to the rational basis test under the equal protection clause. *See Hodel v. Indiana*, 452 U.S. 314, 331, 101 S.Ct. 2376, 2386-87, 69 L.Ed.2d 40 (1981). ACITA's classification of prisoners serving sentences of more than ten years is rationally related to the legitimate purpose of preventing the early release of serious offenders. Therefore, the statute does not violate the equal protection clause or the due process clause.

852 F.2d at 527.

### "OUT-OF-TIME APPEAL"

This Court ordered Respondents to "address whether Robinson should be allowed an out-of-time appeal to the Alabama Supreme Court in his state actions so that he may exhaust his remedies before such courts." (Doc. 23) Respondents respectfully submit that this issue is moot because there is no longer a need to establish cause for procedural default as the Respondents no longer argue his Kirby issue is defaulted. Moreover, review in the Alabama Supreme Court is discretionary. Robinson has not shown that he would meet the criteria for seeking certiorari review. He has not shown that he has a claim that would qualify under

6

one of the grounds for certiorari review set forth in Rule 39(a)(1) of the Alabama Rules of Appellate Procedure. In any event, if Robinson wishes to pursue this claim, he may file a Rule 32 petition in state court setting forth the basis for his claim and allow the state court to first decide the matter.

Finally, it should be noted that Robinson's claim that his mail was improperly refused by officials at Bibb Correctional Facility is false. The undersigned has investigated Robinson's claim and was provided documentation by Bibb Correctional Facility showing that an incident report was made on June 21, 2006, indicating that Robinson refused to submit in writing to the inspection of his mail in accordance with institutional policies. (Ex. A) The envelope presented by Robinson (Doc. 22, Ex. 1) that was sent to him by the Court of Criminal Appeals of Alabama and marked "refused" and "return to sender" was postmarked July 11, 2006. The incident report provided by Bibb Correctional Facility indicates that it was not until July 20, 2006 that Robinson finally consented in writing to have his mail inspected in accordance with institutional policies. Robinson's letter to that effect, also provided by Bibb Correction Facility, is attached hereto as Exhibit B. Even though Robinson ostensibly disputes whether or not he agreed to have his mail inspected prior to July 20, 2006, it appears that Robinson's mail was refused and returned to the sender between June 21, 2006 and July 20, 2006 solely due to his refusal to provide written consent to having his mail

7

inspected according to institutional policies. His claim that his mail was improperly refused is simply without merit.

## CONCLUSION

Based on the foregoing, Robinson is due no relief on his claims.

## EXHIBIT LIST

Exhibit A - Incident Report dated June 21, 2006 and signed by Captain Frederick Freeman, COS II.

Exhibit B - Robinson's letter to "Commissioner Richard Allen & Warden Price & Bibb Officials" dated July 20, 2006.

Respectfully submitted,

Troy King, ID #KIN047
*Attorney General*
By-

s/Nancy M. Kirby
Nancy M. Kirby ID #KIR031
*Deputy Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>12th</u> day of April, 2007, I electronically filed the foregoing Supplemental Answer (including exhibits) with the Clerk of the Court using the CM/ECF; and I hereby certify that I have mailed by United States Postal Service the foregoing (including exhibits) to the following non-CM/ECF participants:  <u>James Lenwood Robinson, AIS #121865, 1290 Red Eagle Road A-10, Montgomery, AL 36110.</u>

        Respectfully submitted,

        <u>s/Nancy M. Kirby (KIR031)</u>
        Nancy M. Kirby (KIR031)
        Office of the Attorney General
        Alabama State House
        11 South Union
        Montgomery, AL  36130-0152
        Telephone: (334) 242-7300
        Fax: (334) 242-2848
        E-Mail: nancykirbylaw@bellsouth.net

256389/102559-001

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

# INCIDENT REPORT

| 1. Institution: Bibb County Correctional Facility | 2. Date: 6/21/06 | 3. Time: 9:15 a.m. | 4. Incident Number: BIBB 06- 769 | Class Code: C |
|---|---|---|---|---|
| 5. Location Where Incident Occurred: B-Dorm Segregation Unit | | | 6. Type of Incident: Informational Purposes | |
| 7. Time Incident Reported: 11:10 p.m. | | | 8. Who Received Report: DeWayne Estes, Warden II | |

9. Victims:  Name  AIS
   a. ___ No. ___
   b. ___ No. ___
   c. ___ No. ___

10. Suspects: Name   AIS
    a. James Robinson   No. B/121865
    b. ___ No. ___
    c. ___ No. ___
    d. ___ No. ___

11. Witnesses: Name   AIS
    a. ___ No. ___
    b. ___ No. ___
    c. ___ No. ___
    d. ___ No. ___
    e. ___ No. ___

**PHYSICAL EVIDENCE:**

12. Type of Evidence:

13. Description of Evidence:

14. Chain of Evidence:
    a.
    b.
    c.
    d.

15. Narrative Summary:

On 6/21/06, Captain Frederick Freeman was informed by Warden II DeWayne Estes to have inmate James Robinson B/121865, submit in writing his consent to have his mail inspected according to institutional policies. Inmate Robinson was informed that failure to provide written consent would result in all incoming mail received at the facility addressed to him (inmate Robinson) would be stamped refused and returned to sender. Inmate Robinson refused to submit in writing as requested when specifically asked. Captain Freeman informed Warden Estes of the incident.

Frederick Freeman, COS II

Distribution: ORIGINAL AND ONE (1) COPY to Control I & I Division     COPY to Deputy Commissioner of Operations (Class A and B ONLY)
              COPY to Institutional File                                COPY to Central Records Office

ADOC Form 302-A – June 1, 2005

EXHIBIT A

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

## INCIDENT REPORT/DUTY OFFICER REPORT
## CONTINUATION

| Institution: Bibb County Correctional Facility | Incident Number: BIBB 06-769 | Class Code: C |
|---|---|---|
| Date: 7/20/06 | Type of Incident: Informational | |
| Addendum | | Page No. 2 |

On 7/20/06, inmate James Robinson B/121865 voluntarily submitted in writing his consent to have incoming mail addressed to him checked according to institutional policies. Inmate Robinson had previously submitted a letter from the United States Postal Inspection Service detailing his incoming mail not be inspected according to institutional policies resulting in inmate Robinson's incoming mail being refused and returned to the Post Office. Inmate Robinson was advised in advance that he would not receive any incoming mail until he give in writing his consent. Inmate Robinson mail privileges were restored (see attachment).

_____
Frederick Freeman, COS II

ADOC Form 302-B – June 1, 2005

JAMES ROBINSON
AIS # 121865
BIBB COR. FAC.
565 BIBB LANE
BRENT, ALABAMA 35034
JULY 20, 2006

CONSENT FOR INSPECTION AR # 448

united states incoming mail

TO: COMMISSIONER RICHARD ALLEN &
WARDEN PRICE & BIBB'S OFFICALS
IN RE: INCOMING U.S. MAIL

Dear Commissioner; Allen & Bibb's Officals;

The language under AR # 448 which clearly provides how all inmates are to receive incoming U.S. Mail has never been objected to nor have Robinson at any-time refuse to have his incoming mail to be treated different than what's standard by AR # 448.

The signed letter before you is to enforce and continue with the very same policy to which I was under upon return back to ALDOC, and by my signature I am giving this day your full language used in AR # 448 to control my U.S. Mail.

I provide the signature for Commissioner and all to know that my US Mail is under AR # 448.

Respectfully
James Robinson

Sign for Bibb's Offical to fully know that July 20th, 2006 Robinson did acknowledge that Commissioner Allen received the same by U.S. Mail. Under penalty of perjury all is true and correct. 07/20/06

EXHIBIT
B