**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

RECEIVED

2007 AUG 14 A 9: 39

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**JAMES L. ROBINSON # 121865**

    **PETITIONER**

**VS.**                   **CASE NO. 1:06- CV-1061-MHT**

**JAMES DELOACH, et, al;**

    **RESPONDENTS**

_____/

## MOTION TO AMEND PER COURT'S ORDER

    Comes now **JAMES ROBINSON**, from the Court's Order dated August 2, 2007, by the **HONORABLE MAGISTRATE JUDGE WALLACE CAPEL, JR.** and amends for complete specifics. The following :

### DISCRIMINATION-EQUAL PROTECTION- RECONSIDERATION OF SENTENCE

    James Robinson comes from a specific class of person as defined by Alabama very Statute of law. Robinson is placed in the Class of Habitual Felony Offenders. See attached exhibit "A" for clear understanding of legal proof. **EX PARTE STATE OF ALABAMA, 525 SO.2D 820 (ALA. 1985)** Therefore Robinson is under a specific Class- Habitual Offenders.

    Robinson was discriminated against for two reasons; (1) Nature of Offense, and (2) the length of sentence. The Court's order specifically says that Robinson can't be resentence, where it applies to only two Classes Life under Class B, and Life Without under Class A Non-Violent Offenders.

1. Discrimination exist where the very language of 13A-5-9 applied to **ALL**, and has specific mandatory language; **MUST.** 13A-5-9 Statute is for All Habitual Offenders in Alabama.

2. Invidious discrimination exist, treating two classes of Habitual Offenders Non-Violent different by mere sentence number alone. Life and Life Without. Where Class A, B, and C Non-Violent

who don't have life and Life Without are totally discriminated against without any justification at all. It is invidious discrimination, and violates the Equal Protection Clause treating two classes of Habitual Offenders differently from others.

3. Oppressive Discrimination exist against Robinson who comes under a specific class of Habitual Offenders, and the language is mandatory for **EACH PERSON**, as stated within the language of 13A-5-9. 13A-5-9.1 coming from and for those in 13A-5-9 Retroactive Non-Violent Resentencing.

## REASON FOR ROBINSON'S DISCRIMINATION UNDER HFOA

1. Robinson has a 25 Year Sentence Class C Felony Offense. The Court's order states that Robinson is not qualified because it applies to only two Classes Class B Life, and Class A Life Without.

2. Robinson's sentence by very nature of having Class C Felony, Robinson is discriminated due to having a Class C Felony.

3. Robinson is discriminated against also due to length of sentence.

## OPPRESSIVE, INVIDIOUS DISCRIMINATION UNDER RECONSIDERATION

Robinson with a Class C Felony Offenses with 25 Years can't receive resentencing based on the very nature, and length of sentence only. Others who are more violent per se, Drug Sales and under 13A-5-9 receives Life, He/She sentence say June 1986 goes back to Court receives resentencing to 15 Years He/She goes free. Robinson and others must continue with the mandatory sentence. This type of discrimination is oppressive, invidious and violates the 14th Amendment of the United States Constitution. This discrimination serves no legitimate penalogical interest at all within Alabama department Of Corrections, nor for the Citizens of the State Of Alabama. See exhibit "A". where full definitions of how 13A-5-9 applies to Each Person, and the very words are amndatory for all who come under the Statute provisions.

The evil exists, and Robinson is the subject of United States Constitution Violation.

## CORRECTIONAL INCENTIVE GOOD TIME DISCRIMINATION

Robinson comes under a specific Class by sentencing. Alabama's HFOA.

prior to amended of ACT 91-637 Alabama denied all Habitual Offenders CIT Good

Time by ACT 80-446. Exhibit "B" attached ACT 80-446.

Robinson as of October 1991 has been subject to out-right discrimination

by being denied CIT Good Time for a Class C Felony Offense with 25 Years, and

sentenced under the HFOA.

## REASON FOR DISCRIMINATION

1. Robinson is discriminated by length of sentence, the mere sentence number

alone.

2. Invidious Discrimination is the reason by mere sentence number alone. The

actual length of Robinson's sentence being 25 Years rather than 15 Years is the

only reason discrimination exists.

## LEGAL FACTS AND EXHIBITS TO STATE CLAIMS

**Robinson** comes under a specific Class of individuals by Alabama laws.

HFO Inmates who receive a sentence of 15 Years and less Class C and Class B

receive CIT Good Time by mere sentence number alone. Inmates with 3 priors and

whose sentence for possession, which is a Class C for 15 Years He/She can EOS

with CIT Good Time without doing straight time day for day. See exhibit "C" Affidavit

of Burks, with sentence imposed under HFOA, and ADOC Time Sheet awarding

CIT Good Time 75 days for every 30 served.

The purpose of ACT 80-446 was that No Habitual Offender would receive Cit

Good Time. ACT 91-637 defeats the original purpose of former ACT 80-446, where

inmates who are Habitual offenders receive CIT Good Time, but solely by the mere

length of sentence alone, the mere sentence number of 15 and less Class C and Class B. It is clear that the Alabama Legislatures granted **Retroactive** CIT GOOD TIME in October 1991 to Habitual offenders Class C and Class B, the fact that it granted those benefits to some Habitual Offenders Class C and Class B, but not to all inmates similarly situated implicates the **EQUAL PROTECTION CLAUSE.** Robinson's claim can't be denied under no circumstances at all. It is invidious, and oppressive discrimination violating Robinson's United States Constitutional rights under the 14th Amendments.

### LEGAL FACTS

Robinson argures and it can't be denied. Burks and others (see exhibits), all having 3 priors and who can't be no different by 13A-5-9, see exhibit "A". Habitual Offenders are in specific classes with amount of priors, and enhancement is used the number of priors only. The severity of sentence is no factor where all Class C felony are the same amount of time, maximum of only 10 years without 13A-5-9, where ACT 80-446 awarded all Class C felony Offenders CIT Good Time. In **FRAZIER V. MANSON,** 703 F.2D 30 (2D.CIR) The Court held that the chronology of conviction and sentencing alone cannot supply a rational basis for such differential treatment. The very language used within 14-9-41(e) specifies who is ineligible for the seriousness of the crimes. Robinson is not denied based on any seriousness of crime and or conviction, where Robinson's crimes are all Class C felony Offenses. The discrimination exist solely and only based on the mere sentence number alone, the lenght of Robinson's sentence.

Robinson in support attaches Judge Oscar Adams dissent in HILSABECK. *D* EXHIBIT The United States Constitutional Violations Robinson is violated and oppressed.

Wherefore with all stated facts and legal laws in support. Robinson has

stated facts with exhibits, and the issues are ripe for Federal Ruling to be entered.

I pray that after careful review of United States Supreme Laws of this land that

the Honorable Judge will rule based on what is obvious and true.

Respectfully

JAMES ROBINSON
1290 RED EAGLE ROAD
MONTGOMERY, ALA. 36110
AUGUST 13, 2007


## CERTIFICATE OF SERVICE

I do hereby certify and say that I have served the Attorney General Troy

king with a copy of the same. Address as follows:
Attorney Nancy M. Kirby
11 SOUTH UNION STREET
MONTGOMERY, ALA. 36130

Done this 13th Day of August, 2007. Postage paid by the undersign and placed in the

U.S. Mail by the undersign, Prison Officals Mail system.

JAMES ROBINSON
# 121865   A-51A
1290 RED EAGLE ROAD
MONTGOMERY, AL. 36110

LEGAL MAIL

OFFICE OF CLERK
FEDERAL COURTHOUSE
P.O. BOX 711
MONTGOMERY, AL. 36101







---

**Ex parte State of Alabama (Re: Larry O'Neal Thompson v. State of Alabama), Ex parte Larry O'Neal Thompson (Re: Larry O'Neal Thompson v. State of Alabama)**
**Supreme Court of Alabama**
**525 So. 2d 820; 1985 Ala. LEXIS 4138**
**Nos. 84-304, 84-305**
**September 27, 1985**

---

**Editorial Information: Subsequent History**

Reported at: 525 So.2d 820 at 831.

**Editorial Information: Prior History**

Petition for Writ of Certiorari to the Court of Criminal Appeals.

**Disposition**

84-304 AFFIRMED. 84-305 AFFIRMED.

**Counsel**                Charles A. Graddick, Attorney General, and Helen P. Nelson, Asst. Atty. Gen., for Petitioner/Cross-Respondent.

George H. Jones, Birmingham, for Respondent/Cross-Petitioner.

Thomas M. Goggans of Goggans & McInnish, for Amicus Curiae Alabama Criminal Defense Lawyers Association, Montgomery, for Amicus Curiae.

**Judges:** Maddox, Justice. Torbert, C.J., Faulkner, Jones, Almon, Shores, Beatty, Adams, and Houston, * JJ., concur.

**Opinion**

**Opinion by:**            MADDOX

{525 So. 2d 822} Appellant Larry Thompson was found guilty of robbery in the first degree in violation of Code 1975, § 13A-8-41 . He was sentenced under Code 1975, § 13A-5-9 , the **Habitual** Felony **Offender** Act, to life imprisonment. The Court of Criminal Appeals affirmed his conviction conditionally and remanded the case to the trial court for a hearing on his claim of ineffective assistance of counsel at his trial.

Both Thompson and the State ask us to review that judgment. We consolidated both petitions and heard oral arguments. Thompson's primary claim is that he was improperly sentenced under the **Habitual Offender** Act. We address only Thompson's claim that he was improperly sentenced, and the State's claim that the cause should not have been remanded to the trial court.

The facts surrounding the robbery are adequately set out in the opinion of the Court of Criminal Appeals, 525 So. 2d 816, and will not be repeated here.

I

Thompson's petition presents this question: Can convictions of felonies prior to January 1, 1980, the effective date of Alabama's Criminal Code, Title 13A, be considered to enhance the punishment of an **offender**? Thompson claims they cannot be considered. He says (1) that the interpretation given by the courts of the word "felony" in the **Habitual Offender** Act is overbroad and contradicts the meaning of the word "felony" intended by the legislature, and (2) that this Court was without authority to define "felony" as broadly as it did in Temporary Rule 6(b)(3)(iv), because the word "felony" was specifically defined by the legislature in the Alabama Criminal Code.

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

The applicable provisions of Alabama's Criminal Code and the Temporary Rules of Criminal Procedure adopted by this Court to carry out the intent of the legislature read as follows:

Code 1975, § 13A-1-2(4) , defines a "felony":

> "FELONY. An *offense* for which a sentence to a term of imprisonment in excess of one year is *authorized by this title*." (Emphasis added.)

An "offense" is defined in Code 1975, § 13A-1-2(1) , as follows:

"OFFENSE. *Conduct* for which a sentence to a term of imprisonment, or the death penalty, or to a fine is provided by any law of this state or *by any law*, local law or ordinance of a political subdivision of this state." (Emphasis added.)

Code 1975, § 13A-5-9 , which authorizes the imposition of additional penalties, provides as follows:

"In all cases when it is shown that a criminal defendant has been previously convicted of *any felony* and after such conviction has committed another felony, he must be punished as follows: [here are set out the authorized and required sentences]." (Emphasis added.)

Code 1975, § 13A-5-10 , provides:

"The court may conduct a hearing upon the issue of whether a defendant is a repeat or **habitual offender** under section 13A-5-9, *according to procedures established by rule of court*." (Emphasis added.)

This Court, acting pursuant to the authority granted by the provisions of Code 1975, § 13A-5-10 , adopted Temporary Rule 6(b)(3)(iv), Alabama Rules of Criminal Procedure, which provides:

"*Any conviction in any jurisdiction*, including Alabama, shall be considered and determined to be a felony conviction *if the conduct made the basis of that conviction constitutes a felony under Act 607, § 130(4), Acts of Alabama 1977, {525 So. 2d 823} p. 812 (§ 13A-1-2(4), Alabama Criminal Code)*, or would have constituted a *felony* under that section *had the conduct taken place in Alabama on or after January 1, 1980*." (Emphasis added.)

Thompson contends that the phrase "by this title" in § 13A-1-2(4) was intended by the legislature to restrict the **Habitual Offender** Act *only* to those convicted of felonies under Title 13A. He argues that the courts cannot expand the meaning of "felony" beyond the plain language used by the legislature, and that his sentence was unlawfully enhanced, as a result of proof of two prior felony convictions, one for grand larceny and one for buying, receiving, and concealing stolen property, neither being a violation of Title 13A, Alabama Criminal Code.

The basic question presented is one this Court faced when it adopted Temporary Rule 6, and that question is: What did the legislature intend when it authorized the use of prior convictions to enhance the punishment for an offense committed under the provisions of the Alabama Criminal Code?

In determining this intent we are aided somewhat because the legislature itself has spelled out the general rule which courts should use in construing what it meant. In Code 1975, § 13A-1-6 , the legislature set out the general rule of construction to be used. That section provides:

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

"All provisions of this title shall be construed according to the *fair import of their terms to promote justice and to effect the objects of the law*, including the purposes stated in section 13A-1-3. (Acts 1977, No. 607, p. 812, § 115.)" (Emphasis added.)

Code 1975, § 13A-1-3 , referred to in § 13A-1-6, states the general purposes of the Alabama Criminal Code as follows:

"The general purposes of the provisions of this title are:

"(1) To proscribe *conduct* that unjustifiably and inexcusably causes or threatens substantial harm to individual and/or public interests;

"(2) To give fair warning of the nature of the *conduct* proscribed and of the punishment authorized upon conviction;

"(3) To define the act or omission and the accompanying mental state that constitute each offense;

"(4) To differentiate on reasonable grounds between serious and minor offenses and to prescribe proportionate penalties for each;

"(5) To insure the public safety by preventing the commission of offenses through the deterrent influence of the sentences authorized, the rehabilitation of those convicted and their confinement when required in the interests of public protection; and

"(6) To prevent arbitrary or oppressive treatment of persons accused or convicted of offenses. (Acts 1977, No. 607, p. 812, § 105.)" (Emphasis added.)

The Commentary to § 13A-1-6 "General Rule of Construction" contains the reasons for that section's inclusion in the Alabama Criminal Code:

"The rule laid down by this section places the construction of penal laws 'according to the fair import of their terms.' 'We agree to all the generalities about not supplying criminal laws with what they omit, but there is no canon against using common sense in construing laws as saying what they obviously mean.' Justice Holmes, *Roschen v. Ward*, 279 U.S. 337, 339, 73 L. Ed. 722, 49 S. Ct. 336 (1928).

"The original draft expressly abolished the common law rule that penal laws are to be strictly construed, *U.S. v. Wiltberger*, 18 U.S. (Wheat.) 76, 5 L. Ed. 37 (1820), a feature of many modern penal codes, e.g., New York Penal Law § 5.00 , Michigan Revised Criminal Code § 115, Proposed Texas Penal Code § 1.05 . The premise was that under the artificial rule of strict construction courts sometimes have taken the narrowest possible view of the language used by the legislature which occasionally results in the acquittal of **offenders** who are clearly within the letter and spirit of the law. 'A more serious result is that (federal) criminal {525 So. 2d 824} law has been made intolerably cumbersome, as the legislative draftsman has sought to anticipate every possible narrow construction. . . . A strict construction rule had greater merit in former times when the main responsibility for formulating English criminal law lay in the judiciary as a matter of common law. In those circumstances legislation could be regarded as an exceptional intrusion into the main body of judge-made law. There was no systematic code. But when the legislature has assumed responsibility for a comprehensive, integrated Criminal Code, it is not appropriate for the courts to presume that only the least possible alteration of a body of nonstatutory law was intended.' Working Papers, Proposed New Federal Criminal Code, p. 5.

"Actually, the old rule of strict construction is practically meaningless as it is seldom cited and then only to support a conclusion already reached by reference to the fair meaning of the words and phrases used in the statute and a consideration of the legislature's intent. *Franklin v. State*, 275 Ala.

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

92, 152 So. 2d 158 (1963) (condemnation statute is highly penal and is strictly construed; that is, its enforcement is not to be extended beyond the letter of the law).

"In drafting the Proposed New Federal Criminal Code, the commissioners recognized that while modern courts seldom follow the rule of strict construction of criminal laws, an explicit repeal of the rule was unnecessary, and a general statement was used integrating the intended rule of construction of the Code provisions with a statement of general purposes. Comment § 102, General Purposes, p. 103. Cf. Model Penal Code § 1.02 for similar treatment.

"Under this section, not only must the alleged misconduct be covered by 'the fair import' of the Criminal Code provisions, but also, under section 13A-1-3, the statute must be construed so that it gives 'fair warning of the nature of the conduct proscribed and the punishment authorized upon conviction,' which is consistent with the constitutional requirement that punishment is authorized only for conduct which has previously been proscribed with fair warning to persons of ordinary intelligence and understanding. [Rabe] v. Washington, 405 U.S. 313, 31 L. Ed. 2d 258, 92 S. Ct. 993 (1972); Bouie v. [City of] Columbia, 378 U.S. 347, 12 L. Ed. 2d 894, 84 S. Ct. 1697 (1964); United States v. [Harriss], 347 U.S. 612, 98 L. Ed. 989, 74 S. Ct. 808 (1954); Boyce Motor Lines, Inc. v. United States, 342 U.S. 337, 96 L. Ed. 367, 72 S. Ct. 329 (1952); Bolin v. State, 266 Ala. 256, 96 So.2d 582 (1957); Connor v. City of Birmingham, 36 Ala. App. 494, 60 So.2d 474, cert. denied, 257 Ala. 588, 60 So.2d 479 (1952). "

Guided by the above, we now proceed to determine what will "effect the objects of [§ 13A-5-9, the **habitual offender** statute]."

Code 1975, § 13A-5-9 , was obviously enacted to allow more severe penalties to be assessed against persistent violators of the felony laws of the state. James v. State, 405 So. 2d 71 (Ala. Cr. App. 1981). The goal of the **Habitual Offender** Act is to deter repeat **offenders** and, at some point in the life of one who repeatedly commits criminal offenses serious enough to be punished as felonies, to segregate that person from the rest of society for an extended period of time. Lidge v. State, 419 So. 2d 610 (Ala. Cr. App.), cert. denied, 419 So. 2d 616 (Ala. 1982).

Thompson's two prior convictions occurred before the effective date of the **Habitual Offender** Act, but it is undisputed that if those offenses had occurred after the effective date of the **Habitual Offender** Act, his offenses would have constituted felonies under Title 13A, because Thompson was convicted of offenses for which the law authorized a sentence of more than one year.

If the word "conviction of any felony" in § 13A-5-9 does not include convictions of felonies prior to the effective date of the Alabama Criminal Code, then Thompson is right.

{525 So. 2d 825} The crucial question, therefore, is: What did the legislature mean by the use of the words "convicted of any felony" and "felony" in § 13A-5-9? Did it intend to limit the provisions of the **Habitual Offender** Act to only those felonies committed after the effective date of the Alabama Criminal Code, and to only those offenses contained in the Alabama Criminal Code? We think not. While a strict construction of § 13A-1-2(4), which defines "felony," would require such a result, we do not believe that construction would "effect the objects of the law." Code 1975, § 13A-1-6 . It is obvious that this Court, when it adopted Temporary Rule 6, did not construe the provisions of the law to limit the words "convicted of any felony" to only those felonies committed after January 1, 1980, the effective date of Alabama's Criminal Code, and to only those offenses contained in that Code.

It is clear that sentences for all offenses, both within and outside the new criminal code, must be imposed in accordance with the new criminal code. Code 1975, § 13A-5-1 , states:

"Every person convicted of any offense defined in this title, or defined outside this title, shall be sentenced by the court in accordance with this article, unless otherwise specifically provided by law."

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(Emphasis added.)

It is clear from a reading of all the sections of the *new* criminal code that the legislature intended that *all* felons be subject to enhanced punishment under the **Habitual** Felony **Offender** Act. For example, the fact that drug offenses are not classified does not make a drug offense any less a felony or the perpetrator any less a **habitual offender**. In *Motley v. State*, 409 So. 2d 945 (Ala. Cr. App. 1981), the court answered an argument made by a defendant, convicted of attempted murder, that drug **offenders** were not treated as **habitual offenders**, as follows:

"The appellant's only contention is that the Alabama **Habitual** Felony **Offender** Act is unconstitutional because it does not subject drug **offenders** to the enhanced punishment all other **offenders** receive for repeated felonies. Appellant claims that this difference in treatment denies him equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution.

"In our judgment, however, no equal protection question is presented because we hold that the legislature did not intend to exclude drug-related offenses from the operation of the **Habitual** Felony **Offender** Act. Section 13A-5-9, supra, directs that 'a criminal defendant [who] has been previously convicted of *any* felony' be punished according to its terms. Under § 20-2-70, Code of Alabama 1975 , all narcotic offenses not specifically excluded are felonies. Section 20-2-70 provides:

"'Any person who possesses, sells, furnishes, gives away, obtains or attempts to obtain by fraud, deceit, misrepresentation or subterfuge or by the forgery or alteration of a prescription or written order or by the concealment of material fact or by use of false name or giving a false address controlled substances enumerated in schedules I, II, III, IV and V is guilty of a felony. . . .'

"Thus, the legislature intended that *all* felons, whether drug **offenders** or otherwise, be subject to enhanced punishment under the Alabama **Habitual** Felony **Offender** Act when prior convictions have been shown. It is also clear that the legislature intended to provide for the classification of offenses defined outside Title 13A. Section 13A-5-4, Code of Alabama 1975 , states:

"'Any offense defined outside this title which is declared by law to be a felony without specification of its classification or punishment is punishable as a Class C felony.' [Emphasis added.]

"Therefore, for enhancement purposes under Alabama's **Habitual** Felony **Offender** Act, as the law pertains today, narcotic offenses are to be considered Class C felonies.

"The fact that there is a lack of complete classification of drug offenses does {525 So. 2d 826} not make a narcotics violation any less a *felony* or the perpetrator any less an **habitual offender**. The drug **offender**, therefore, is no less subject to the recidivist penalties than any other repeat felon. To hold otherwise would undercut the very purpose of the Alabama **Habitual** Felony **Offender** Act." (Emphasis in original opinion.)

By adopting Temporary Rule 6, this Court placed emphasis on the "*conduct*" made the basis of the prior conviction, rather than where it occurred, or when it occurred. This Court, therefore, made the triggering mechanism not whether another jurisdiction might have punished the prior offense by imprisonment for more than one year, but whether Alabama considered the prior "conduct" so blameworthy as to merit more than one year's imprisonment. The wording of the rule, therefore, has the following effect: (1) A conviction for an "offense" committed in Alabama prior to January 1, 1980, or after January 1, 1980, for that matter, punishable by a sentence of *more* than one year, is a "felony

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

conviction"; thus, the fact that a defendant was convicted in Alabama and received a sentence of more than a year would necessarily mean that the prior conviction is a "prior felony"; (2) A conviction in any other jurisdiction, at any time, for a criminal act punishable in the other jurisdiction by a sentence exceeding one year, however, is *not* a "felony conviction" *unless* the act "would have been" punishable under our own criminal laws on or after January 1, 1980, by a sentence *exceeding one year*. We need not decide whether a conviction in any other jurisdiction, at any time, for an offense punishable in that other jurisdiction by a sentence *not* exceeding one year is, nevertheless, a "prior felony" if it "would have been" punishable by a sentence in excess of one year "had the conduct taken place in Alabama on or after January 1, 1980." Consequently, the rule does not say, and was not intended to say, that "a felony is a felony is a felony is anything punishable anywhere, anytime, by a sentence exceeding one year." By limiting the application of the **Habitual Offender** Act to the cases where the prior felony conviction involved conduct which would constitute a felony under Alabama's criminal laws, this Court has construed the **Habitual Offender** Act to guarantee equal treatment to all **habitual offenders** when the prior convictions are from jurisdictions outside Alabama, because the prior felony conviction is measured by the offender's *conduct* which gave rise to the conviction and whether such conduct constituted an offense punishable under the laws of this state by a sentence to a term in excess of one year.

We recognize, of course, that certain problems can occur under certain fact situations which make it difficult to determine whether a prior felony conviction can be used. In fact, the Court of Criminal Appeals has already been called upon to address one of these problems.

In *Lidge v. State*, 419 So. 2d 610 (Ala. Crim. App.), *cert. denied*, 419 So. 2d 616 (Ala. 1982), the defendant's prior felony was here in the state of Alabama, in 1973; Lidge's conviction was for "grand larceny" under the *old* code. The old code defined "grand larceny" as (generally, but subject to many exceptions) the theft of property worth $25 or more, and punished it as a "felony." Tit. 14, § 331, Code 1940. The new code generally requires a theft of property worth $100 or more. Code 1975, § 13A-8-4(a) . Upon his later conviction for robbery, under the *new* code, Lidge argued that his sentence as a **habitual offender** was improper. The Court of Criminal Appeals wrote: "This record does not state the value of the property stolen [in the prior offense]. The defendant argues that since no value is shown, it cannot be determined whether the crime would amount to a felony under the new Criminal Code." 419 So. 2d at 614.

The Court of Criminal Appeals cited Rule 6(b)(3)(iv), but nevertheless concluded that § 13A-1-2(4), Code 1975 , required the first offense to be treated as a prior "felony." That court wrote:

"The three year sentence of imprisonment in the penitentiary

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*ʳ*B*ʳ*

690

Section 2. All laws or parts of laws inconsistent herewith are hereby repealed to the extent of such inconsistency.

Section 3. This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.

Approved May 19, 1980

Time: 5:00 P.M.

---

Act No. 80-445                                    S. 103—Pearson

## AN ACT

To provide that legislative appropriations to the University of Alabama in Birmingham and the University of South Alabama are for the unrestricted support of the activities of the University and therefore insurance companies are prohibited from applying or taking into account in any manner any portion of those appropriations in determining reimbursement for patient care activities.

*Be It Enacted by the Legislature of Alabama:*

Section 1. Any appropriations made by the Legislature of Alabama to the University of Alabama in Birmingham and to the University of South Alabama shall be for the unrestricted support of the activities of the said University and therefore insurance companies, whether operated for profit or not for profit, licensed under the laws of the State of Alabama, whether acting on their own behalf or for others, are prohibited from applying or taking into account in any manner whatsoever, any portion of those appropriations in determining reimbursement for patient care activities.

Section 2. This Act shall become effective immediately upon its passage and approval by the Governor or upon its otherwise becoming a law.

Approved May 19, 1980

Time: 5:00 P.M.

---

Act No. 80-446                                    S. 107—Cook

## AN ACT

To establish the "Alabama Correctional Incentive Time Act"; to provide for earned deductions from penitentiary and hard labor sentences and to establish certain criteria therefor; to create classifications for measurement of such

"B"

691

deductions and eligibility therefor; to require minimum sentences prior to parole eligibility; to authorize the commissioner of the department of corrections to restore certain portions of such deductions lost; to authorize the commissioner to issue, promulgate and implement such rules and regulations necessary to implement the provisions of this act; to specifically repeal Sections 14-9-1, 14-9-2, 14-9-4, 14-9-20, 14-9-21, 14-9-22, 14-9-23, 14-9-24 and 14-9-25 of the Code of Alabama 1975, and all laws or parts of laws conflicting with this act; to make certain exemptions from the provisions of this act for those persons presently serving as inmates in the penitentiary or at hard labor and for those who are convicted for crimes committed prior to the effective date of this act, so as to provide that such prisoners shall earn deductions from sentences as presently provided by law; and to provide habitual offenders shall not be eligible for any deductions from sentences.

---

consistent herewith are
nsistency.

tive immediately upon
, or upon its otherwise

*Be It Enacted by the Legislature of Alabama:*

**Section 1.** This act shall be known as the "Alabama Correctional Incentive Time Act."

S. 103—Pearson

**Section 2.** Each prisoner who shall hereafter be convicted of any offense against the laws of the State of Alabama and is confined, in execution of the judgment or sentence upon any conviction, in the penitentiary or at hard labor for the county or in any municipal jail for a definite or indeterminate term, other than for life, whose record of conduct shows that he has faithfully observed the rules for a period of time to be specified by this act may be entitled to earn a deduction from the term of his sentence as follows:

University of Alabama in
for the unrestricted support
e companies are prohibited
ner any portion of those
ent care activities.

(1) Seventy-five days for each thirty days actually served while the prisoner is classified as a Class I prisoner.

(2) Forty days for each thirty days actually served while the prisoner is a Class II prisoner.

by the Legislature of
rmingham and to the
unrestricted support
therefore insurance
t for profit, licensed
ether acting on their
n applying or taking
ny portion of those
ent for patient care

(3) Twenty days for each thirty days actually served while the prisoner is a Class III prisoner.

(4) No good time shall accrue during the period the prisoner is classified as a Class IV prisoner.

e immediately upon
upon its otherwise

Within 90 days after the effective date of this act the commissioner of the department of corrections shall establish and publish in appropriate directives certain criteria not in conflict with this act for Class I, II, III, and IV prisoner classifications. Such classifications shall encompass consideration of the prisoner's behavior, discipline, work practices and job responsibilities.

S. 107—Cook

me Act"; to provide for
tences and to establish
measurement of such

Class I is set aside for those prisoners who are considered to be trustworthy in every respect and who, by virtue of their work habits, conduct and attitude of cooperation have proven their trustworthiness. An example of a Class I inmate would be one who

"C"

**STATE OF ALABAMA )**
**MONTGOMERY COUNTY )**

## AFFIDAVIT OF ZACCHEUS  BURKS

     **Appearth ZACCHEUS BURKS**, who first being sworn under oath, and raises his right hand for truth and honesty of the statements made, and says the following under full sworn oath. Burks exhibits have been duly noted, and being sworn they are true and correct documents. Says the following :

     I am Zaccheus Burks being over the age of Twenty-One, and in sound mind. I have knowledge of the facts which exist under Alabama Law with the Habitual Felony Offender, where I am among the same Class.

     Burks was convicted in Jefferson Circuit Court for Possession of Marijuana a Class C Felony. The maximum amount of time for a Class C Felony without the HFOA is only 10 Years. Burks having (3) Three priors was sentenced under the mandatory provisions and received (15) Years. See exhibit "A". Upon entry to ADOC Burks was given CIT Good Time for the 15 Years and placed in Class I 75 Days for each 30 served. Burks is a Habitual Offender under Code Of Alabama 1975 Sec. 13A-5-9 Class C enhancement. See exhibit "B".

     Further at this time I say no more.

                                            x _Zaccheus Burks_
                                         Zaccheus Burks

SWORN AND SUBSCRIBED TO BEFORE ME
THIS 13th DAY OF August , 2007

_Dinnie E. Brown_
NOTRY
MY COMMISSION EXPIRES Sept. 10, 2008

*A*

| | State of Alabama<br>Unified Judicial System<br>~. C-7 Rev. 2/79 . | **CASE ACTION SUMMARY**<br>CONTINUATION | Case Number<br>*CC* *02* *539*<br>ID    YR    Number |
|---|---|---|---|

Style: *ZACCHEUS BURKS*

Page Number ___ of ___ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| *T. REPORTER*<br>*MELANIE POLLARD* | The defendant being called before the Court accompanied by his counsel, and the defendant, his counsel and the Court having then and there executed "Court's Exhibit 1" which said exhibit is hereby incorporated herein and made a part hereof as it fully set forth at length herein and the defendant stating to the Court that he has read said exhibit or has had said exhibit read to him by his counsel and that his counsel has fully explained to him the contents of said exhibit and that he fully understands same and has no questions about same, the Court finds that the defendant is represented by competent counsel and that defendant has a full understanding of his plea of guilt with a full understanding of the nature of the charge and the consequences of his plea<br>*Gloria Bahakel* , Judge<br><br>**The defendant has *3* prior felony convictions, defendant adjudicated an habitual offender.**<br>Judge: *Gloria Bahakel* |
| | Defendant withdraws his plea of not guilty heretofore entered in this cause, waive a jury trial and pleads guilty to *UNLAWFUL POSSESSION OF MARIJUANA IN THE FIRST DEGREE* value of stolen property fixed at $ ___ and punishment fixed at *15* years, imprisonment in the penitentiary, recommendation,<br>Dep. District Attorney *MISTY REYNOLDS*<br>*Gloria Bahakel* , Judge<br><br>In violation of Section *13A-12-213* of the Ala. Criminal Code. |
| | The defendant being called before the Court for sentence and asked whether he has anything to say as to why sentence should not be pronounced against him says<br>*"NO MA'AM"*<br>It is the judgment and sentence of the Court that the defendant be imprisoned in the penitentiary for a term of *15 YEARS* , and it is hereby ordered that the defendant credited with all of his actual time spent incarcerated in the Jefferson County Jail pending trial of this cause unless he was serving time for another offense.<br>*Gloria Bahakel* , Judge |
| | Defendant to pay a fine of $ *100.00* . payable to the Circuit Clerk for and on behalf of Ala. Crime Victims Compensation Commission.<br>*Gloria Bahakel* , Judge |
| *-20-02* | $100.00 fine assessed pursuant to § 36-18-7, Code of Alabama, 1975. *(ost V)* *Gloria Bahakel* J. |

ALABAMA DEPARTMENT OF CORRECTIONS    INST:   010
INMATE SUMMARY AS OF 04/20/2007      CODE: CRSUM

CBR716-3

B  A01076A

*************************************************************************

AIS: 00169313A    INMATE: BURKS, ZACCHEUS TYRONE         RACE: B  SEX: M

INST: 010 - RED EAGLE HONOR FARM           DORM:  00   JAIL CR: 003Y 00M 19D

DOB: 12/19/1968   SSN: 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

ALIAS: BURKS, TYRONE Z                    ALIAS: BURKS, ZACCHEUS T

ADM DT: 10/11/2002 DEAD TIME: 00DY 00M 00D

ADM TYP: NEW COMMITMENT - SPLIT SENTENC    STAT: SPLIT SENTENCE - REVOKED

CURRENT CUST: MIN-2   CURRENT CUST DT: 03/08/2007   PAROLE REVIEW DATE: - NONE -

SECURITY LEVEL: (2) TWO

SERVING UNDER ACT446 LAW IN CLASS I          CURRENT CLASS DATE:   01/19/2007
INMATE IS EARNING : EARNS 75 DAYS FOR EACH 30 SERVED

COUNTY       SENT DT  CASE NO  CRIME                    JL-CR      TERM
JEFFERSON   01/19/07 N02000539 POSS MARIJUANA I        1114D 015Y 00M 00D CS
            ATTORNEY FEES : $000000   HABITUAL OFFENDER : Y
            COURT COSTS   : $0000032  FINES : $0000000   RESTITUTION : $0001608

  TOTAL TERM      MIN REL DT      GOOD TIME BAL      GOOD TIME REV      LONG DATE
  015Y 00M 00D    06/18/2010      000Y 07M 18D       000Y 00M 00D      12/29/2018

INMATE LITERAL:
*************************************************************************

DETAINER WARRANTS SUMMARY
     INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS
*************************************************************************

ESCAPEE-PAROLE SUMMARY

     INMATE CURRENTLY HAS NO PAROLE RECORDS

     INMATE HAS NO ESCAPES FROM ADOC SINCE OBSCIS RECORDING B
*************************************************************************

DISCIPLINARY/CITATION SUMMARY

  >> DISCIPLINE: 03/17/2005  TIME LOST: 00Y00M00D   CUST FROM COM5 TO COM5
     DISCIPLINE TYPE: MAJOR                AT INST: 018    RULE NUMBER: 78
     RETAINED DAYS: 0000   SEG #: 02   RULE LIT: FAIL TO COMPLY AGRMNT & COND. OF

  >> DISCIPLINE: 05/19/2004  TIME LOST: 00Y00M00D   CUST FROM COM5 TO COM5
     DISCIPLINE TYPE: MAJOR                AT INST: 018    RULE NUMBER: 57
     RETAINED DAYS: 0000   SEG #: 01   RULE LIT: INSUBORDINATION



**Dissent by:**          ADAMS

ADAMS, JUSTICE (dissenting).

I respectfully dissent. I disagree with the majority's holding that Article IV, § 45, of the Alabama Constitution has not been violated in this case. As the majority correctly points out, § 45 was enacted in order to protect against the legislature's being misled by a title of a bill which does not clearly express its subject. After reading the entire title of the bill involved in this case, and not just the first three clauses, which are the focus of the majority opinion, one could reasonably believe that *all* inmates would be classified so as to receive some degree of earned deductions {477 So. 2d 477} from sentence *except habitual offenders*, who are the only group of inmates specifically referred to in the title as not being eligible for earned deductions. Thus, a legislator could have read only the title of the bill and believe he was voting for a bill which allowed correctional incentive time for all inmates except habitual offenders, when in effect he was voting for a bill which *denied* the majority of inmates the benefits of correctional incentive time. Evidence in this case indicates that a majority of Alabama's inmates have sentences of 10 years or more. This is the very danger that § 45 was enacted to guard against. As this Court stated in *Alabama Ed. Ass'n v. Board of Trustees of the University of Alabama*, 374 So. 2d 258 (Ala. 1979):

To require reading the entire bill so as to discover its pertinent provisions would clearly fly in the teeth of the requirements of § 45.

Id. at 262. Without reading the text of the bill and only reading the title, one would never know that the bill effectively allows correctional incentive time to only a minority of inmates now serving time in prison.

I must also dissent from the majority's holding that Article IV, § 61, of the Alabama Constitution was not violated. The purpose of the Act, stated succinctly, is to establish a system whereby inmates receive earned deductions from sentences. The original bill in the Senate would have achieved that result, as those inmates with sentences of ten or more years could have earned incentive time in both Class II and Class III, and would have been ineligible only from attaining Class I status. The Act as passed with amendment, however, rather than providing each inmate with the opportunity to earn incentive time, denied those inmates with sentences of ten or more years the opportunity to earn *any* deductions from their sentences. It is clear to me from a reading of the entire title that the purpose of the Act was to establish a system for the measurement and award of correctional incentive time, and to exclude only habitual offenders from earning such incentive time. I fail to see how a bill can be amended to so drastically alter its effect on a majority of this State's inmates, without there being a change in its original purpose.

Faulkner and Jones, JJ., concur.

---

**Julia Cook Donahoo, as executrix of the estate of Thurman M**

---

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

**JAMES L. ROBINSON**
**PETITIONER**

**VS.**                                    **CASE NO. CV-1061-MHT**

**JAMES DELOACH, et, al;**
**RESPONDENTS**

_____/

**STATE OF ALABAMA)**
**MONTGOMERY COUNTY)**

### SWORN AFFIDAVIT OF JAMES ROBINSON

Comes now James Robinson, who first being sworn under oath for truth, and honesty, and swears that all is true and correct to the best of his knowledge, says the following :

I am James Robinson being over the age of Twenty-One, and in sound mind. I have full knowledge of Alabama Law under the Habitual Offender, and the facts surrounding the pending claim in this Court.

The Honorable Judge seeks to know how State Court discriminated against Robinson, and more specifically how it applies. Robinson says:

1. The length of sentence. Robinson's mere sentence number alone.

(a). The discrimination is done intentionally and purposefully, to a complete

class. Robinson is in a identified group, a class of Habitual Offenders, by a full Statute; 13A-5-9 defining Habitual Offenders and futher defines just how *Each Person*, all [M]ust be sentence according to the mandatory provisions of the Statute.

2. Robinson shows by exhibits #'s 1-4 Freddie Lee Thompson. Robinson assisted Thompson in filing a Reconsideration of Sentence under 13A-5-9.1. The Court granted Thompson's Motion. Thompson who was serving Life for a Class B Felony Unlawful Distribution had served a little over 12 years, the Judge ordered Thompson to be released.

3. Robinson shows by exhibit # 5. Joe Nathan Duncan. Robinson assisted Duncan in filing Reconsideration under 13A-5-9.1 CC-92-532 Unlawful Distribution, who was serving Life. Duncan was resentenced to 20 Years for his Class B.

4. Robinson shows intent, and purposeful discrimination. 13A-5-9 which is the mandatory Statute. The Statute provides equal laws to all in the Class, all who are Non-Violent must receive the same which was made mandatory for all in the Class of Habitual offenders. The evils exist where those with more serious crimes they receive resentencing, where Robinson who has property crimes, and less violent, Robinson is singled out for oppressive acts, and fully discrim-inated against because of the length of his sentence, and the nature of the offense by Class.

(a) Respondents use of evil, and purposeful discrimination exist to keep Alabama Prisons massly over-crowded. Respondents acts violates Robinson's 14th Amendment, United States Constitution Rights, where Robinson by exercising

his Constitutional right to address the Court is discriminated against for no justifiable cause with no penalogical interest being shown for the discrimination. Thompson who comes from the Class of Habitual Offenders served 12 years on Life for selling drugs, but by 13A-5-9.1, Thompson was released free from prison. Robinson who has served over Twenty Years under the Habitual Offender, the very same Statue as Thompson, Robinson has intentionally been forced to serve day for day, without benefits of re-sentencing.

(b). Robinson and all others who come under the specific Class of Habitual Offenders, we make up the majority in Alabama Prisons for the clear over-crowded conditions, which violates the United States Constitution. Robinson is being housed in violation of the Constitution of the United States, by acts done purposefully.

5. Robinson for specifics attach exhibit # 5. <u>JONES V. WHITE</u>, 992 F.2d 1548. For a clear understanding of how the mandatory application, and Alabama full Class applies, and this Court's actual knowledge, and judicial records of serious U. S. Constitutional violations which have been ongoing, but not specifically made clear. The issues can't continue to be overlooked, nor purposeful discrimination being applied and Federal Court's very orders to correct the U.S. Constitution violations in Alabama Prisons. <u>NEWMAN V. GRADDICK</u>,.

6. Robinson is discriminated against under 13A-5-9.1 due to the <u>Nature Of The Offense</u>, and <u>The Length Of Sentence</u>. Robinson being a Class C Habitual Offender, and sentenced mandatorily by the Statute, remove 13A-5-9, and the

maximum Robinson could receive for the Class C felony is only 10 Years,
and Robinson will go free. 13A-5-9.1 [M]ust be equal to all Non-Violent for
resentencing, where all Habitual Offenders comes from 13A-5-9.

### CIT GOOD TIME

1. Discrimination exist by the; Nature of the Offense, and for; The Length of
Sentence. Robinson is discriminated by a mere sentence number alone.

2. Robinson provides exhibits #'s 6, 7, and 8. These are only just a few of
the mass numbers of Habitual offenders who have the same Class C felony
offenses and they all receive CIT Good Time.

3. Intentional and Purposeful discrimination exist. Alabama by ACT 80-446
stated no Habitual Offender would earn a deduction. When Alabama amended
ACT 91-637, 14-9-41(e) and awarded CIT Good Time to some Habitual Offenders,
but not to all it created an Equal Protection Clause violation. Robinson shows
there is no difference in Class C felony under the Habitual Offender to create
a mere number of 15 Years and intentionally discriminate against Robinson,
and others for cruelty, and oppressive discrimination.

4. Robinson provides there is a full plan to discriminate, and violate the U.S.
Constitution, which is to keep Alabama Prisons massly over-crowded. To award
Robinson and others Class C and Class B CIT Good Time relieves over-crowded
Prisons altogether, and brings Alabama Prisons into compliance as agreed to
before this Court.

Wherefore with all stated facts and exhibits Robinson has claims which do
deserve full relief in Federal Court.

Robinson prays the Honorable Judge will set this matter for a full

hearing and appoint Counsel for Robinson based on the full merits of

this case and Respondents very exhibits to which they have which in

fact proves the seriousness of the U.S. Constitution Violations.

There is no more to be said at this time.

JAMES L. ROBINSON

SWORN AND SUBSCRIBED TO BEFORE ME THIS

12th DAY OF August , 2007

NOTARY

MY COMMISSION EXPIRES Sept. 10, 2008

1-21-92- Motion for Consolidation of Offenses.

1-22-92- Order setting hearing for Feb. 14, 1992 at 8:30 A.M.
(1-22-92 R-JB, S D.R.) (See order in file)    # 1

2-18-92- Consolidation Order. (2-18-92-R-JB & SA.)

3/12/92 Cont. announce. Wesp; judge

5/12, 19 92

'n this day appeared the Defendant with his attorney and,
in the consent and approval of his attorney, withdrew his
of not guilty and entered a plea of guilty to UDCS
as charged in the
.ntment. Before a .......g Defendant's plea of guilty, the
.rt advised the C....... t of all of his constitutional rights
..n the cont.......g be...... done by the court reporter.
he Court then permitted Defendant to withdraw his plea
f not guilty and enter a plea of guilty to UDCS
. The Court inquired of Defendant if he had any-
thing to say why judgement and sentence should not now be
pronounced upon him and Defendant said nothing. It is
therefore ordered and adjudged by the Court that the Defend-
.nt is guilty of UDCS
.s charged in the ................ and .......... .......................
hereby formally sentenced .. the C......... ..... of the St... of
Alabama for a term of LIFE + 5 yrs. (13A-12-250)
an which he is hereby given credit for . .... spent incar-
cerated pending trial. Defendant is also ordered to pay
restitution to Hous Co S.O. in the amount o
$ 20 . a Fine of $250 and a victim
compensation assessment of 50 . as well as all
Court Costs.

Michael Wesp
JUDGE

, 19

M.C.

In accordance with the verdict of the Jury, Defendant is
hereby adjudged guilty of
as charged in the indictment. Defendant being asked if he
had anything to say why the sentence of law should not be
pronounced upon him, the Defendant says nothing but pre-
sentence report is requested by ORDERED EX MERO MOTU
Hearing set for 6/5 , 19 92 , at 9 A . M.

Michael Wesp
JUDGE

5.19.92 Mailed green form.

Minute Book 14

1/13/04 Motion to Amend Sentence

1/1/.... Motion granted. Deft. is to be released.

A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T E R

CASE ACTION SUMMARY
CIRCUIT CRIMINAL                           CASE: CC 91 000573 01

---

IN THE CIRCUIT COURT OF HOUSTON COUNTY                    JUDGE: MAC

---

ATE OF ALABAMA                VS      THOMPSON FREDDIE LEE
                                      %HOUSTON COUNTY JAIL
CASE: CC 91 000573 01                 DOTHAN ALA

---

CHARGE: UNL DIS CON SU TYPE: F        DATE WAR/CAP ISSUED: __/__/__

LITERAL: UNLAW DISTRIB CONTROL SUBS   DATE ARRESTED:            05/28/91

DEFENDANT STATUS: JAIL                DATE HEARING:         __/__/__

DEFENSE ATTORNEY: BLUMENFELD, JACK A  DATE RELEASED:        __/__/__

PROSECUTOR:      VALESKA, DOUGLAS A   DATE ARRAIGNED:  15-92  07/17/91

OFFICER:         JW    COUNSEL: A     DATE TRIAL: 09/09/91 TIME:

DATE OF BIRTH:   07/24/45             BOND/TYPE SURETIES:

RACE: B               SEX: M         BOND AMOUNT:          $010000.00

ALIAS NAME:      _____            DATE INDICTED:        05/20/91

AGENCY:          CHSO                 DATE FILED:           06/01/91

DC CASE NUMBER:    00 000000 00       WORTHLESS CHECK NO:  _____

GRAND JURY NUMBER: 00006              COURT REPORTER:      _____

ADDITIONAL INFORMATION AND REMARKS:   SID NO:

---

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| 7-17-91 | **WAIVER OF ARRAIGNMENT** |
| | 7-17 19 91 |
| | The State is ordered to produce within 14 days at the District Attorney's office for defendant's inspection and copying all books, documents, tangible objects, reports of examinations and tests or other items required under Alabama Rules of Criminal Procedure and any other exculpatory matter. |
| | *Edward Jackson, Judge* |
| | JUDGE |
| | (7-17-91 N-Q.B. Att.a) |
| 7-23-91 | Motion to Reduce Bond. |
| 7/25/9/ | Bond remains the same at $10.00 Notify Corp. Atty. |
| | (7-25-91 N-Q.B. & A.V.) |
| 7/26/9/ | Bond reduction denied. Corp. Atty. |
| 1-2-92 | Motion for Consolidation of Offenses. |
| 1-7-92 | Order denying motion to consolidate. |
| | (1-7-92 N-Q.B. & A.V.) |
| 1-7-92 | Notice to Deft. of Request for Additional Penalty & Notice to Deft. of Previous Convictions. |

1-22-92- Order sett ) Hearing for Feb. 19, 1992 at 8:30 A.M.
(1-22-92 N-J.B. & D.r.) (See order in file)

2-18-92- Consolidation Order. (2-18-92-N-JB & DR) # 2
3/11/92 Cnt. unreached. Crisp, Judge

_____ 5/11 , 19 92

On this day appeared the Defendant with his attorney and, with the consent and approval of his attorney, withdrew his plea of not guilty and entered a plea of guilty to UDCS _____ as charged in the indictment. Before accepting Defendant's plea of guilty, the Court advised the Defendant as to his constitutional rights with the colloquy being recorded by the court reporter. The Court then permitted the Defendant to withdraw his plea of not guilty and enter a plea of guilty to UDCS _____ . The Court inquired of Defendant if he had anything to say why judgement and sentence should not now be pronounced upon him and Defendant said nothing. It is therefore ordered and adjudged by the Court that the Defendant is guilty of UDCS _____ as charged in the indictment and said Defendant is hereby formally sentenced to the custody of the State of Alabama for a term of LIFE + 5 YRS (13A-12-250) Conc. w/CC 91-573 on which he is hereby given credit for all times spent incarcerated pending trial. Defendant is also ordered to pay restitution to Hous Co SO _____ in the amount of $20 . a fine of $250 and a victim compensation assessment of 50 , as well as all Court Costs.

_____ Michael Crisp
JUDGE

_____ , 19 _____

In accordance with the verdict of the Jury, Defendant is hereby adjudged guilty of _____ as charged in the indictment. Defendant being asked if he had anything to say why the sentence of law should not be pronounced upon him, the Defendant says nothing but pre-sentence report is requested by ORDERED EX MERO MOTU Hearing set for 6/5 , 19 92 at 9 A . M.

M.C.

_____ JUDGE

Minute Book 14

3-28-05 Motion for Release order to be ammended (Deft.)

4-8-05 Motion is granted, clerk to send record
per Motion _____

4-8-05 N/Doc Deft

CASE ACTION SUMMARY
CIRCUIT CRIMINAL                                    CASE: CC 91 000574 01

| IN THE CIRCUIT COURT OF HOUSTON COUNTY | JUDGE: MAC |

STATE OF ALABAMA                    VS        THOMPSON FREDDIE LEE
SE: CC 91 000574 01                           %HOUSTON COUNTY JAIL
                                              DOTHAN ALA

CHARGE: UNL DIS CON SU   TYPE: F        DATE WAR/CAP ISSUED:    __/__/__
LITERAL: UNLAW DISTRIB CONTROL SUBS     DATE ARRESTED:          05/28/91
DEFENDANT STATUS: JAIL                  DATE HEARING:           __/__/__
DEFENSE ATTORNEY: *Jack Blumenfeld (R)* DATE RELEASED:          __/__/__
PROSECUTOR: VALESKA, DOUGLAS A          DATE ARRAIGNED:         07/17/91
OFFICER:      JW     COUNSEL: S (A)     DATE TRIAL: 09/09/91  TIME:
DATE OF BIRTH:   07/24/45               BOND/TYPE SURETIES:
RACE:  B              SEX:  M           BOND AMOUNT:            $010000.00
ALIAS NAME:  _____                 DATE INDICTED:          05/20/91
AGENCY:      CHSO                       DATE FILED:             06/01/91
DC CASE NUMBER:   00 000000 00          WORTHLESS CHECK NO:
GRAND JURY NUMBER:   00010              COURT REPORTER:
ADDITIONAL INFORMATION AND REMARKS:     SID NO:

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| 7-12-91 | WAIVER OF ARRAIGNMENT |
|  | __7-12__ 19 91 |
|  | The State is ordered to produce within 14 days at the District Attorney's office for Defendant's inspection and copying all statements, documents, tangible objects, reports of examinations and tests or other items required under Alabama Rules of Criminal Procedure and any other exculpatory matter. |
|  | Edward Jackson, Judge |
|  | (7-17-91-N-JB SDA) |
| 7-23-91 | Motion To Reduce Bond. |
| 7-25-91 | Bond hearing set 7/16/91 at 9:00 A.M. notif. cnsp; Judge. |
|  | (7-25-91 N-D.A.+ J.B.) |
| 7-26-91 | Bond reduction denied, cnsp; Judge |
| 1-2-92 | Motion For Consolidation Of Offenses. |
| 1-7-92 | Order denying motion to consolidate. |
|  | (1-2-92 N-J.B. & D.V.) |
| 1-1-92 | Notice To Deft. Of Request For Additional Penalty & Notice To Deft. Of Previous Convictions). |
| 1/16/92 | Cont'd unreached. cnsp; Judge |

1-21-92- Motion for Installation of Appeal

1-22-92- Order setting Hearing for Feb. 14, 1992 at 8:30 A.M.
(1-22-92 N-J.B. & D.P.) (See order in file)

2-18-92- Consolidation Order. (2-18-92-N-JB & DA.) #3

3/12/92 Cont. unreached. cong. judge.

---

_____ 5/12_____ 19 92

On this day appeared the Defendant with his attorney and,
with the consent and approval of his attorney, withdrew his
plea of not guilty and entered a plea of guilty to UDCS
_____ as charged in the
indictment. Before accepting Defendant's plea of guilty, the
Court advised the Defendant of all of his constitutional rights
with the colloquy being taken down by the court reporter.
The Court then permitted the Defendant to withdraw his plea
of not guilty and enter a plea of guilty to UDCS
_____. The Court inquired of Defendant if he had any-
thing to say why judgement and sentence should not now be
pronounced upon him and Defendant said nothing. it is
therefore ordered and adjudged by the Court that the Defend-
ant is guilty of UDCS _____
as charged in the indictment and as punishment Defendant is
hereby formally sentenced to the penitentiary of the State of
Alabama for a term of LIFE + 5 YRS (13A 72-250) conc. w/CC91-573
on which he is hereby given credit for 0 days spent incar-
cerated pending trial. Defendant is also ordered to pay
restitution to Hous Co. _____ in the amount of
$50 _____, a Fine of 250 _____ and a victim
compensation assessment of 50 _____. as well as all
Court Costs.

_____Michael____ JUDGE

_____ 5/12_____ 19 92

In accordance with the verdict of the Jury, Defendant is
hereby adjudged guilty of
as charged in the indictment. Defendant being asked if he
had anything to say why the sentence of law should not be
pronounced upon him, the Defendant says nothing but pre-
sentence report is requested. ORDERED EX MERO MOTU
hearing set for 6/5 19 92, at 8 A. M.

Mr. C

_____JUDGE

Minute Book 74

3-28-05 Motion for Release order to be amended (Deft.)
p. 8-05 Motion is granted, clerk entered amend record
per Motion - ///th Jdg.

4-8-05 N: Mr, Deft

CASE ACTION SUMMARY
CIRCUIT CRIMINAL

CASE: CC 91 000575 01

JUDGE: MAC

IN THE CIRCUIT COURT OF HOUSTON COUNTY

STATE OF ALABAMA  VS  THOMPSON FREDDIE LEE
%HOUSTON COUNTY JAIL
DOTHAN ALA

CASE: CC 91 000575 01

| | |
|---|---|
| CHARGE: UNL DIS CON SU  TYPE: F | DATE WAR/CAP ISSUED: __/__/__ |
| LITERAL: UNLAW DISTRIB CONTROL SUBS | DATE ARRESTED: 05/28/91 |
| DEFENDANT STATUS: JAIL | DATE HEARING: __/__/__ |
| DEFENSE ATTORNEY: Jack Blumenfeld (A) | DATE RELEASED: __/__/__ |
| PROSECUTOR: VALESKA, DOUGLAS A | DATE ARRAIGNED: 1-15-92 07/17/91 |
| OFFICER: JW  COUNSEL: B (A) | DATE TRIAL: 09/09/91 TIME: |
| DATE OF BIRTH: 07/24/45 | BOND/TYPE SURETIES: |
| RACE: B  SEX: M | BOND AMOUNT: $010000 .00 |
| ALIAS NAME: _____ | DATE INDICTED: 05/20/91 |
| AGENCY: CHSO | DATE FILED: 06/01/91 |
| DC CASE NUMBER: 00 000000 00 | WORTHLESS CHECK NO: _____ |
| GRAND JURY NUMBER: 00024 | COURT REPORTER: |
| ADDITIONAL INFORMATION AND REMARKS: | SID NO: |

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 7-12-91 | **WAIVER OF ARRAIGNMENT** |
| | 7-17 1991 |
| | The State is ordered to produce within 14 days at the District Attorney's office for Defendant's inspection and copying all statements, documents, tangible objects, reports of examinations and tests or other items required under Alabama Rules of Criminal Procedure and any other exculpatory matter. |
| | Edward Jackson, Judge |
| | JUDGE |
| | (7-17-91 N-JB & DA) |
| 7-23-91 | Motion To Reduce Bond. |
| 7/25/91 | Bond hearing 7/26/91 at 9:00 A.M. Notify Cnsp, Judge |
| | (7-25-91 N-D.A. + JB.) |
| 7/26/91 | Bond reduct - denied. Notify Cnsp, Judge |
| 1-2-92 | Motion For Consolidation Of Offenses. |
| 1-7-92 | Order denying motion to consolidate. |
| | (1-7-92 N-JB & DA) |
| 1-7-92 | Notice To Deft. Of Request For Additional Penalty & Notice To Deft. Of Previous Convictions |
| 1/16/92 | Cont'd unresolved. Cnsp. Judge |

1-21-92 - Motion for Consolidation of Offenses
1-22-92 - Order setting Hearing for Feb. 1, 1992 at 8:30 a.m.
(1-22-92 N-J.B. & D.V.) (See order in file)

2-18-92 - Consolidation Order. (2-18-92 - N-JB & DA) # 4

3/17/92. Cont. unreached. Crisp, Judge.

---

_____ 5/12 . 19 92

On this day appeared the Defendant with his attorney and, with the consent and approval of his attorney, withdrew his plea of not guilty and entered a plea of guilty to ___UDCS___ as charged in the indictment. Before accepting Defendant's plea of guilty, the Court advised the Defendant of all of his constitutional rights with the colloquy being taken down by the court reporter. The Court then permitted the defendant to withdraw his plea of not guilty and enter a plea of guilty to __UDCS__ . The Court inquired of Defendant if he had anything to say why judgement and sentence should not now be pronounced upon him and Defendant said nothing. It is therefore ordered and adjudged by the Court that the Defendant is guilty of ___UDCS___ as charged in the indictment and as punishment Defendant is hereby formally sentenced to the penitentiary of the State of Alabama for a term of LIFE + 5 YRS (13A-12-250) Conc. w/cc 91-573 on which he is hereby given credit for the days spent incarcerated pending trial. Defendant is also ordered to pay restitution to Hous Co S.O. in the amount of $20 , a Fine of 250 , and a victim compensation assessment of 50 , as well as all Court Costs.

Michael Crespi
JUDGE

---

_____ 5/12, 1992

In accordance with the verdict of the Jury, Defendant is hereby adjudged guilty of as charged in the indictment. Defendant being asked if he had anything to say why the sentence of law should not be pronounced upon him, the Defendant says nothing but presentence report is requested by ORDERED EX MERA MOTU hearing set for 6/5 , 19 92 at 9 A . M.

M.C.

JUDGE

---

Minute Book 74
11/3/04 Motion to Amend Sentence on CC 91-573
11/11/04 - See Order of 11-11-04 on CC 91-573

CASE ACTION SUMMARY
CIRCUIT CRIMINAL

CASE: CC 91 000576 01

IN THE CIRCUIT COURT OF HOUSTON COUNTY           JUDGE: MAC

STATE OF ALABAMA                    VS          THOMPSON FREDDIE LEE
                                                %HOUSTON COUNTY JAIL
   SE: CC 91 000576 01                          DOTHAN ALA

CHARGE: UNL DIS CON SU   TYPE: F     DATE WAR/CAP ISSUED:    __/__/__
LITERAL: UNLAW DISTRIB CONTROL SUBS  DATE ARRESTED:          05/28/91
DEFENDANT STATUS: JAIL               DATE HEARING:           __/__/__
DEFENSE ATTORNEY: _Jack Blumenfeld_  DATE RELEASED:          __/__/__
PROSECUTOR:      VALESKA, DOUGLAS A  DATE ARRAIGNED:         07/17/91
OFFICER:       JW    COUNSEL: 0 (A)  DATE TRIAL: ~09/09/91~ TIME:
DATE OF BIRTH:    07/24/45            BOND/TYPE SURETIES:
RACE:  B              SEX:  M         BOND AMOUNT:          $010000 .00
ALIAS NAME:       _____          DATE INDICTED:         05/20/91
AGENCY:          CHSO                 DATE FILED:            06/01/91
DC CASE NUMBER:     00 000000 00      WORTHLESS CHECK NO:    _____
GRAND JURY NUMBER:   00025            COURT REPORTER:
ADDITIONAL INFORMATION AND REMARKS:   SID NO:

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| 7-17-91 | **WAIVER OF ARRAIGNMENT** |
|      | _7-17_ 19 _91_ |
|      | The State is ordered to produce within 14 days at the District Attorney's office for Defendant's inspection and copying all statements, documents, tangible objects, reports of examinations and tests or other items required under Alabama Rules of Criminal Procedure and any other exculpatory matter. |
|      | _Edward Jackson, Judge_ |
|      | JUDGE |
|      | (7-17-91 N-JB & DA) |
| 7-23-91 | Motion To Reduce Bond |
| 7/25/91 | Bond hearing set 7/26/91 at 9:00 A.M. Notify: Asst. Judge |
|      | (7/25/91 N-JB & DA) |
| 7/26/91 | Bond reduction denied. Asst. Judge |
| 1-2-92 | Motion For Consolidation Of Offenses |
| 1-7-92 | Order denying motion to consolidate |
|      | (1-7-92 N-JB & DA) |
| 1-7-92 | Notice To Deft Of Request For Additional Penalty |
|      | & Notice To Deft Of Previous Convictions |
|      | 1/26/92 cont'd unreached. Crisp, Judge |

CBR716-3

ALABAMA DEPARTMENT OF CORRECTIONS                    INST:    037
INMATE SUMMARY AS OF 06/09/2006                      CODE: CSMDI

# 5

*******************************************************************************

AIS: 00122475R    INMATE: DUNCAN, JOE NATHAN                RACE: B   SEX: M

INST: 037 = BIBB COUNTY CORRECTIONAL FAC.    DORM:    00    JAIL CR: 014Y 05M 24D

DOB: 05/23/1959    SSN: 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

ALIAS: BUNC, JOE NATHAN DEN                  ALIAS: DENNIS, JOE NATHAN

ALIAS: DUNCAN, JOE N JR                      ALIAS: DUNCAN, JOE NATHAN J

ADM DT: 11/16/1992 DEAD TIME: 000Y 00M 000

ADM TYP: LIFE SENTENCE                       STAT: REMOVED FROM SEGREGATION

CURRENT CUST: MED-9    CURRENT CUST DT: 05/08/2002    PAROLE REVIEW DATE: JAN 2007

SECURITY LEVEL: (4) FOUR

SERVING UNDER ACT446 LAW IN CLASS IV        CURRENT CLASS DATE:    05/02/2006
INMATE IS EARNING : PROHIBITED FROM EARNING GOODTIME

COUNTY       SENT DT  CASE NO  CRIME                            JL-CR      TERM
HOUSTON      11/16/92 N92000531 POSS CONTROL SUBSTANCE          0187D 015Y 00M 00D CS
             COURT COSTS  : $0000172    FINES : $0000250       RESTITUTION : $0000050
HOUSTON      05/02/06 N92000532 DIST CONTROL SUBSTANCE          5097D 020Y 00M 00D CS
                                COUNT: 1: FURN
             COURT COSTS  : $0000172    FINES : $0000250       RESTITUTION : $0000218
HOUSTON      05/02/06 N92000532 DIST CONTROL SUBSTANCE          0187D 005Y 00M 00D CS
                                COUNT 2:FURN:13A-12-250

 TOTAL TERM       MIN REL DT      GOOD TIME BAL     GOOD TIME REV     LONG DATE
 025Y 00M 00D     12/28/2013      000Y 00M 00D      000Y 00M 00D      11/02/2016

INMATE LITERAL:
*******************************************************************************

DETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS
*******************************************************************************

ESCAPEE-PAROLE SUMMARY

    INMATE CURRENTLY HAS NO PAROLE RECORDS

    INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

    INMATE HAS NO ESCAPES FROM ADOC SINCE OBSCIS RECORDING B
*******************************************************************************

DISCIPLINARY/CITATION SUMMARY

  >> DISCIPLINE: 10/31/2005  TIME LOST: 00Y00M00D    CUST FROM MED9 TO MED9
    DISCIPLINE TYPE: MAJOR                AT INST: 070    RULE NUMBER: 37
    RETAINED DAYS: 0000    SEQ #: 30   RULE LIT: SEXUAL OFFENSE (NONFORCIBLE)/SOLI
                          CONTINUED ON NEXT PAGE

#6

Anthony JONES, Petitioner-Appellant, v. Warden J.D. WHITE; Attorney General of the State of Alabama, Respondents-Appellees, Circuit Court of Macon County, Defendant. William H. MARDIS, Petitioner-Appellant, v. Charlie JONES, Warden; Don Siegelman, Attorney General for the State of Alabama, Respondents-Appellees. Larry Wayne GARRETT, Petitioner-Appellant, v. Charlie JONES, Warden and Attorney General of the State of Alabama, Respondents-Appellees. Terry Wayne McLESTER, Petitioner-Appellant, v. Morris THIGPEN, Commissioner of the State of Alabama, Department of Corrections; James H. Evans, Attorney General for the State of Alabama; W.E. Johnson, Warden, Holman Station, Respondents-Appellees.
UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
992 F.2d 1548; 1993 U.S. App. LEXIS 13752; 7 Fla. L. Weekly Fed. C 431
Nos. 90-7129, 90-7295, 90-7394, 92-6175.
June 15, 1993, Decided

## Editorial Information: Subsequent History

As Corrected. Suggestion for Rehearing En Banc Denied as to 90-7295, of August 23, 1993, Reported at: 1993 U.S. App. LEXIS 25154. Suggestion for Rehearing En Banc Denied as to 90-7394, of August 23, 1993, Reported at: 1993 U.S. App. LEXIS 25151.

## Editorial Information: Prior History

Appeals from the United States District Court for the Middle District of Alabama. DISTRICT BANKRUPTCY COURT DOCKET NO. 85-T-256-E. D/C Judge THOMPSON. DISTRICT BANKRUPTCY COURT DOCKET NO. 87-D-974-N. D/C Judge DUBINA. DISTRICT BANKRUPTCY COURT DOCKET NO. 86-H-978-E. D/C Judge HOBBS. DISTRICT/BKRPTCY COURT DKT# 87-T-00174-S. DISTRICT JUDGE: THOMPSON

## Summary:

**Posture:**
Defendants sought review of a decision of the United States District Court for the Middle District of Alabama, which convicted them of criminal offenses and sentenced them as **habitual offenders** to imprisonment for life without parole under the Alabama **Habitual** Felony **Offender** Act, Ala. Code § 13A-5-9 (1982).

**Cite overview:**
Defendant's equal protection rights were not violated because defendants failed to prove that they were sentenced under the Alabama **Habitual** Felony **Offender** Act under a constitutionally impermissible motivation.

**Overview:**
Defendants were convicted of criminal offenses and sentenced as **habitual offenders** under the Alabama **Habitual** Felony **Offender** Act (HFOA), Ala. Code § 13A-5-9 (1982), to imprisonment for life without parole. On appeal, defendants contended that the HFOA was unconstitutional, and that their equal protection rights were violated because prosecution under the statute was selective. The court rejected defendants' contentions, finding that the statute did not violate U.S. Const. amend. VIII because it did not produce a sentence that was grossly disproportionate to the severity of defendants' crimes. The court ruled that defendants' equal protection contention was improper because defendants did not prove that the reason they were sentenced under HFOA and others were not was because of prosecutors' invidious **discrimination** or a constitutionally impermissible motivation. The court noted that the failure to apply HFOA because of the prosecution's lack of knowledge of prior convictions or because of unavailability of documentation did not violate equal protection. Accordingly, the court affirmed the judgment of the trial court.

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**Outcome:**
The court affirmed the decision of the trial court that sentenced defendants to life imprisonment without parole under the Alabama **Habitual** Felony **Offender** Act (HFOA). The court held that defendants' equal protection rights were not violated by selective prosecution under the statute because defendants did not prove a constitutionally impermissible motivation on the part of the prosecution.
Concepts:
Under the harmless error standard, the crucial inquiry is whether the prosecution's failure to disclose potential impeachment evidence affected the judgment of the jury as to credibility.

For purposes of the Alabama **Habitual** Felony **Offender** Act, Alabama law requires the prosecution to prove or establish prior convictions by attested, certified copies of those convictions.

In analyzing the constitutionality of a guilty plea, a reviewing court must determine that the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. Additionally, the representations of the defendant at a plea proceeding as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea will be upheld on federal review.

The two-part Strickland test applies to challenges to guilty pleas based on ineffective assistance of counsel. Under the Strickland test, defendant initially must show that counsel's representation fell below an objective standard of reasonableness. While it need not be errorless, counsel's advice must be within the realm of competence demanded of attorneys representing criminal defendants. Providing meaningful advice on the options available to a defendant obligates counsel to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In the context of a guilty plea defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

U.S. Const. amend. VI guarantees the accused that he need not stand alone against the state at any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial.

Unless a habeas petitioner shows cause and prejudice, a court may not reach the merits of new claims, not previously raised which constitute an abuse of the writ. Where a petitioner was aware of the factual and legal basis of a claim not presented when the first federal habeas petition was filed, he must demonstrate that the failure to present the claim in the prior proceeding was not because of intentional abandonment, deliberate withholding, or inexcusable neglect under the abuse of the writ doctrine.

Dicta from this court is not authority for district courts to circumvent United States Supreme Court mandates or federal rules of procedure. Additionally, there should be a presumption that judges mean to do no more than to decide the case before them. For law-of-the-circuit purposes the review of any precedent ought to focus far more on the judicial decision than on the judicial opinion. Mere speculation that the court may be requested to address a claim in further proceedings should not be considered as an invitation to ignore Fed. R. Crim. P. 9(b). The federal courts have an ongoing policy in determining habeas corpus cases to remind state courts that, in order for state procedural rules to be considered independent and adequate state grounds for not reaching the merits of a claim, the state courts consistently must apply their own rules.

The appellate court's inherent equitable powers allow it to supplement the record with information not reviewed by the district court, though this power is not often exercised. The court has not allowed supplementation when a party has failed to request leave of this court to supplement a record on appeal or has appended material to an appellate brief without filing a motion requesting supplementation.

There are circumstances in which a federal appellate court is justified in resolving an issue not passed on below, as where the proper resolution is beyond any doubt, or where injustice might otherwise result. In determining whether to supplement the record in a given case, this court has established three considerations: whether acceptance of the proffered material into the record would establish beyond any

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

doubt the proper resolution of the pending issue; (2) whether remand of the case would be contrary to the interests of justice and judicial economy; (3) whether the inherent judicial powers of the court in habeas corpus actions dictate supplementation.

In all cases when it is shown that a criminal defendant has been previously convicted of any felony and after such conviction has committed another felony, he must be punished as follows: on conviction of a Class C felony, he must be punished for a Class B felony; on conviction of a Class B felony, he must be punished for a Class A felony; on conviction of a Class A felony, he must be punished by imprisonment for life or for any term of not more than 99 years but not less than 15 years. Ala. Code § 13A-5-9 (1982).

In all cases when it is shown that a criminal defendant has been previously convicted of any two felonies and after such convictions has committed another felony, he must be punished as follows: on conviction of a Class C felony, he must be punished for a Class A felony; on conviction of a Class B felony, he must be punished by imprisonment for life or for any term of not more than 99 years but not less than 15 years; on conviction of a Class A felony, he must be punished by imprisonment for life or for any term of not less than 99 years. Ala. Code § 13A-5-9 (1982).

In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he must be punished as follows: on conviction of a Class C felony, he must be punished by imprisonment for life or for any term not more than 99 years but not less than 15 years; on conviction of a Class B felony, he must be punished for life in the penitentiary; on conviction of a Class A felony, he must be punished by imprisonment for life without parole. Ala. Code § 13A-5-9 (1982).

Subsequent felony convictions trigger operation of the Alabama **Habitual** Felony **Offender** Act (HFOA) and the enhanced penalty is determined by the number and class of prior felonies as well as the class of the felony which invokes the imposition of the statute. The statute is constitutional insofar as it augments sentences for a particular conviction because of past criminal convictions. The HFOA does not violate the U.S. Const. amend. VIII because it does not produce a sentence that is grossly disproportionate to the severity of the crime.

Under the Alabama **Habitual** Felony **Offender** Act (HFOA), several offenses arising out of a common event or occurrence are regarded as separate offenses for enhancement under the HFOA, although, in another jurisdiction, the offenses would be treated as one conviction or concurrent sentences were imposed. All felony convictions, even those that occurred before the HFOA became effective and regardless of their origin, are to be considered in determining the correct sentence under the HFOA. The determination of whether an out-of-state conviction should be used to enhance punishment under the HFOA is based upon Alabama's definition of the offense, and not on whether the foreign jurisdiction treats the crime as a felony or misdemeanor.

The Alabama **Habitual** Felony **Offender** Act is mandatory. The word "must" leaves no discretion with the court as to whether a repeat **offender** is to be punished under the statute. Concomitantly, the prosecutor, as an officer of the court, has no discretion about whether to inform the court of a convicted defendant's prior convictions about which he is aware so that the court can sentence the individual in accordance with the clear mandate of the statute.

Certified copies of case action summary sheets, docket sheets or other records of the court are admissible for the purpose of proving prior convictions of a crime, if the prior conviction is otherwise admissible under the laws of the state. Ala. Code § 13A-5-10.1 (Supp.1992). Evidence of prior convictions submitted pursuant to Section 13A-5-10.1 must meet Alabama attestation requirements. The proper certification for documents from Alabama counties requires attestation by the custodian of the public documents and an official seal or certification by the record keeper. Proving prior felony convictions from another jurisdiction requires the attestation of the clerk and seal of the court, plus a certificate from the judge, chief judge or presiding magistrate judge that the attestation is correct. Consequently, proof of prior felony convictions failing to comply with the requirements for attestation from another jurisdiction cannot be considered for sentence enhancement under the Alabama **Habitual** Felony **Offender** Act.

Exemplifications or copies of records, or parts thereof, which are kept in any public office in this state shall be proved or admitted as legal evidence in this state by the attestation of the keeper of said records that

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

the same are true and complete copies of the records, or parts thereof, in his custody, and the seal of said keeper thereto annexed, if there is a seal, (if there is no official seal, there shall be attached to such attestation the certificate of the clerk), and the seal of the circuit, district or municipal court of the proper county where such keeper resides that such attestation is genuine and made by the proper officer. Ala. Code § 12-21-67 (1986).

The record and judicial proceedings of the courts of any state or territory or of any country subject to the jurisdiction of the United States shall be proved or admitted in any other court within the United States by the attestation of the clerk and the seal of the court annexed, if there is a seal, together with a certificate of the judge, chief judge or presiding magistrate that the said attestation is in due form. Ala. Code § 12-21-70 (1986).

To show selective prosecution, each petitioner has the heavy burden of meeting two requirements. First, he must make a prima facie showing that he has been singled out for prosecution although others similarly situated who have committed the same acts have not been prosecuted. Second, having satisfied the initial burden, he must then demonstrate that the government's selective prosecution of him has been constitutionally invidious. The invidiousness requirement is met if the defendant establishes that the government's selective prosecution is motivated by constitutionally impermissible motives such as racial or religious **discrimination** or his exercise of constitutional rights. An evidentiary hearing on the issue of selective prosecution is not automatic; such a hearing is conducted only where a defendant presents facts sufficient to raise a reasonable doubt about the prosecutor's motive.

U.S. Const. amend. XIV guarantees equal laws, not equal results. To prevail on an equal protection claim that a facially neutral statute is being applied unequally, intentional or purposeful **discrimination** must be shown. Discriminatory purpose implies that the decisionmaker selected a course of action because of its detrimental effects on an identifiable group. Error, mistake in judgment or arbitrary administration in applying a facially neutral statute does not violate equal protection.

The criminal justice system accords prosecutors broad discretion as to whom they prosecute, and this discretion is ill-suited to judicial review. The conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation.

The equal protection clause requires no more than that state decisionmakers applying a facially neutral statute not intentionally discriminate.

**Disposition**                    AFFIRMED.

**Counsel**                        For Petitioner-Appellant (90-7129): William S. Haynes, Rushton, Stakely, Johnston & Garrett, P.A., P.O. Box 270, Montgomery, Alabama 36195, (184 Commerce Street,

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

```
                    ALABAMA DEPARTMENT OF CORRECTIONS        INST:   070
CBR716-3            INMATE SUMMARY AS OF 06/02/2005          CODE: CORVK
```

#6

```
*************************************************************************
```

AIS: 00209811    INMATE: BLAIR, WALTER DEWAYNE        RACE: B   SEX: M

INST: 070 - STATON CORRECTIONAL CENTER      DORM:  00   JAIL CR: 002Y 01M 05D

DOB: 08/20/1978  SSN: 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

ALIAS: BLAIR, WALTER DWAYNE              ALIAS: BLAIR, WALTER WAYNE

ALIAS: BLAIR, WAYNE

ADM DT: 03/08/2000 DEAD TIME: 000Y 00M 00D

ADM TYP: NEW COMIT FROM CRT W/O REV OF    STAT: REMOVED FROM SEGREGATION

CURRENT CUST: MED-9   CURRENT CUST DT: 04/20/2004  PAROLE REVIEW DATE: SEP 2007

SECURITY LEVEL: (4) FOUR

SERVING UNDER ACT446 LAW IN CLASS IV     CURRENT CLASS DATE:    03/17/2004
INMATE IS EARNING : PROHIBITED FROM EARNING GOODTIME

```
COUNTY      SENT DT  CASE NO  CRIME                   JL-CR     TERM
WALKER      03/08/00 N98000249 POSS CONTROL SUBSTANCE  * 03600 005Y 00M 00D CS
            COURT COSTS  : $0000307    FINES : $0000000   RESTITUTION : $0000220
WALKER      03/29/00 N98000247 POSS CONTROL SUBSTANCE  * 04050 015Y 00M 00D CC
            COURT COSTS  : $0000307    FINES : $0000000   RESTITUTION : $0000220
WALKER      03/29/00 N98000250 DIST CONTROL SUBSTANCE  * 04050 015Y 00M 00D CC
            COURT COSTS  : $0000307    FINES : $0000000   RESTITUTION : $0000420
WALKER      03/29/00 N99000058 ASSAULT I               * 04050 015Y 00M 00D CC
            ATTORNEY FEES : $001625    HABITUAL OFFENDER : N
            COURT COSTS  : $0000307    FINES : $0000000   RESTITUTION : $0000050
WALKER      03/08/00 N98500.1 TRAF COCAINE 28 - 500 GRAM  03600 016Y 00M 00D CS
            ATTORNEY FEES : $004179    HABITUAL OFFENDER : N
            COURT COSTS  : $0000307    FINES : $0050000   RESTITUTION : $0000760

 TOTAL TERM      MIN REL DT      GOOD TIME BAL     GOOD TIME REV    LONG DATE
 031Y 00M 00D    03/17/2019      000Y 00M 00D      000Y 00M 00D     02/18/2029
```

INMATE LITERAL:
```
*************************************************************************
```

DETAINER WARRANTS SUMMARY

```
>DET WRT 03/08/2000 TYPE: COUNTY WARRANT        WALKER COUNTY SO
    LITERAL: 12MTH MISD; CS W/ STATE            SEQ #: 01    CASE #: CC98-500.2
    OFFENSE: 803A - POSS MARIJUANA II
*************************************************************************
```

ESCAPEE-PAROLE SUMMARY

CONTINUED ON NEXT PAGE

```
                      ALABAMA DEPARTMENT OF CORRECTIONS          INST:   017
CBR716-3                INMATE SUMMARY AS OF 06/15/2006          CODE: CDWRQ

                                                          #7   M052
```

**************************************************************************************

AIS: 00152161    INMATE: HENDRICKSON, ROBERT JOHN II      RACE: W   SEX: M

INST: 017 - RCC                        DORM:  00   JAIL CR: 001Y 04M 28D

DOB: 06/23/1968   SSN: 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                   PREVIOUS AIS: P0056284

ALIAS: HENDERICKSON, JOHN R          ALIAS: HENDERICKSON, ROBERT

ALIAS: HENDERICKSON, ROBT J          ALIAS: HENDRICKSON, J R II

ALIAS: HENDRICKSON, J ROBER          ALIAS: HENDRICKSON, J ROBT

ADM DT: 12/19/1988 DEAD TIME: 000Y 00M 22D

ADM TYP: NEW COMIT FROM CRT W/REV OF PR     STAT: PAROLE REVOKED

CURRENT CUST: REC-A   CURRENT CUST DT: 03/13/2006   PAROLE REVIEW DATE: MAY 2008

SECURITY LEVEL: (1) ONE

SERVING UNDER ACT446 LAW IN TURED           CURRENT CLASS DATE:   02/01/1990
INMATE IS EARNING : PAROLE VIOLATOR - STRAIGHT TIME

```
COUNTY        SENT DT  CASE NO  CRIME                    JL-CR      TERM
HOUSTON       12/19/88 N85000930 YOUTHFUL OFFENDER ACT   + 0134D 002Y 00M 00D CS
              ATTORNEY FEES : $000240    HABITUAL OFFENDER : N
              COURT COSTS  : $0000149    FINES : $0000000     RESTITUTION : $0000000
HOUSTON       01/09/89 N88772.01 FORGERY II              + 0092D 002Y 00M 00D CS
              COURT COSTS  : $0001719    FINES : $0000500     RESTITUTION : $0000271
HOUSTON       07/24/89 N89267.01 THEFT OF PROPERTY I     0287D      LIFE     CS
              ATTORNEY FEES : $000000    HABITUAL OFFENDER : Y
              COURT COSTS  : $0000347    FINES : $0000000     RESTITUTION : $0000025
ELMORE        07/22/93 N93000185 ESCAPE I                + 00000 015Y 00M 00D CC
              ATTORNEY FEES : $000150    HABITUAL OFFENDER : Y
              COURT COSTS  : $0000193    FINES : $0000000     RESTITUTION : $0000050

   TOTAL TERM      MIN REL DT     GOOD TIME BAL    GOOD TIME REV     LONG DATE
      LIFE         00/00/0000                                       99/99/9999
```

INMATE LITERAL:
**************************************************************************************

DETAINER WARRANTS SUMMARY

>DET WRT 06/15/2006 TYPE: COUNTY WARRANT          HOUSTON COUNTY S.O.
   LITERAL: PER CASE ACTION SUMMARY              SEQ #: 05    CASE #: DC06-732
   OFFENSE: 307C - CRIM POSS FORGED INSTR II

>DET WRT 06/15/2006 TYPE: COUNTY WARRANT          HOUSTON COUNTY S.O.
   LITERAL: PER CASE ACTION SUMMARY              SEQ #: 04    CASE #: DC06-731
   OFFENSE: 307C - CRIM POSS FORGED INSTR II


                        CONTINUED ON NEXT PAGE

```
                      ALABAMA DEPARTMENT OF CORRECTIONS
                      INMATE SUMMARY AS OF 05/11/2005              CODE: CRSUM
CBR716-2
```

```
****************************************************************************

AIS: 00240363   INMATE: WHITE, CHARLES S              RACE: B  SEX: M

INST: 212 - CHOCTAW                      DORM:   OO  JAIL CR: 000Y 03M 00D

DOB: 02/16/1980  SSN: 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

ALIAS: WHITE, C SANCHASE

ADM DT: 04/06/2005 DEAD TIME: 000Y 00M 00D

ADM TYP: NEW COMIT FROM CRT W/REV OF PR    STAT: NEW COMIT FROM CRT W/REV OF PR

CURRENT CUST: OTW-3   CURRENT CUST DT: 04/06/2005  PAROLE REVIEW DATE: - NONE -

SECURITY LEVEL: NO CLASSIFICATION RECORD FOUND

SERVING UNDER ACT446 LAW IN CLASS II         CURRENT CLASS DATE:   04/06/2005
INMATE IS EARNING : EARNS 40 DAYS FOR EACH 30 SERVED

COUNTY       SENT DT CASE NO  CRIME               JL-CR      TERM
CHOCTAW      04/06/05 N03000054 RECV STOLEN PROPERTY II  0244D 003Y 00M 00D CS
CHOCTAW      04/06/05 N05000027 BURGLARY III         0240D 015Y 00M 00D CC
             ATTORNEY FEES : $000500   HABITUAL OFFENDER : Y
             COURT COSTS   : $0000239  FINES : $0000000   RESTITUTION : $0000050
CHOCTAW      04/06/05 N05000029 BURGLARY III         0240D 015Y 00M 00D CC
             COURT COSTS   : $0000239  FINES : $0000000   RESTITUTION : $0000050

 TOTAL TERM      MIN REL DT     GOOD TIME BAL    GOOD TIME REV    LONG DATE
 015Y 00M 00D    07/10/2009     000Y 01M 17D     000Y 00M 00D     08/05/2019

INMATE LITERAL:
****************************************************************************

DETAINER WARRANTS SUMMARY
     INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS
****************************************************************************

ESCAPEE-PAROLE SUMMARY

     INMATE CURRENTLY HAS NO PAROLE RECORDS

     INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

     INMATE HAS NO ESCAPES FROM ADOC SINCE OBSCIS RECORDING B
****************************************************************************

DISCIPLINARY/CITATION SUMMARY

     INMATE CURRENTLY HAS NO DISCIPLINARY/CITATION RECORDS
```

```
                    ALABAMA DEPARTMENT OF CORRECTIONS         INST:    216
CBR716-3            INMATE SUMMARY AS OF 06/20/2005           CODE: CRSUM
                                  4
```

*************************************************************************

AIS: 00187506A   INMATE: CARTER, BOBBY CALVIN          RACE: W  SEX: M

INST: 216 - COFFEE                    DORM:  PH  JAIL CR: 000Y 05M 10D

DOB: 03/04/1961  SSN: 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              PREVIOUS AIS: P0116423

ALIAS: CARTER, BOBBY              ALIAS: CARTER, BOBBY C

ADM DT: 02/14/2003 DEAD TIME: 000Y 00M 00D

ADM TYP: NEW COMIT FROM CRT W/REV OF PR     STAT: PAROLE REVOKED

CURRENT CUST: R2R-P   CURRENT CUST DT: 06/07/2005  PAROLE REVIEW DATE: - NONE -

SECURITY LEVEL: (1) ONE

SERVING UNDER ACT446 LAW IN RECAPTURED      CURRENT CLASS DATE:    08/14/2003
INMATE IS EARNING : PAROLE VIOLATOR IN CLASS I

COUNTY    SENT DT  CASE NO  CRIME                 JL-CR      TERM
HENRY     02/14/03 V99000034 RECV STOLEN PROPERTY II   0160D 015Y 00M 00D CS
          ATTORNEY FEES : $001353     HABITUAL OFFENDER : N
          COURT COSTS    : $0000446     FINES : $0000250   RESTITUTION : $0000500
HENRY     02/14/03 V99000035 RECV STOLEN PROPERTY II   0160D 015Y 00M 00D CC

  TOTAL TERM      MIN REL DT      GOOD TIME BAL     GOOD TIME REV     LONG DATE
 015Y 00M 00D     06/11/2007      005Y 03M 15D      000Y 00M 00D      09/03/2017

INMATE LITERAL:
*************************************************************************

DETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS
*************************************************************************

ESCAPEE-PAROLE SUMMARY

PAROLED FRM  050:09/29/97 RVK:00/00/00 DELQ:00/00/00 RECAP:00/00/00 RTN:00/00/00

PAROLED FRM  050:01/29/04 RVK:06/13/05 DELQ:05/31/05 RECAP:04/19/05 RTN:04/19/05

    INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

    INMATE HAS NO ESCAPES FROM ADOC SINCE OBSCIS RECORDING B
*************************************************************************

DISCIPLINARY/CITATION SUMMARY

    INMATE CURRENTLY HAS NO DISCIPLINARY/CITATION RECORDS

