IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES L. ROBINSON, #121865, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) ) | CASE NO. 1:06-CV-1061-MHT |
| JAMES DELOACH, WARDEN *et al.*, | ) ) ) ) | |
| Respondents. | ) | |

**THIRD SUPPLEMENTAL ANSWER**

Come now the Respondents in the above-styled cause, by and through the Attorney General of the State of Alabama, and in response to this Court's order, make the following supplemental answer to Robinson's amended § 2254 petition.

1. Respondents adopt the averments contained in their previous responses in this case, as though set forth fully herein.

2. Respondents understand Robinson's claims, as amended, to be that he has been discriminated against, as have all habitual felony offenders sentenced to a term of imprisonment of less than life, because he is ineligible for sentence

reconsideration, and further, he has been discriminated against, as have all inmates with a sentence of more than 15 years, because he is ineligible for good time credit.

    3. This Court has ordered the Respondents to address the merits of Robinson's claims and Respondents will herein comply with this Court's order; however, Respondents respectfully reiterate that Robinson's claim of discrimination as to sentence reconsideration should be given no habeas review or relief because it is a matter of state law that does not present a federal question cognizable on federal habeas corpus review.

    4. Respondents further respectfully reiterate that Robinson's claim of discrimination regarding good time credit is without merit.

    5. Respondents deny that Robinson is innocent.

    6. Respondents deny that any of Robinson's federal constitutional rights have been violated by the State of Alabama incident to his conviction and sentence in this case.

    7. Respondents aver that, based on the contents of this third supplemental answer, Robinson's petition, as amended, is due to be denied and dismissed with prejudice.

## CHRONOLOGY OF THE CASE

Respondents adopt the chronology of the case as stated in their initial Answer, referenced by the Clerk of Court as Document Number Seven, as though set forth fully herein.

### ROBINSON'S CLAIM THAT HE IS A MEMBER OF A CLASS OF INMATES ROUTINELY SUBJECTED TO UNCONSTITUTIONAL DISCRIMINATION BECAUSE HE IS INELIGIBLE FOR SENTENCE RECONSIDERATION IS A MATTER OF STATE LAW AND DOES NOT INVOKE THIS COURT'S JURISDICTION

Robinson's claim that he was denied equal protection because his sentence was not subject to reconsideration under Section 13A-5-9.1 of the Code of Alabama (2001) relates to a matter of state law and is not properly the subject of federal habeas review. "The state court's interpretation of its own laws and rules provides no basis for federal habeas relief. Beverly v. Jones, 854 F.2d 412 (11th Cir. 1988). A federal court has no authority to re-examine state court determinations on state law questions. Estelle v. McGuire, 502 U.S. 62, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991)." Peek v. Hooks, No. 3:03-cv-423-MEF, 2006 WL 3883964, at *5 (M.D. Ala., Dec. 5, 2006).

Though the Eleventh Circuit has not specifically addressed this issue in a published opinion, it entertained the issue in Curry v. Culliver, No. 04-13252, 2005

WL 1653776 (11th Cir., July 15, 2005), and that opinion is helpful in considering this issue. In <u>Curry</u>, the Court of Appeals affirmed the district court's denial of his claim that he was entitled to reconsideration of his sentence because his claim was purely a matter of state law and, as such, provided no basis for federal habeas corpus relief.

Moreover, even if Robinson's claim related to a matter of federal law, no relief would be due on it because the state court's ruling was correct.

> There are three requirements for eligibility to have a sentence reconsidered under § 13A-5-9.1: (1) the inmate was sentenced before May 25, 2000, the date the 2000 amendment to the HFOA became effective; (2) the inmate was sentenced to life imprisonment without the possibility of parole pursuant to § 13A-5-9(c)(3) and had no prior Class A felony convictions or was sentenced to life imprisonment pursuant to § 13A-5-9(c)(2); and (3) the inmate is a 'nonviolent convicted offender.' An inmate must satisfy all three requirements before he or she is eligible for reconsideration of sentence under § 13A-5-9.1.

<u>Holt v. State</u>, CR-04-1250, 2006 WL 510784, at *7 (Ala. Crim. App. Mar. 3, 2006)(internal citations omitted). *See also* <u>Kirby v. State</u>, 899 So.2d 968, 971-72 (Ala. 2004).

Clearly, section 13A-5-9.1 of the Code of Alabama only allows sentence reconsideration for those non-violent inmates, sentenced as habitual offenders, who have been sentenced to life imprisonment or life imprisonment without the possibility of parole. Robinson was sentenced to 25 years in the state penitentiary.

4

(Doc. 7, Ex. F, pp. 3-4) Therefore, Robinson was not eligible for sentence reconsideration under state law.

In his amended petition (Document 34), Robinson claims that he has systematically been denied equal protection under the law because section 13A-5-9.1 of the Code of Alabama only allows sentence reconsideration for those non-violent inmates that were sentenced as habitual offenders to life imprisonment or life imprisonment without the possibility of parole. Robinson's claim essentially challenges the right of the state legislature to define the groups of inmates eligible for sentence reconsideration. He claims that, because he was sentenced as an habitual offender to twenty-five years' imprisonment, rather than to life or life without parole, he and those habitual offenders similarly situated (sentenced to less than life imprisonment) have been denied equal protection under the law because they are not entitled to have their sentences reconsidered, even though they were sentenced as habitual felony offenders.

The U.S. District Court for the Eastern District of Alabama recently addressed a very similar claim:

> Plaintiff seeks to amend his complaint to assert equal protection and ex post facto violations in regard to recent amendments to Alabama's Habitual Felony Offender Act. In support of his motion, Plaintiff asserts that Defendants used their rule-making authority to administer the amendments by using new criteria which is applied retrospectively to injure Plaintiff and discriminate against him with other "similarly situated/classed recipients as he." (Doc. No. 14.)

5

The "new" criteria with which Plaintiff takes issue is found in the language of <u>Kirby v. State of Alabama</u>, 899 So.2d 968 (Ala. 2004). In that case, the Alabama Supreme Court determined that Ala. Code § 13A-5-9.1 (Act 2001-977) is constitutional and that state trial judges have authority under the statute to determine whether a defendant is a non-violent offender for purposes of considering an inmate's motion for reduction of sentence. According to Plaintiff, allowing the state courts to make determinations as to which offenders may be considered violent or non-violent when considering their a request for a reduction in sentence allows the courts to use criteria not in existence when the inmate was originally punished and which thereby results in discrimination and increases the form of punishment. (Doc. No. 14.)

Equal protection principles require generally that government officials behave in a way such "that all persons similarly situated should be treated alike." <u>Cleburne v. Cleburne Living Center, Inc.</u>, 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985). Thus, in order to establish a claim cognizable under the Equal Protection Clause, a plaintiff must, at the very least, allege that he is similarly situated with other persons who were treated differently and that the reason for the differential treatment was based on race, religion, national origin, poverty or some other constitutionally protected interest. <u>Jones v. Ray</u>, 279 F.3d 944, 947 (11th Cir. 2001); <u>Damiano v. Florida Parole and Probation Com'n</u>, 785 F.2d 929, 932-33 (11th Cir. 1986); see also <u>Kirby v. Siegelman</u>, 195 F.3d 1285 (11th Cir. 1999)(affirming the District Court's determination that the plaintiff did not establish an equal protection violation because his allegation that the Alabama Community Notification Act violated equal protection did not allege that the different treatment was based on race, religion or another constitutionally protected interest). Evidence which merely indicates disparity of treatment or erroneous or even arbitrary administration of state powers, rather than against instances of purposeful or invidious discrimination, is insufficient to show discriminatory intent. <u>McCleskey v. Kemp</u>, 481 U.S. 279, 292, 107 S. Ct. 1756, 95 L. Ed. 2d 262 (1987). Here, Plaintiff does not allege that he has been subjected to any tangible unequal treatment by Defendants' conduct such as their decision being based upon a constitutionally protected interest. As a matter of law, therefore, the allegations supporting Plaintiff's motion to amend complaint to add an equal protection claim do not

6

> rise to the level of a constitutional violation. <u>E & T Realty Company v. Strickland</u>, 830 F.2d 1107 (11th Cir. 1987)(mere differential treatment of inmates, without more, fails to allege a violation of the Equal Protection Clause); <u>Damiano v. Florida Parole and Probation Commission</u>, 785 F.2d 929(same).

<u>Grimes v. Lee County Circuit Court</u>, 2006 WL 932046 at *1 (M.D. Ala. Feb. 27, 2006).

Additionally, the law is clear that a State may distinguish between classes of crimes, and that such distinction is rationally related to a legitimate state interest.

> Under our constitutional system the States in determining the reach and scope of particular legislation need not provide "abstract symmetry." <u>Patsone v. Pennsylvania</u>, 232 U.S. 138, 144. ... Only recently we reaffirmed the view that the equal protection clause does not prevent the legislature from recognizing "degrees of evil" (<u>Truax v. Raich</u>, 239 U.S. 33, 43) by our ruling in <u>Tigner v. Texas</u>, 310 U.S. 141, 147, that "the Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." *And see* <u>Nashville, C. & St. L. Ry. v. Browning</u>, 310 U.S. 362. Thus, if we had here only a question as to a State's classification of crimes, such as embezzlement or larceny, no substantial federal question would be raised. *See* <u>Moore v. Missouri</u>, 159 U.S. 673; <u>Hawker v. New York</u>, 170 U.S. 189; <u>Finley v. California</u>, 222 U.S. 28; <u>Patsone v. Pennsylvania</u>, *supra*. For a State is not constrained in the exercise of its police power to ignore experience which marks a class of offenders or a family of offenses for special treatment. Nor is it prevented by the equal protection clause from confining "its restrictions to those classes of cases where the need is deemed to be clearest." <u>Miller v. Wilson</u>, 236 U.S. 373, 384. *And see* <u>McLean v. Arkansas</u>, 211 U.S. 539.

<u>Skinner v. Oklahoma</u>, 316 U.S. 535, 539-540 (U.S. 1942).

Moreover, in addition to the above caselaw demonstrating that States have the constitutional authority to define classes of felonies and misdemeanors,

7

Robinson failed to sufficiently plead his equal protection claim. The Eleventh Circuit has noted that:

> To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis.

Sweet v. Sec'y, Dep't of Corr., 467 F.3d 1311, 1318-1319 (11th Cir. 2006); *citing* Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001); and *citing* Damiano v. Florida Parole and Prob. Comm'n, 785 F.2d 929, 932-33 (11th Cir. 1986).

As to the first requirement, that he is similarly situated to other prisoners who received more favorable treatment, Robinson attached to his amended petition several documents intended to demonstrate that there were other habitual offenders that were treated differently from him, because they were successful in their efforts to have their sentences reconsidered under section 13A-5-9.1 of the Code of Alabama. (Document 34) However, section 13A-5-9.1 only allows reconsideration for certain habitual offenders who were sentenced to life or life without parole. *See* Holt v. State, CR-04-1250, 2006 WL 510784, at *7 (Ala. Crim. App. Mar. 3, 2006). The example inmates presented by Robinson in his amended petition were eligible for sentence reconsideration because they had been sentenced to life or life without parole. Robinson was only sentenced to 25 years' imprisonment, so he

8

was and is ineligible for sentence reconsideration under section 13A-5-9.1. Because his term of imprisonment (25 years) is different from the example inmates' he provided, he has failed to establish that he has been treated differently from those similarly situated.

Moreover, even if he had established that he is similarly situated to other prisoners who received more favorable treatment, he failed to meet the second requirement: that the state had engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis. Though he used the word "invidious" numerous times in his amended petition, he was unable to support his claim by demonstrating that the reason he was ineligible for sentence reconsideration arose from race, religion, national origin, or any other constitutionally protected basis. Rather, the reason he was ineligible for sentence reconsideration was that he is not serving a term of life or life without the possibility of parole. Those inmates serving less than life imprisonment do not constitute a protected class based solely on the length of their sentences.

The Eleventh Circuit addressed this prong of an equal protection claim in Sweet v. Sec'y, Dep't of Corr.:

> More basically, Sweet's equal protection claim fails because he has not alleged, let alone established that he was treated differently on account of some form of invidious discrimination tied to a constitutionally protected interest. He has not even claimed that he

9

> was treated differently from others because of race, religion, or national origin. *See* <u>Snowden v. Hughes</u>, 321 U.S. 1, 8, 64 S. Ct. 397, 88 L. Ed. 497 (1944) ("The unlawful administration . . . of a state statute fair on its face, resulting in its unequal application to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination."); <u>McQueary v. Blodgett</u>, 924 F.2d 829, 835 (9th Cir. 1991) (rejecting a claim that a state prisoner's equal protection rights were violated because he received a longer sentence than some other prisoners and holding that "a mere demonstration of inequality is not enough; the Constitution does not require identical treatment. There must be an allegation of invidiousness or illegitimacy in the statutory scheme before a cognizable claim arises: it is a settled rule that the Fourteenth Amendment guarantees equal laws, not equal results." (internal quotation marks omitted)); see also <u>Cruz v. Skelton</u>, 543 F.2d 86, 92-93 (5th Cir. 1976) (affirming dismissal of prisoner's equal protection claim because there was no allegation of "'invidious discrimination' based on such considerations as race, religion, national origin, or poverty"). Simply put, Sweet has not established that he was treated differently from similarly situated prisoners or that he was treated differently on account of invidious discrimination.

<u>Sweet v. Sec'y, Dep't of Corr.</u>, 467 F.3d 1311, 1318-1319 (11th Cir. 2006).

Similarly, Robinson's claim is due to be denied because he failed to establish that he was treated differently from similarly situated prisoners (habitual offenders sentenced to less than life) or that he was treated differently on account of invidious discrimination.

## "GOOD TIME" CLAIM

Robinson claims that he has been denied equal protection under the law because he is not eligible for "good time" or correctional incentive time credit

10

under Section 14-9-41 of the Code of Alabama (1975). That claim warrants no relief in this Court.

Again, Robinson's claim essentially challenges the right of the state legislature to define the classification of inmates, this time those eligible to receive "good time." This claim should be raised in a § 1983 proceeding, not a § 2254 action. In Thornton v. Hunt, 852 F.2d 526, 527 (11th Cir. 1988) (per curiam), an inmate filed a § 1983 petition claiming his right to equal protection was violated because prisoners whose sentences exceeded ten year or more were ineligible for "good time." The Eleventh Circuit treated that claim as if properly brought in a § 1983; therefore, Robinson's claim should not be raised here.

Moreover, even if Robinson had pleaded his claim sufficiently, he would be due no relief because in Thornton, the Eleventh Circuit found a similar claim to be without merit. Specifically, the court held:

> Thornton's complaint challenged ACITA's classification of prisoners sentenced to more than ten years. The statute does not single out a suspect class or impinge on a fundamental right. Thus, the provision is subject to the rational basis test under the equal protection clause. *See* Hodel v. Indiana, 452 U.S. 314, 331, 101 S.Ct. 2376, 2386-87, 69 L.Ed.2d 40 (1981). ACITA's classification of prisoners serving sentences of more than ten years is rationally related to the legitimate purpose of preventing the early release of serious offenders. Therefore, the statute does not violate the equal protection clause or the due process clause.

852 F.2d at 527. Thus, Robinson's claim for relief because he is ineligible to earn "good time" credit is due to be denied.

11

## CONCLUSION

Based on the foregoing, Robinson is due no relief on his claims.

        Respectfully submitted,

        Troy King, ID #KIN047
        *Attorney General*
        By-

        <u>s/Nancy M. Kirby</u>
        Nancy M. Kirby ID #KIR031
        *Deputy Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>17th</u> day of September, 2007, I electronically filed the foregoing Supplemental Answer with the Clerk of the Court using the CM/ECF; and I hereby certify that I have mailed by United States Postal Service the foregoing to the following non-CM/ECF participants: <u>James Lenwood Robinson, AIS #121865, 1290 Red Eagle Road A-10, Montgomery, AL 36110</u>.

        Respectfully submitted,

        <u>s/Nancy M. Kirby (KIR031)</u>
        Nancy M. Kirby (KIR031)
        Office of the Attorney General
        Alabama State House
        11 South Union
        Montgomery, AL  36130-0152
        Telephone: (334) 242-7300
        Fax: (334) 242-2848
        E-Mail: <u>nancykirbylaw@bellsouth.net</u>

316280/102559-001