IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES L. ROBINSON, #121865, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:06-CV-1061-MHT |
| | ) | |
| JAMES DELOACH, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by James L. Robinson ["Robinson"], a state inmate, on November 27, 2006. In this petition, Robinson complains that he has been denied equal protection based on the length of his sentences because (i) he is not eligible for resentencing under *Ala. Code* § 13A-5-9.1 even though he is a non-violent offender since his sentences are neither life nor life without parole, and (ii) he has been denied eligibility for correctional incentive time as the sentences imposed upon him are greater than 15 years.[1]

The respondents filed a third supplemental answer on September 17, 2007 in which they argue that the present habeas corpus petition is due to be denied because the claims raised therein provide no basis for relief to Robinson. Specifically, the respondents

---

[1] Robinson is currently incarcerated on convictions imposed upon him by the Circuit Court of Houston County, Alabama for possession of a forged instrument, breaking and entering an automobile (2 counts), and second degree forgery (2 counts). The trial court sentenced Robinson as a habitual offender to 25 years imprisonment on these convictions.

maintain that to the extent Robinson challenges the directives of state law rendering him ineligible for sentence reconsideration and correctional incentive time he is entitled to no relief as the eligibility criteria are purely matters "of state law and, as such, provide[] no basis for federal habeas corpus relief.  *See Carrizales [v. Wainwright]*, 699 F.2d [1053,] 1055 [11th Cir. 1983]." *Curry v. Culliver*, 141 Fed.Appx. 832, 834 (11th Cir. 2005).  The respondents further argue that Robinson's equal protection claims challenging denials of sentence reconsideration and correctional incentive time based on the length of his sentence entitle him to no relief as he has not identified any similarly situated inmates. i.e., inmates sentenced outside the eligibility criteria, who received more favorable treatment nor has he demonstrated that the differential treatment occurred due to invidious discrimination by the State.

    Accordingly, it is

    ORDERED that on or before October 8, 2007 the petitioner may file a response to the third supplemental answer filed by the respondents.  Any pleadings, documents or evidence filed after this date will not be considered by the court except in exceptional circumstances.  The petitioner is advised that at any time after October 8, 2007 the court shall "determine whether an evidentiary hearing is required.  If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the petition as justice shall require."  Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

The petitioner is instructed that when responding to the respondents' third supplemental answer he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts which demonstrate that the petitioner is entitled to relief on those grounds presented in the habeas corpus petition. If documents which have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When the petitioner attacks the respondents' third supplemental answer by use of affidavits or other documents, the court will, at the proper time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

Done this 18th day of September, 2007.

      /s/ Wallace Capel, Jr.
WALLACE CAPEL
UNITED STATES MAGISTRATE JUDGE