IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES L. ROBINSON

    PETITIONER

VS.                                                                CASE NO. 1:06-CV-1061-MHT

JAMES DELOACH

    RESPONDENTS

_____/

### ANSWER BY ROBINSON TO SUPPLEMENTAL RESPONSE FILED BY RESPONDENTS

Comes now James Robinson and pursuant to the Honorable Judge Order, dated September 18, 2007, and the applicable Rules of Habeas Corpus, Robinson shows the following for the claims to be considered and decided in Federal Court.

1. Respondents first requested this Court to dismiss and deny Robinson because Robinson did not bring his claims before Alabama Supreme Court.

2. Robinson proved and established that it was State Of Alabama who denied Robinson's claims from going before Alabama Supreme Court.

### FACTUAL ISSUES PRESENTED

Robinson's claims pending before Federal Court pursuant to 28 USC Sec. 2254 are clearly United States Constitutional claims. Robinson raised the U.S. Constitutional violations which exist before State Court, and at no time, nor by

any ruling has Alabama made any findings of facts to the specific United States Constitutional violations which were presented. The 14th Amendment Equal Protection Clause, State Court did not address, nor is there any ruling by State Court on specific well understood issues which merits relief by these United States.

Respondents aver that Robinson is not entitled to relief because, the issues are State Law questions. However, the full facts stand Robinson's claims are more than a mere State Law question to be decided.

1. Code Of Alabama 1975 Section 13A-5-9 clearly has mandatory language which applies to Robinson and all others from the Class Of Habitual Offenders. The words spoken, [M]ust, and in [A]ll cases. It is mandatory that all who came under the HFOA [M]ust be sentenced by mandatory application.

2. When Alabama amended 13A-5-9.1, and granted resentencing for Habitual Offenders. The words apply to all Non-Violent Habitual Offenders.

3. When Alabama resentence Class A and Class B, Alabama then made it a full right for all who are Non-Violent to have the same provisions by law. 13A-5-9.1 comes from 13A-5-9, a full mandatory Statute.

4. Robinson has not merely raised a question under resentencing in State Court, Robinson clearly presented a United States Constitutional violation which deprive Robinson of clear 14th Amendment U.S. Constitutional rights. Robinson's issue the State Court waived and refused to answer based on the merits.

5. Robinson has identified similiarly situated inmates. All Habitual Offenders are

members of a [C]lass. A specific [C]lass of inmates who are clearly defined.

## DEFINITION FOR CLEAR FACTUAL PROOF

1. Webster's New World Dictionary 2d- <u>Class</u>- a number of people or things grouped together because of certain likenesses, kind; sort.

2. Black's Law Dictionary 8th Edition (2007)- Class- A group of people, things, qualities, or activities that have common charactertistics or attributes.

## LEGAL DEFINITION AND EXAMPLES OF CLASS

1. <u>BROOKS V. STATE,</u> 622 SO.2d 447 (Ala. Crim. App. 1993) "<u>The legislature did not, however narrow the [C]lass of prisoners qualified for sentence reduction benefits by excluding sex offenders as a [G]roup from good time eligibility instead the 1991 amendment broadened the [C]lass of prisoners who could earn good-time benefits.</u>

2. Code Of Alabama 1975 Section 13A-5-9 Repeat or Habitual Offenders; Generally. 13A-5-9(a) In all cases when it is shown that a criminal defendant has been previously convicted of a felony and after the conviction has committed another felony, he or she [M]ust be punished as follows:

3. <u>RICKETT V. JONES,</u> 901 F.2d 1058, 1061 (11th Cir. 1990) The Court stated: "It is clear that if the [S]tate applied the HFOA to Rickett while knowingly and deliberately failing to apply it to [S]imilarly situated defendants its policy would be irrational in the purest sense of the word. <u>Not only would such [U]nequal treatment be "wholly irrelevant" to the law's [G]oal, it would actually defeat it."</u>

4. <u>FUND, INC. V. JOLLY,</u> 709 SO.2d 1230 (Ala. Civ. App. 1997) The Court held:

"The guarantee of equal protection prohibits [C]lass legislation arbitrarily discriminatory against some and favoring others in like circumstances."

## ARGUMENT AND FACTS

The undisputed facts remain that State of Alabama waived Robinson's United States Constitutional claims in State Court, and would not address the 14th Amendment violations which Robinson has shown under 13A-5-9.1. It is even more factual that this Court has had a full history of holding evidentiary hearings under clear United States Constitutional claims dealing with Alabama Habitual Offender Statute. In JONES V. WHITE, 992 F.2d 1548 (11th Cir. 1993) The Court held that the word [M]ust is mandatory under the HFOA. The Court further held that HFOA applies to all defendants. This Court further held that State Court must follow their own rules. Robinson has been tossed about by State Court, denied any set of written facts for the 14th Amendment violations, and retaliated against by State Officals for the United States Constitutional claims now pending in this Habeas Corpus.

The facts are clear under both Statutes of law in Alabama. Equal protection violations do exist. Alabama decided to grant resentencing to Habitual Offenders by Non-Violent retroactive application. The granting of resentencing to Habitual Offenders by out right discrimination violates the United States 14th Amendment. 13A-5-9 made it perfectly clear that [A]ll Habitual Offenders [M]ust be sentenced by clear mandatory provisions. Granting resentencing under Life and life Without, and not granting all similiarly situated Habitual Offenders who had no choice, just

like Life and Life Without violates United States Constitution, we all came from the very same [C]lass whether Class A, Class B, or Class C, felony Offenders. We all received mandatory time, making no difference whether it be Life, 15, 25, 50, or 99 Years, it was all mandatory by Habitual Offender Law. Class A, Class B, and Class C. If Alabama did not intend for Habitual Offenders to receive mandatory time, then why did they use the word [M]ust in the statute.

Respondent's answer avers that 13A-5-9.1 applies to only (2) Two Classes of Habitual Offenders. See exhibit # 1. 13A-5-9.1 Nowhere can you find the words which says, only life and life without. The words are clear: "The provisions of Section 13A-5-9 [S]hall be applied retroactively........of [E]ach [N]onviolent convicted offender.. Robinson comes within the Class for resentence, where it can't be denied 13A-5-9 applied to all by HFOA, for prior convictions.

## LEGAL OBJECTION TO CASES CITED BY RESPONDENTS

Respondents aver that Robinson is due no relief in Federal Court. State by Respondent's answer is incorrect. CURRY V. CULLIVER, 141 Fed. Appx. 832 (11th Cir. 2005) Curry raised a mere question of State law, with a mere issue of being denied consideration. The Court held that Curry had not exhaust his State remedies, and that Curry had no Federal basis for relief. Robinson's petition is totally different, (1) Robinson has exhausted State Court remedy, (2) Robinson has issues under the 14th Amendment U. S. Constitution, and (3) State Court did not address the Federal violations which Robinson placed in State Court.

Robinson has met the burden which United States Supreme Court would require under Equal Protection Claim. See <u>PERSONNEL ADM'R V. FEENEY</u>, 442 U.S. 256, 273, 99 S. CT. 2282, 60 L.Ed. 2d. 870 (1979) Respondents are intentionally

and purposefully discriminating against Robinson and others in direct violation of their very own written laws of the State Of Alabama. The Alabama Prisons are in violation of U.S. Constitution, and this is known before this Court, where State of Alabama swore to get Alabama Prisons in compliance since 1980. Respondents in October 1991, amended 14-9-41(e) to grant awarding CIT Good Time to Habitual Offenders knowing at all times, awarding just a few inmates would not relieve the over-crowded conditions. Respondents full intent was to keep Alabama Prisons in violation of U.S. Constitution, sworn to before Federal Court Officals. The discrimination exist, and Respondents have full knowledge that it exist. Respondents violate their own written laws to continue to discriminate against Robinson to violate Robinson's equal protection rights under the 14th Amendments.

Robinson by exhibit # 2. An offical time sheet of inmate Solomon Sosanya AIS # 233566A. Sentenced from Montgomery County, Alabama for Trafficking in Cocaine, and sentenced to 10 Years. ADOC by AIS number clearly states that this is the second prison term. ADOC by time sheet awards CIT Good Time. Alabama by Statute 14-9-41(e) Class A inmates are barred from CIT Good Time. Alabama by criminal code defines Trafficking in Cocaine as a Class A felony. Respondents are clearly giving CIT Good Time to Habitual Offenders, giving CIT Good Time to Class A inmates, and are out-right violating the Constitution of these United States in awarding CIT Good Time, and Resentencing inmates under 13A-5-9.1

and doing so intentionally, knowingly and purposefully. Federal Habeas Corpus relief exist to resolve the Constitutional claims. Federal Court has complete and Constitutional authority of these claims.

The facts still remain that Respondents acts are done with intent, knowing, willfully, and purposefully. ACT 80-446 said, and to provide no Habitual Offender could earn a deduction from sentence. Do respondents have the knowledge that a Class C inmate with 3 priors, and sentenced for Burglary III. with 15 Years earns CIT Good Time. Yes they do. Respondents further know that Robinson with a Class C Burglary III and use of 3 priors with 25 Years earns no CIT Good Time. The only difference being a sentence number alone. Respondents know they are discriminating at all cost. Respondents know that OYLER V. BOLES, 368 U.S. 448 456, 82 S. Ct. 501, 506 7 L. Ed.2d 446 (1962) Respondent's Statute violates the 14th Amendment, 13A-5-9.1 and 14-9-41(e). Respondents know that, Robinson is in the same class as the same to whom they award CIT Good Time and EOS with earn deductions being applied. Respondents know that they have discriminated, and they continue a full purposefully plan to violate the 14th Amendment of these United States.

A full hearing is due in Federal Court to allow both sides to put own evidence, present documents and exhibits, and resolve the issues which are clearly United States Constitution Violations waived by State Court.

Respectfully

JAMES ROBINSON
1290 RED EAGLE ROAD
MONTGOMERY, AL. 36110
10-15-07

CERTIFICATE OF SERVICE

I do hereby certify and say that I have served the Attorney General with a copy of the same. Address as follows:

NANCY M. KIRBY
OFFICE OF ATTORNEY GENERAL
11 SOUTH UNION STREET
MONTGOMERY, AL. 36130-0152

Done this 1st Day of October, 2007. Placed in the hands of ADOC Officals for proper mailing. By my signature below.

JAMES ROBINSON

#1

### § 13A-5-9.1. Retroactive application of Section 13A-5-9.

The provisions of Section 13A-5-9 shall be applied retroactively by the sentencing judge or presiding judge for consideration of early parole of each **nonviolent** convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the court.

**History.** Acts 2001, 3rd Sp. Sess., No. 01-977.

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

ALABAMA DEPARTMENT OF CORRECTIONS
INMATE SUMMARY AS OF 4/26/2007

BL-675
#2

AIS: 00235566A   INMATE: SOSANYA, SOLOMON ASHALE   RACE: B   SEX: M

INST: C17 - KCC   DORM: 60   JAIL CR: 000Y 00M 04D

DOB: 08/15/1962   SSN: 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

ADM DT: 02/23/2007 DEAD TIME: 000Y 00M 00D

ADM TYP: NEW COMMIT FROM CRT W/O REV OF   STAT: NEW COMMIT FROM CRT W/O REV OF

CURRENT CUST: MED-4   CURRENT CUST DT: 04/26/2007   PAROLE REVIEW DATE - NONE -

SECURITY LEVEL: NO CLASSIFICATION RECORD FOUND

SERVING UNDER ACT 40 LAW IN CLASS III   CURRENT CLASS DATE: 03/27/2007
INMATE IS EARNING : EARNS 20 DAYS FOR EACH 30 SERVED

COUNTY         SENT DT   CASE NO   CRIME                          JL-CR    TERM
MONTGOMERY    02/23/07  NO6000101  TRAF COCAINE 28 - 500 GRAM    000Y 000M 10Y 00M 00D
       ATTORNEY FEES : $000000          HABITUAL OFFENDER : Y
       COURT COSTS   : $000599          FINES : $050000   RESTITUTION : $003700

TOTAL TERM      MIN REL DT       GOOD TIME BAL     GOOD TIME REV     LONG DATE
10Y 00M 00D     05/04/2010       000Y 00M 15D      000Y 00M 00D      02/15/2017

INMATE LITERALS

DETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS

ESCAPEE-PAROLEE SUMMARY

    INMATE CURRENTLY HAS NO PAROLE RECORDS

    INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

    INMATE HAS NO ESCAPES FROM ADOC SINCE OBSCIS RECORDING 0

DISCIPLINARY/CITATION SUMMARY

    INMATE CURRENTLY HAS NO DISCIPLINARY/CITATION RECORDS

Case 1:06-cv-01061-MHT-WC    Document 41-2    Filed 10/16/2007    Page 1 of 5

IN THE UNITED STATES DISCTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DISTRICT

JAMES ROBINSON # 121865

    PLAINTIFF

VS.                          CASE NO. CV-06-1061-MHT

JAMES DELOACH, et, al;

    DEFENDANTS

_____/

## SWORN AFFIDAVIT OF JAMES ROBINSON

Comes now James Robinson and who first being duly sworn under oath, and acknowldge that all is true and correct by raising his right hand, and says the following :

I am James Robinson and being over the age of 21, and in sound mind and having full knowledge of the facts which are now before this Honorable Court.

The State of Alabama has discriminated against Robinson , and a clear U. S. 14th Amendment violation exist, which State of Alabama refused to address in any Court, and by all rulings which were entered.

(1). The State argures that based on <u>CURRY V. CULLIVER,</u> 141 Fed. Appx. 832 Robinson is not entitled to relief. The State's argument is that Federal Court has no jurisdiction, for a mere question of State law.

(2). Robinson refutes, and objects. The very case cited supports, that Robinson is entitled to Federal Habeas Corpus relief.

(A). Robinson's United States Constitutional claims were not address by Alabama State Court. The 14th Amendment violation which were raised are claims which Alabama Courts have address for others, and issued opinions under 14th Amendment U.S. violations. See <u>BROOKS V. STATE</u>, 622 SO.2d 447 (Ala. Crim. App. 1993). The Brooks decision clearly proves that Alabama is fully aware of the U.S. Violations which caused a Equal Protection Clause Federal Violation, and ruled that granting CIT Good Time to one Class of Sex Offenders and to discriminate against others similiar violated the 14th Amendment.

(B). Robinson's issues which are before the Honorable Judge are U.S. Federal Constitutional claims which are reviewable by Habeas

-2.-

Corpus, 28 USC Sec. 2254 in Federal Court.

Robinson has presented exhibits, case law, solid facts and proof that the U.S. 14th Amendment violations are to be heard in Federal Court. Robinson has shown and proved each argument raised by the State conflicts with Federal Laws, and that Robinson did not by pass any State Procedures to have Robinson's claims address. I pray that after careful review that the Honorable Judge will set this cause for a full hearing, and to appoint Counsel to represent Robinson in this matter.

Further at this time Robinson says no more.

Respectfully

*James Robinson*
JAMES ROBINSON

SWORN AND SUBSCRIBED TO BEFORE

ME THIS __13__ DAY OF __October__, 2007

_____
NOTARY

MY COMMISSION EXPIRES __7-20-2010__

CERTIFICATE OF SERVICE

I do hereby certify and say that I have served the Attorney General with a copy of the same. Address as follows:

NANCY M. KIRBY
OFFICE OF ATTORNEY GENERAL
11 SOUTH UNION STREET
MONTGOMERY, AL. 36130-0152

Done this 15 Day of October, 2007. Placed in the hands of ADOC Officals for proper mailing. By my signature below.

JAMES ROBINSON

JAMES ROBINSON
#129865 A-51A
1290 RED EAGLE ROAD
MONTGOMERY, AL. 36110

LEGAL MAIL.

FEDERAL COURT
CLERK OFFICE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT
P.O. BOX 711
MONTGOMERY, AL. 36101

LEGAL MAIL.